Richard J. Grabowski (State Bar No. 125666)
Ryan D. Ball (State Bar No. 321772)
Jack Williams IV (State Bar No. 309154)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California  92612
Tel:  949.851.3939
Fax:  949.553.7539
Email: rgrabowski@jonesday.com
Email: rball@jonesday.com
Email: jackwilliams@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE ABBINK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>Hon. John F. Walter<br><br>**JOINT STATEMENT REGARDING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RULE 12(b)(6) MOTION TO DISMISS**<br><br>Complaint filed:  June 21, 2019 |

Pursuant to Civil Local Rule 7-3 and this Court's Standing Order, Defendant Experian Information Solutions, Inc. ("Experian") and Plaintiff Bryce Abbink ("Plaintiff"), by and through their respective counsel, hereby submit this joint statement regarding their meet and confer efforts with respect to Experian's forthcoming motion to dismiss pursuant to Federal Rule 12(b)(6) (the "Motion").

On July 25, 2019, Experian's counsel, Jack Williams IV, Experian's lead counsel, Ryan D. Ball, and Plaintiff's lead counsel, Taylor T. Smith, participated in a conference call to discuss the Motion.  The call lasted approximately 45 minutes, during which the parties discussed their respective positions.  Specifically, Plaintiff's counsel confirmed that Counts I and II of the Complaint (ECF No. 1) are the operative

counts against Experian, and counsel for Experian confirmed its understanding of Plaintiff's allegations, which concern three alleged willful violations of the Fair Credit Reporting Act, ("FCRA"): (1) that Experian violated 15 U.S.C. § 1681b(c) by furnishing a consumer report without a permissible purpose; (2) that Experian violated 15 U.S.C. § 1681b(c)(2) by providing information in a pre-screened consumer report that identifies the relationship between Plaintiff and a "particular creditor or other entity;" and (3) that Experian violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures to avoid furnishing a consumer report to a user who lacks a permissible purpose.

The principal source of disagreement between the parties concerns whether Plaintiff sufficiently alleged a willful violation of the FCRA. Relying on the Supreme Court's decision in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), Experian contends that Plaintiff has failed to sufficiently allege that Experian knowingly failed to comply with the requirements of the FCRA or that it acted in reckless disregard of those requirements. In response, Plaintiff contends that the allegations contained within the Complaint demonstrate a failure to adequately investigate the request for consumer reports submitted by Defendant Lend Tech Loans, Inc. ("Lend Tech"). While Experian conceded that such allegations might state claim for negligence—*i.e.*, that Experian failed to act reasonably—they fall short of establishing a willful violation. Despite a robust discussion, the Parties reached an impasse on this issue.

In addition, Experian contends that disclosing a consumer's total amount of student loan debt does not run afoul of § 1681b(c)(2)(C) because it does not identify Plaintiff's relationship with any particular servicer or creditor. In response, Plaintiff argued that disclosing federal student loan information violates § 1681b(c)(2)(C) because it identifies the relationship between the borrower and the U.S. Department of Education, the ultimate holder of all federal student loan debt. Both Parties acknowledged a lack of case law or regulatory guidance on the issue. As a result, Experian argued that Plaintiff could not establish that Experian's reading of the

statute, even if incorrect, was objectively unreasonable. In response, Plaintiff asserted that the statute is clear on its face. The parties reached an impasse on this issue.

Counsel for Plaintiff and Experian were unable to come to an agreement that the pleadings should be amended or that Experian should not seek dismissal on any of the grounds discussed above.

Pursuant to Local Rule 5-4.3.4, Ryan D. Ball hereby attests that the following signatories have authorized this filing.

Dated: July 30, 2019                Respectfully Submitted,

                                    JONES DAY

                                    By:  */s/ Ryan D. Ball*
                                           Ryan D. Ball

                                    *Attorneys for Defendant*
                                    *Experian Information Solutions, Inc*


Dated: July 30, 2019                Respectfully Submitted,

                                    WOODROW & PELUSO, LLC

                                    By:  */s/ Taylor T. Smith*
                                           Taylor T. Smith

                                    *Attorneys for Plaintiff*
                                    *Bryce Abbink and the Putative Classes*