Richard J. Grabowski (State Bar No. 125666)
Ryan D. Ball (State Bar No. 321772)
Jack Williams IV (State Bar No. 309154)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California  92612
Tel:  949.851.3939
Fax:  949.553.7539
Email: rgrabowski@jonesday.com
Email: rball@jonesday.com
Email: jackwilliams@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE ABBINK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*<br><br>Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>Hon. John F. Walter<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTION INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:        September 16, 2019<br>Time:       1:30 p.m.<br>Location: 7A<br><br>Complaint Filed: June 21, 2019 |

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 1

    I.     PRESCREENING AND THE FAIR CREDIT REPORTING ACT ........ 1

    II.    FACTUAL ALLEGATIONS ................................................................ 2

LEGAL STANDARD ........................................................................................ 4

ARGUMENT ..................................................................................................... 5

    I.     COUNT I FAILS TO STATE A CLAIM ............................................ 5

        A.  Experian Did Not Violate § 1681(b)(c)(1) ........................................ 5

        B.  Experian Did Not Violate § 1681e(a) ................................................. 7

        C.  Plaintiff Has Failed To Allege A Willful Violation ........................... 9

    II.    COUNT II FAILS TO STATE A CLAIM ........................................... 11

        A.  Experian Did Not Violate § 1681(b)(c)(2) ...................................... 12

        B.  Plaintiff Has Failed To Allege A Willful Violation ......................... 13

    III.   LEAVE TO AMEND SHOULD NOT BE GRANTED ........................ 14

CONCLUSION .................................................................................................. 15

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Page(s)**

4

C<small>ASES</small>

5

*Albrecht v. Lund,*

6

   845 F.2d 193 (9th Cir. 1988) ............................................................................ 14

7

*Ashcroft v. Iqbal,*

8

   556 U.S. 662 (2009) ................................................................................... 4, 5

9

*Balistreri v. Pacifica Police Dep't,*

10

   901 F.2d 696 (9th Cir. 1990) .............................................................................. 4

11

*Banga v. Experian Info. Sols., Inc.,*

12

   No. 09-cv-04867, 2013 WL 5539690 (N.D. Cal. Sept. 30, 2013) .......... 10, 13, 14

13

*Bell Atlantic Corp. v. Twombly,*

14

   550 U.S. 544 (2007) .......................................................................................... 4

15

*Braun v. Client Servs., Inc.,*

16

   14 F. Supp. 3d 391 (S.D.N.Y. 2014) ........................................................... 10, 11

17

*Cole v. U.S. Capital, Inc.,*

18

   389 F.3d 719 (7th Cir. 2004) ............................................................................. 2

19

*Davis v. HSBC Bank Nevada, N.A.,*

20

   691 F.3d 1152 (9th Cir. 2012) .......................................................................... 12

21

*DeSoto v. Yellow Freight Sys. Inc.,*

22

   957 F.2d 655 (9th Cir. 1992) ............................................................................ 14

23

*Dotzler v. Perot,*

24

   876 F. Supp. 207 (E.D. Mo. 1995) ..................................................................... 7

25

*Guimond v. Trans Union Credit Info. Co.,*

26

   45 F.3d 1329 (9th Cir. 1995) ............................................................................. 9

27

28

*Harris v. Database Mgmt. & Mktg., Inc.*,
    609 F. Supp. 2d 509 (D. Md. 2009) ................................................................. 2, 7

*Henderson v. Corelogic Nat'l Background Data, LLC*,
    161 F. Supp. 3d 389 (E.D. Va. 2016) .......................................................... 1, 6, 7

*Holley v. Crank*,
    400 F.3d 667 (9th Cir. 2005) .............................................................................. 8

*Ileto v. Glock, Inc.*,
    349 F.3d 1191 (9th Cir. 2003) ............................................................................ 5

*Kennedy v. Chase Manhattan Bank USA, NA*,
    369 F.3d 833 (5th Cir. 2004) ......................................................................... 2, 6

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .............................................................................. 5

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ......................................................................... 14

*McDonald v. Nelnet, Inc.*,
    477 F. Supp. 2d 1010 (E.D. Mo. 2007) ...................................................... 13, 14

*Mnatsakanyan v. Goldsmith & Hull APC*,
    No. 12-cv-4358, 2013 WL 10155707 (C.D. Cal. May 14, 2013) ................ 10, 11

*Monroe v. Guilford Cty. Dist. Court*,
    No. 15-cv-580, 2015 WL 4873002 (M.D.N.C. Aug. 13, 2015) ......................... 10

