Richard J. Grabowski (State Bar No. 125666)
Ryan D. Ball (State Bar No. 321772)
Jack Williams IV (State Bar No. 309154)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
Tel: 949.851.3939
Fax: 949.553.7539
Email: rgrabowski@jonesday.com
Email: rball@jonesday.com
Email: jackwilliams@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE ABBINK, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>              Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>Hon. John F. Walter<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: September 16, 2019<br>Time: 1:30 p.m.<br>Location: 7A<br><br>Complaint Filed: June 21, 2019 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Defendant Experian Information Solutions, Inc. ("Experian"), through its counsel of record, hereby respectfully requests that the Court take judicial notice of the following:

1.    A true and correct page of a website providing information to assist consumers in avoiding student loan scams, maintained by the U.S. Department of Education,  https://studentaid.ed.gov/sa/repay-loans/avoiding-loan-scams,  attached hereto as Exhibit 1.

2.    A true and correct page of a website providing information to assist consumers in understanding the role of loan servicers in relation to the provision of student loans, maintained by the U.S. Department of Education, https://studentaid.ed.gov/sa/repay-loans/understand/servicers#my-servicer,  attached hereto as Exhibit 2.

Dated:      August 14, 2019            JONES DAY


By: */s/ Ryan D. Ball*
Ryan D. Ball

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    Experian Information Solutions, Inc. ("Experian") respectfully requests that

3 the Court take notice of the following documents:

4    (1)   Exhibit 1, a website providing information to assist consumers in

5 avoiding student loan scams, maintained by the U.S. Department of

6 Education, https://studentaid.ed.gov/sa/repay-loans/avoiding-loan-scams;

7    (2)   Exhibit 2, a website providing information to assist consumers in

8 understanding the role of loan servicers in relation to the provision of student loans,

9 maintained by the U.S. Department of Education,

10 https://studentaid.ed.gov/sa/repay-loans/understand/servicers#my-servicer.

11    The Court may take judicial notice of each of these exhibits pursuant to

12 Federal Rule of Evidence 201(b), because Exhibits 1 and 2 are reliable,

13 governmental websites.

14    Federal Rule of Evidence 201 provides that a fact is subject to judicial notice

15 if it is one not subject to reasonable dispute because it "(1) is generally known

16 within the trial court's territorial jurisdiction; or (2) can be accurately and readily

17 determined from sources whose accuracy cannot reasonably be questioned." Fed.

18 R. Evid. 201(b). Facts that are subject to judicial notice may be considered on a

19 motion to dismiss pursuant to Rule 12(b)(6). *See GE Engine Servs. UNC Holding*

20 *1, Inc. v. Century Indem. Co.*, 250 F. Supp. 2d 1237, 1240 (C.D. Cal. 2001) (citing

21 *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988)); Fed. R. Evid. 201(d)

22 ("The court may take judicial notice at any stage of the proceeding."). When

23 supplied with the necessary information to demonstrate accuracy, judicial notice is

24 mandatory. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if

25 a party requests it and the court is supplied with the necessary information."); *Lyon*

26 *v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010).

27    Under Rule 201, the court can take judicial notice of "[p]ublic records and

28 government documents available from reliable sources on the Internet," such as

EXPERIAN'S REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS
Case No. 8:19-cv-01257-JFW-PJWx

websites run by governmental agencies. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033–34 (C.D. Cal. 2015); *see also Daniels–Hall v. National Education Association*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 703 n.22 (10th Cir. 2009) (taking judicial notice of "[t]he websites of two federal agencies"); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08–CV–1166–IEG, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)); *Paralyzed Veterans of Am. v. McPherson*, No. C 06–4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice."). Exhibits 1 and 2, consumer informational publications maintained by the U.S. Department of Education, are webpages maintained by a reliable governmental entity, and are thus appropriate for judicial notice. *See Daniels-Hall*, 629 F.3d at 998–99. As to Exhibit 1 in particular, this document is incorporated by reference in Plaintiff Abbink's operative pleading. (Compl. at ¶ 32 n.3 (ECF No. 1)).

Accordingly, Exhibits 1 and 2 attached hereto are properly the subject of judicial notice and may be considered by this Court in deciding Experian's motion to dismiss.

Dated:      August 14, 2019      JONES DAY

By: */s/ Ryan D. Ball*
     Ryan D. Ball

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.