*Moss v. U.S. Secret Service*,
    572 F.3d 962 (9th Cir. 2009) .............................................................................. 5

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) .............................................................................. 4

*Perl v. Plains Commerce Bank*,
    No. 11-cv-7972, 2012 WL 760401 (S.D.N.Y. Mar. 8, 2012) ........................... 11

*Perrill v. Equifax Info. Servs., LLC*,
    205 F. Supp. 3d 869 (W.D. Tex. 2016) ................................................................ 14

*Pietrafesa v. First Am. Real Estate Info. Servs., Inc.*,
    No. 1:05-cv-1450, 2007 WL 710197 (N.D.N.Y. Mar. 6, 2007) ...................... 7, 9

*Premium Morg. Corp. v. Equifax Info. Servs., LLC*,
    No. 07-cv-6349, 2008 WL 4507613 (W.D.N.Y. Sept. 30, 2008) ........................ 6

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984) ............................................................................... 4

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) ..................................................................................... 10, 13

*Sarver v. Experian Info. Sols.*,
    390 F.3d 969 (7th Cir. 2004) ............................................................................... 9

*Schwartz v. Goal Financial LLC*,
    485 F. Supp. 2d 170 (E.D. N.Y. 2007) ....................................................... 13, 14

*Sheldon v. Experian Info. Sols., Inc.*,
    No. 08-cv-5193, 2010 WL 3768362 (E.D. Pa. Sept. 28, 2010) ........................ 14

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................................. 12

*Stergiopoulos v. First Midwest Bancorp, Inc.*,
    427 F.3d 1043 (7th Cir. 2005) ............................................................................. 1

*Thompson v. Davis*,
    295 F.3d 890 (9th Cir. 2002) ............................................................................... 5

## INTRODUCTION

Plaintiff Bryce Abbink ("Plaintiff") alleges that Experian willfully violated the Fair Credit Reporting Act ("FCRA") by furnishing his credit information to Lend Tech Loans, Inc. ("Lend Tech"), a purported mortgage lender, who allegedly lacked a permissible purpose and impermissibly re-sold his federal student loan information to Unified Document Services, LLC ("UDS"). Plaintiff's allegations, however, fail to state a claim against Experian. While Plaintiff claims that Experian should have uncovered certain "red flags" regarding Lend Tech's permissible purpose to access Plaintiff's consumer report, Plaintiff fails to sufficiently allege that Experian lacked reasonable procedures to ensure compliance with the FCRA. And, although Plaintiff alleges that Experian disclosed information beyond that permitted under the FCRA, his claim is undermined by the documents he incorporates into his complaint. In addition, Plaintiff's allegations fall woefully short of establishing that Experian acted either willfully or in reckless disregard of its obligations under the FCRA. Accordingly, Plaintiff's complaint against Experian must be dismissed in its entirety.

## BACKGROUND

### I.   Prescreening And The Fair Credit Reporting Act

The FCRA describes the circumstances under which a credit reporting agency ("CRA"), like Experian, may lawfully furnish a consumer report to a third party; these are called "permissible purposes." 15 U.S.C. § 1681b; *see also Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1045-46 (7th Cir. 2005). A CRA has a permissible purpose (and thus may lawfully) furnish a consumer report to "a person which it has reason to believe," among other things, "intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review or collection of an account of, the consumer," 15 U.S.C. § 1681b(a)(3)(A), or in connection with an unsolicited (*i.e.*, prescreen) credit transaction that "consists of a firm offer of credit," *id.* § 1681b(c)(1)(B).

This case concerns Experian's sale of prescreen credit reports to Lend Tech, a mortgage lender, who certified that it intended to offer consumers firm offers of credit. (Compl. at ¶ 48.) In prescreening, a user, such as a lender, or an agent acting on the lender's behalf, submits pre-selected credit criteria to a CRA, who returns a list of consumers who meet that criteria, called a prescreen list. *See Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839-41 (5th Cir. 2004)* (describing prescreening process); *see also Harris v. Database Mgmt. & Mktg., Inc., 609 F. Supp. 2d 509, 513 (D. Md. 2009).* The lender, in return, agrees to extend a firm offer of credit to all consumers who meet the preselected criteria. *Kennedy, 369 F.3d 839-41.* Prescreening is one of the few instances where the FCRA allows consumer credit information to be disclosed to a third party without the consumer's knowledge or consent. *Id.* Accordingly, inquiries associated with prescreening cannot be divulged to anyone but the consumer, cannot impact the consumer's credit score, and reveal limited information about the consumer. *See 15 U.S.C. § 1681b(c).* By allowing prescreening, Congress struck a balance between the consumer's right to privacy and the value a consumer receives from a firm offer of credit. *See Cole v. U.S. Capital, Inc., 389 F.3d 719, 725 (7th Cir. 2004)* ("Congress balanced any privacy concerns created by pre-screening with the benefit of a firm offer of credit or insurance for all consumers identified through the screening process."); *Harris, 609 F. Supp. 2d at 513* (citing *Trans Union Corp. v. F.T.C., 267 F.3d 1138, 1143 (D.C. Cir. 2001)*).

## II.   <u>Factual Allegations</u>

This case arises out of a solicitation Plaintiff purportedly received from UDS, advertising a student loan consolidation program. (*See* Compl., ECF No. 1.) The solicitation indicated that Plaintiff had approximately $78,500 of federal student loan debt, which Plaintiff claims Experian reported to Lend Tech on or around January 21. 2019. (*Id.* at ¶¶ 64-68, Ex. A.) On information and belief, Plaintiff alleges that Lend Tech sold or transmitted Plaintiff's credit information to UDS, who then sent Plaintiff the solicitation on January 25, 2019. (*Id.* at ¶¶ 31-32.) Notably, however,

1    Plaintiff does not allege that Experian had any interactions with UDS, or that it had

2    any knowledge that Lend Tech resold Plaintiff's credit information to UDS.

3        Plaintiff commenced this action on June 21, 2019, alleging that "Experian

4    willfully violated the FCRA by: (1) furnishing consumer reports regarding

5    consumers' personal student loan amounts to Lend Tech Loans absent any

6    permissible purpose, and (2) failing to conduct a reasonable inquiry into Lend Tech

7    Loans and its supposed permissible purpose prior to disclosing consumers'

8    information." (*Id.* at ¶ 2.) According to Plaintiff, Experian furnished his "consumer

9    report to Lend Tech Loans based on Lend Tech Loans [sic] representation that it

10   intended to use Plaintiff's consumer report for the purpose of a firm offer of credit or

11   insurance." (*Id.* at ¶ 48.) Yet, Plaintiff claims that Lend Tech never had any

12   permissible purpose to obtain Plaintiff's consumer report. (*Id.* at ¶ 49.) As such,

13   Plaintiff alleges that Experian willfully violated § 1681b(c)(1). (*Id.* at ¶ 51.)

14       Plaintiff further alleges that Experian should have known that Lend Tech

15   lacked a permissible purpose based on certain "red flags." (*Id.* at ¶ 56.) Specifically,

16   Plaintiff asserts that a reasonable investigation of Lend Tech would have uncovered

17   that Lend Tech—who held itself out as "a mortgage lender"—did not "possess any

18   license to conduct any financial services or mortgage lending or originating in the

19   State of California." (*Id.* at ¶ 53.) In addition, Plaintiff claims that Lend Tech

20   provided Experian with a nonworking telephone number and an outdated business

21   address. (*Id.* at ¶ 55.) Despite these "red flags," Plaintiff alleges that Experian

22   accepted Lend Tech's certification of its permissible purpose "at face value." (*Id.* at

23   ¶ 57.) As such, Plaintiff alleges that Experian willfully violated § 1681e(a) by: (i)

24   "failing to implement reasonable procedures to limit the furnishing of a consumer

25   report for a permissible purpose"; and (2) "failing to make a reasonable effort to

26   verify the identity of Lend Tech Loans and the supposed permissible purpose for

27   which the information was being sought." (*Id.* at ¶ 52.)

28

1        Lastly, Plaintiff alleges that Experian willfully violated § 1681b(c)(2) by

2  providing Lend Tech with Plaintiff's total outstanding federal student loan debt. (*Id.*

3  at ¶ 65.) According to Plaintiff, the "total sum of federal student loan debt directly

4  identifies the relationship or experience of Plaintiff" to the "U.S. Department of

5  Education" (the "USDE") because the USDE owns all federal student loan debt. (*Id.*

6  at ¶ 66.) As such, Plaintiff alleges that Experian willfully violated § 1681b(c)(2) by

7  identifying the relationship between Plaintiff and a particular creditor—*i.e.*, the

8  USDE. (*Id.* at ¶ 67.)

9        Based on these purported willful violations, Plaintiff seeks to represent a

10  nationwide class to recover "statutory damages, reasonable cost and attorneys' fees,

11  and such other relief as the Court deems necessary." (*Id.* at ¶¶ 61, 70.) Notably,

12  however, Plaintiff does not allege that he suffered any actual damages as a result of

13  Experian's purported misconduct.

14  **<u>LEGAL STANDARD</u>**

15        A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.

16  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on

17  either the lack of a cognizable legal theory or the absence of sufficient facts alleged

18  under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

19  699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534

20  (9th Cir. 1984). While a plaintiff need not give "detailed factual allegations," he must

21  plead sufficient facts that, if true, "raise a right to relief above the speculative level."

22  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

23        "To survive a motion to dismiss, a complaint must contain sufficient factual

24  matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "

25  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A

26  claim is facially plausible when the factual allegations permit "the court to draw the

27  reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In

28  other words, "the nonconclusory 'factual content,' and reasonable inferences from

1    that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

2    *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether

3    a complaint states a plausible claim for relief will . . . be a context-specific task that

4    requires the reviewing court to draw on its judicial experience and common sense."

5    *Iqbal*, 556 U.S. at 679.

6        In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume

7    the truth of all factual allegations and construe all inferences from them in the light

8    most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th

9    Cir. 2002). However, legal conclusions need not be taken as true merely because they

10   are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200

11   (9th Cir. 2003). When ruling on a motion to dismiss, the Court may consider the facts

12   alleged in the complaint, documents attached to the complaint, documents relied

13   upon but not attached to the complaint when authenticity is not contested, and matters

14   of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668,

15   688-89 (9th Cir. 2001).

16                                    **ARGUMENT**

17   **I.    Count I Fails To State A Claim**

18       Plaintiff's first cause of action centers on his contention that Experian willfully

19   violated the FCRA by furnishing his credit report to Lend Tech based on Lend Tech's

20   representation that it intended to issue firm offers of credit. (Compl. at ¶ 48.)

21   Plaintiff's claim, however, is undermined by his own allegations—which do not

22   establish any violation of the FCRA, much less a willful one—and must therefore be

23   dismissed.

24   **A.    Experian Did Not Violate § 1681(b)(c)(1)**

25       Plaintiff alleges that Experian willfully violated § 1681b(c)(1) by furnishing

26   his prescreen consumer report to Lend Tech without a permissible purpose. (Compl.

27   at ¶ 51.) According to Plaintiff, Lend Tech never had "any permissible purpose to

28   obtain [his] consumer report" because "he did not have any relationship with Lend

MEMO ISO 12(b)(6) MOTION TO DISMISS
Case No. 8:19-cv-01257-JFW-PJWx

1   Tech Loans, has never conducted any business with Lend Tech Loans, and has never

2   provided any authorization to Lend Tech Loans to obtain his consumer report." (*Id.*

3   at ¶¶ 49-50.) But whether Plaintiff had a prior relationship with Lend Tech, or

4   whether he authorized it to obtain his credit report, is irrelevant to § 1681b(c)(1).

5           As explained above, § 1681b(c)(1) governs the prescreening process, which

6   does not require a consumer's knowledge or consent to furnish a consumer report.

7   Rather, that section "permits a consumer reporting agency to furnish a creditor with

8   a consumer report in connection with a credit transaction not initiated by the

9   consumer if 'the transaction consists of a firm offer of credit.'" *Kennedy*, 369 F.3d

10  at 839-40 (quoting 15 U.S.C. § 1681b(c)(1)); *see also Premium Morg. Corp. v.*

11  *Equifax Info. Servs., LLC*, No. 07-CV-6349, 2008 WL 4507613, at *2 (W.D.N.Y.

12  Sept. 30, 2008) ("15 U.S.C. § 1681b(c) allows for the 'prescreening' of credit

13  information: a practice which allows a credit reporting agency to furnish a consumer

14  report in connection with any credit transaction that is not initiated by the consumer

15  provided, inter alia, that the consumer has not elected to be excluded from such

16  offers, and the lending agency uses the information furnished by the reporting bureau

17  to make 'a firm offer of credit' to the consumer.").

18          Plaintiff's allegations concede that Experian furnished Plaintiff's consumer

19  report based on Lend Tech's "representation that it intended to use [the] report for

20  the purpose of a firm offer of credit." (Compl. at ¶ 48.) Thus, Experian had reason to

21  believe it was furnishing Plaintiff's consumer report in accordance with

22  § 1681b(c)(1). *See Henderson v. Corelogic Nat'l Background Data, LLC*, 161 F.

23  Supp. 3d 389, 397 n.7 (E.D. Va. 2016) ("[T]o show that a report was 'furnished' for

24  a permissible purpose. . . a CRA need only show that it had 'reason to believe' that

25  the report would be used for that purpose, and obtained appropriate certifications

26  from its customers that the report would be used only for that purpose." (collecting

27  authority)). That Lend Tech may have ultimately used Plaintiff's report for an

28  impermissible purpose is not relevant in determining whether Experian violated

MEMO ISO 12(b)(6) MOTION TO DISMISS
Case No. 8:19-cv-01257-JFW-PJWx

1   § 1681b. *See Harris*, 609 F. Supp. 2d at 514 ("[Plaintiff] argues that [CRA] violated

2   Section 1681b by selling information from [plaintiff's] consumer report to

3   NameSeeker, which NameSeeker did not use for transactions involving firm offers

4   of credit. However, NameSeeker's ultimate use of [plaintiff's] information is not

5   determinative of [CRA's] liability under the statute."). Indeed, Plaintiff "conflates

6   the purpose for which a report is furnished and the purpose for which it is used."

7   *Henderson*, 161 F. Supp. 3d at 397 n.7. Only the former is relevant for purposes of

8   § 1681b. *Id.*

9        Here, Plaintiff does not allege any facts showing that Experian had any

10   knowledge that Lend Tech was not issuing firms offers of credit or that it was

11   reselling Plaintiff's information to UDS. In fact, Plaintiff does not even allege that

12   he never received a firm offer of credit from Lend Tech. Because Experian had reason

13   to believe that Lend Tech possessed a permissible purpose to obtain prescreen credit

14   reports, Experian did not violate § 1681(b)(c)(1).

15       **B.   Experian Did Not Violate § 1681e(a)**

16       Plaintiff's claim also fails because he has not sufficiently alleged that Experian

17   lacked reasonable procedures to ensure compliance with § 1681b. "Courts have held

18   that '[t]he fact that a consumer report is furnished for an impermissible purpose ...

19   does not result in automatic liability. Liability is imposed only when the consumer

20   reporting agency either willfully or negligently fails to maintain reasonable

21   procedures to avoid violations of, i.e., § 1681b.'" *Dotzler v. Perot*, 876 F. Supp. 207,

22   208 (E.D. Mo. 1995) (quoting *Dobson v. Holloway*, 828 F. Supp. 975, 977 (M.D. Ga.

23   1993)); *Pietrafesa v. First Am. Real Estate Info. Servs., Inc.*, No. 1:05-cv-1450, 2007

24   WL 710197, at *3 (N.D.N.Y. Mar. 6, 2007) (same). Section 1681e(a) mandates that

25   CRAs implement reasonable procedures to ensure compliance with § 1681b,

26   including procedures requiring "prospective users of the information [to] identify

27   themselves, certify the purposes for which the information is sought, and certify that

28   the information will be used for no other purpose." 15 U.S.C. § 1681e(a). In addition,

1    "[e]very consumer reporting agency shall make a reasonable effort to verify the
2    identity of a new prospective user and the uses certified by such prospective user
3    prior to furnishing such user a consumer report." *Id.*

4          Plaintiff does not allege that Experian failed to verify the identity of Lend Tech
5    when it first began transmitting prescreens. Instead, Plaintiff concedes that Experian
6    obtained Lend Tech's certification of its permissible purpose prior to furnishing
7    prescreen reports. (Compl. at ¶ 48.) In fact, Plaintiff fails to identify a single process
8    or procedure Experian lacked, or failed to follow, in evaluating whether Lend Tech
9    had a permissible purpose. Instead, Plaintiff alleges that Experian violated § 1681e(a)
10   by failing to uncover that Lend Tech did "not possess any license to conduct any
11   financial services" (Compl. at ¶ 54), and that it disclosed on Plaintiff's personal
12   consumer report "a nonworking telephone number and business address that does not
13   match the current address on its California business filing" (*id.* at ¶ 55). But neither
14   of these purported failures establishes that Experian lacked reasonable procedures to
15   ensure that Lend Tech had a permissible purpose under § 1681b.

16         Plaintiff alleges that a review of "the National Multistate Licensing System
17   ("NMLS") as well as the California Department of Business Oversight license
18   system" would have revealed that Lend Tech did "not possess any license whatsoever
19   to engage in mortgage lending." (Compl. at ¶ 7.) But this is no red flag at all, as it is
20   Lend Tech's designated broker who would have been listed under the NMLS and
21   California's license system, not Lend Tech. *See Holley v. Crank*, 400 F.3d 667, 671
22   (9th Cir. 2005) ("In California, a corporation may hold a real estate broker's license,
23   but only if it designates an officer who is qualified to hold a broker's license to serve
24   as officer/broker of the corporation." (citing Cal. Bus. & Prof.Code §§ 10158 and
25   10211)). Indeed, "[t]he designated officer/broker, not the corporate entity itself, is
26   charged with the responsibility to assure corporate compliance with the real estate
27   law." *Id.* at 672 (citing *Norman v. Dep't. of Real Estate*, 93 Cal. App. 3d 768, 776-
28   77 (1979)). Because Plaintiff does not (and cannot) allege that Lend Tech failed to

1   work through a designated broker, his claim based upon Lend Tech's lack of a license
2   in its name fails as a matter of law.

3          Plaintiff's claims regarding Lend Tech's allegedly outdated address and
4   nonworking telephone number fare no better. Plaintiff does not allege when Lend
5   Tech's address became outdated or its telephone stopped working, much less that
6   those facts existed at the time Experian verified Lend Tech's identity and permissible
7   purpose. Indeed, Plaintiff does not explain how either of these facts demonstrates that
8   Experian failed to comply with its obligations under § 1681e(a), including its
9   obligation to verify the identity of Lend Tech when it was a new prospective user
10  and obtain Lend Tech's certification prior to furnishing prescreen reports. Experian
11  is not required to verify Lend Tech's permissible purpose each time it obtained
12  prescreen credit reports. *See Pietrafesa v. First Am. Real Estate Info. Servs., Inc.*, No.
13  *1:05-CV-1450, 2007 WL 710197, at \*4 (N.D.N.Y. Mar. 6, 2007)* ("It would be
14  unreasonable to require credit reporting agencies processing a high number of
15  requests to independently investigate each and every request to determine its
16  legitimacy." (citing *Boothe v. TRW Credit Data*, 557 F. Supp. 66, 71 (S.D.N.Y.
17  1982)). If Lend Tech's address and phone number became outdated, it does not
18  establish that Experian lacked reasonable procedures to ensure that Lend Tech had a
19  permissible purpose.

20         Accordingly, because Plaintiff fails to sufficiently allege that Experian lacked
21  reasonable procedures to ensure compliance with § 1681b, Plaintiff has failed to state
22  a claim under § 1681e(a).

23         **C.   Plaintiff Has Failed To Allege A Willful Violation**

24         Even if the Court finds that Plaintiff has sufficiently alleged a violation of
25  either § 1681b(c)(1) or § 1681e(a), Plaintiff's first cause of action must still be
26  dismissed for failing to plausibly allege that Experian acted willfully. "The FCRA
27  does not impose strict liability." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d
28  1329, 1333 (9th Cir. 1995); *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th

1   Cir. 2004). Rather, liability is imposed only when the CRA either willfully or

2   negligently fails to maintain reasonable procedures to avoid improper disclosures.

3   See *Banga v. Experian Info. Sols., Inc.*, No. 09-cv-04867, 2013 WL 5539690, at *6

4   (N.D. Cal. Sept. 30, 2013) ("The FCRA imposes civil liability on any consumer

5   reporting agency which is either negligent or willful in failing to comply with any

6   requirement imposed under the FCRA. 15 U.S.C. §§ 1681n, 1681o."). Because

7   Plaintiff does not make any claim for actual damages, plaintiff must allege a willful

8   violation. *See* 15. U.S.C. § 1681o; *see also Braun v. Client Servs., Inc.*, 14 F. Supp.

9   3d 391, 397 (S.D.N.Y. 2014) ("[A] complaint alleging a claim for negligent violation

10  of the FCRA under § 1681o must allege actual damages.").

11          An FCRA violation is willful where it is made either knowingly or with

12  reckless disregard for the requirements imposed under the Act. *See Safeco Ins. Co.*

13  *of Am. v. Burr*, 551 U.S. 47, 56-60 (2007). A CRA acts in "reckless disregard" for

14  purposes of the FCRA where its actions involve "an unjustifiably high risk of harm

15  that is either known or so obvious that it should be known." *Id.* at 68 (internal

16  quotation marks omitted). "In order to survive a motion to dismiss, the plaintiff's

17  complaint must allege specific facts as to the defendant's mental state . . . . Merely

18  stating that the violation was 'willful' or 'negligent' is insufficient." *Monroe v.*

19  *Guilford Cty. Dist. Court*, No. 1:15CV580, 2015 WL 4873002, at *1–2 (M.D.N.C.

20  Aug. 13, 2015) (quoting *Braun*, 14 F. Supp. 3d at 397 (collecting cases)); *see also*

21  *Mnatsakanyan v. Goldsmith & Hull APC*, No. 12-cv-4358, 2013 WL 10155707, at

22  *7 (C.D. Cal. May 14, 2013) (dismissing willfulness claim where plaintiff failed to

23  allege facts showing defendant's "state of mind" in procuring plaintiff's consumer

24  report).

25          Plaintiff's complaint is devoid of any factual allegations concerning

26  Experian's state of mind or its knowledge that Lend Tech was not using the prescreen

27  reports for their intended purpose. Indeed, there is not a single allegation that

28  Experian had any indication that Lend Tech did not send firm offers of credit or that

MEMO ISO 12(b)(6) MOTION TO DISMISS
Case No. 8:19-cv-01257-JFW-PJWx

it was reselling consumers' information to UDS. Rather, Plaintiff makes only generic and conclusory statements regarding the FCRA and Experian's sale of "consumer reports to businesses, such as Lend Tech." (Compl. at ¶ 59.) This is not sufficient to state a willfulness claim under § 1681n. *See* Braun, 14 F. Supp. 3d at 398 (dismissing plaintiff's willfulness claim because it was pleaded in conclusory fashion, and amount[ed] to nothing more than a formulaic recitation of the elements of a cause of action . . . . Defendant's conduct could just as likely have been unintentional."); *Mnatsakanyan*, 2013 WL 10155707, at *7 (dismissing plaintiff's willfulness claim because the complaint did "not allege that [defendant] knew it lacked a permissible reason for making a credit inquiry at the time it inquired"); *see also Perl v. Plains Commerce Bank*, No. 11-cv-7972, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (dismissing plaintiff's willfulness claim, despite plaintiff sufficiently alleging that defendant "lacked a permissible purpose," because "plaintiff's assertion that defendant's state of mind in doing so was willful is conclusory"). Indeed, "it is just as possible, based on the factual allegations, that [Experian] made an innocent mistake." *Perl*, 2012 WL 760401, at *2.

Accordingly, because Plaintiff has failed to sufficiently plead facts that would "permit the Court to infer more than the mere possibility of misconduct," *id.*, Plaintiff's claim that Experian willfully violated the FCRA by furnishing prescreen reports to Lend Tech must be dismissed.

## II.   Count II Fails To State A Claim

Plaintiff's second cause of action centers on his contention that Experian willfully violated the FCRA by disclosing his total federal student loan debt on the prescreen report sold to Lend Tech. (Compl. at ¶¶ 64-68.) As with his first cause of action, Plaintiff's second cause of action distorts the requirements of the FCRA and fails to state any claim against Experian, much less a willful violation.

### A.   Experian Did Not Violate § 1681(b)(c)(2)

Plaintiff alleges that Experian willfully violated § 1681b(c)(2) by informing Lend Tech of his total outstanding federal student loan debt. Under § 1681b(c)(2), the information an Experian customer can receive in a prescreen report is limited to the name and address of the consumer, an identifier not unique to the consumer that is used by the consumer reporting agency's customer solely for verifying the identity of the consumer, and other information pertaining to the consumer that does not identify the relationship or experience of that consumer with respect to a particular creditor. 15 U.S.C. § 1681b(c)(2). Plaintiff, however, does not allege that Experian provided any prescreen report identifying any particular creditor or entity. Rather, Plaintiff alleges that Experian's disclosure of his total federal student loan information implied a relationship between him and the USDE because the USDE owns all federal student loan debt. (Compl. at ¶¶ 65-67.) Plaintiff is mistaken.

Although the USDE may ultimately backstop all federal student loan debt, a consumer does not have a direct credit relationship with the USDE. Rather, as the article Plaintiff cites in his complaint demonstrates (Compl. at ¶¶ 13, 32),[1] the USDE "contracts with loan servicers who handle the billing and other services on [borrowers'] federal student loans." (RJN Ex. 1.) There are currently ten different loan servicers for federally held loans. (*See* RJN Ex. 2.) These entities work with borrowers "on repayment plans and loan consolidation and will assist [borrowers] with other tasks related to your federal student loan." (*Id.*) In other words, servicers are the entities with whom borrowers have relationships, and who report information

---

[1] The Court may appropriately consider this document through the doctrine of incorporation by reference. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("[C]ourts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading. . . . A court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).") (quotation marks and citations omitted). Notably, a "court need not ... accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

to Experian. Because Plaintiff does not (and cannot) allege that Experian disclosed his relationship with any particular servicer of his student loans, he cannot plausibly claim that Experian's disclosure of his aggregate federal student loan debt ran afoul of § 1681b(c)(2).

### B.    Plaintiff Has Failed To Allege A Willful Violation

Even if Experian's disclosure of federal student loan debt did somehow disclose the relationship of Plaintiff with a particular creditor, Plaintiff has not (and cannot) plausibly allege that Experian's violation of § 1681b(c)(2) was willful. As explained above, to plausibly plead a willful violation, a consumer must allege that the defendant violated the FCRA either knowingly or recklessly. *Safeco*, 551 U.S. at 57. A CRA's conduct can be considered reckless if it "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. A defendant that violates the FCRA based on an erroneous, but objectively reasonable, reading of the statute does not act recklessly. *Id.* To determine whether a defendant's reading was objectively reasonable, courts may consider the text of the Act or "guidance from the courts of appeal or the Federal Trade Commission." *Id.* at 70.

Here, Plaintiff "does not cite any statutory language or any guidance from the courts of appeal or the Federal Trade Commission that renders Experian's reading of the FCRA objectively unreasonable." *Banga*, 2013 WL 5539690, at *6. To the contrary, Plaintiff has already "acknowledged a lack of case law or regulatory guidance on the issue." (*See* ECF No. 24 at 2.) In fact, courts that have addressed prescreens in the context of student loan consolidation programs have never indicated that disclosing student loan information in the prescreening process runs afoul of § 1681b(c)(2). *See McDonald v. Nelnet, Inc.*, 477 F. Supp. 2d 1010, 1014-15 (E.D. Mo. 2007); *Schwartz v. Goal Financial LLC*, 485 F. Supp. 2d 170, 177-78 (E.D. N.Y. 2007). To the contrary, these decisions make clear that Congress intended

prescreening to occur in the context of student loans when it enacted the Higher Education Act ("HEA"), as a "consolidation loan is one of the several types of loans authorized under the HEA."v *Schwartz*, 485 F. Supp. 2d at 174 ("Pursuant to the HEA, when a student borrower has multiple loans with multiple private lenders, another lender is entitled to offer the borrower a consolidation loan."); *McDonald*, 477 F. Supp. 2d at 1015 (recognizing that the HEA "set specific requirements for consolidation of student loans"). It would be nonsensical, and effectively eviscerate prescreening of student loan consolidation, if a CRA is prohibited from disclosing a borrower's total student loan debt. In any event, "[w]ithout clear authority to the contrary, Experian's procedures do not amount to a willful violation" of the prescreening process." *Sheldon v. Experian Info. Sols., Inc.*, No. 08-cv-5193, 2010 WL 3768362, at *6 (E.D. Pa. Sept. 28, 2010).

Accordingly, because Experian's interpretation of § 1681b(c)(2) is "at least objectively reasonable," Plaintiff has "failed to state claim for a willful violation." *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 878 (W.D. Tex. 2016); *see also Banga*, 2013 WL 5539690, at *7 ("Because it was not objectively unreasonable for Experian to furnish credit reports to a former creditor for 'account review' purposes, Experian did not willfully violate the FCRA by failing to maintain reasonable compliance procedures.").

### III.  Leave To Amend Should Not Be Granted

A court may dismiss a claim without leave to amend if the plaintiff cannot cure a defect by amending to allege additional facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *DeSoto v. Yellow Freight Sys. Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). Plaintiff cannot allege any additional facts that would save his claims, as his claims are based on a misunderstanding of the prescreening process and the requirements under the FCRA. Accordingly, dismissal of the complaint as to Experian without leave to amend is warranted.

MEMO ISO 12(b)(6) MOTION TO DISMISS
Case No. 8:19-cv-01257-JFW-PJWx

1

## <u>CONCLUSION</u>

2

For the foregoing reasons, Plaintiff's complaint as to Experian should be

3

dismissed in its entirety pursuant to Rule 12(b)(6).

4

Dated:        August 14, 2019

5

6

By: */s/ Ryan D. Ball*

7

Richard J. Grabowski
Ryan D. Ball

8

Jack Williams IV
JONES DAY
3161 Michelson Drive, Suite 800

9

Irvine, CA 92612.4408

10

*Attorney for Defendant*

11

*Experian Information Solutions, Inc*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO ISO 12(b)(6) MOTION TO DISMISS
Case No. 8:19-cv-01257-JFW-PJWx