# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.**, an Ohio corporation, **Lend Tech Loans, Inc.**, a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>Defendants. | Case No. 8:19-cv-01257-JFW-PJW<br><br>**[PROPOSED] STATEMENT OF DECISION DENYING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS**<br><br>Hon. John F. Walter<br><br>Date: September 16, 2019<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint filed: June 21, 2019 |

## I. Introduction

On June 21, 2019, Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") filed the above-captioned complaint against Defendants Experian Information Solutions, Inc. ("Experian"), Lend Tech Loans, Inc. ("Lend Tech"), and Unified Document Services, LLC ("UDS") on behalf of himself and classes of similarly situated individuals alleging that the defendants violated the Fair Credit Reporting Act ("FCRA"). With respect to Experian, Plaintiff alleges that the consumer reporting agency violated Sections 1681b and 1681e of the FCRA by failing to perform a reasonable investigation into Lend Tech's supposed permissible purpose in obtaining consumer reports and by revealing Abbink's and other consumers' relationships to the U.S. Department of Education by disclosing their federal student loan debt.

Before the Court is Experian's Rule 12(b) Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted. For the following reasons, the Court DENIES the Motion.

## II. Factual Background

The following facts are taken from the Complaint: On January 21, 2019, Experian sold Plaintiff's consumer report to Lend Tech absent any permissible purpose. (Compl. ¶ 27.) Experian is a consumer reporting agency ("CRA") that aggregates the data of millions of consumers worldwide and then sells that information to various other companies. (*Id.* ¶ 5.)

Lend Tech is a California corporation that claims to engage in the business of mortgage lending. (Compl. ¶ 24.) Lend Tech does not possess any license, however, to engage in mortgage lending in the State of California. (*Id.*) Further, Lend Tech does not offer consumers any form of credit or insurance at all. (*Id.* ¶ 28.) Nevertheless, in or around January 2019, Lend Tech submitted a request to Experian to obtain information contained in Plaintiff's consumer report. (*Id.* ¶ 26.) Lend Tech's stated purpose was that it planned on extending firm offers of credit to Plaintiff and others. (*Id.* ¶ 48.) In making the request, Lend Tech provided inaccurate

information, including a nonworking telephone number and a business address that did not match the current address on its California business filing. (*Id.* ¶ 55.)

Instead of denying the request or performing any further investigation, on January 21, 2019, Experian sold Plaintiff's consumer report to Lend Tech. (Compl. ¶ 27.) In doing so, Experian demonstrated a failure to implement reasonable procedures to prevent the furnishing of consumer reports for impermissible purposes. (*Id.* ¶ 29.) Specifically, Experian failed to make a reasonable effort to verify Lend Tech's identity or its supposed permissible purpose. (*Id.*) Instead, Experian simply accepted Lend Tech's assertion that it had a permissible purpose for obtaining the consumer reports at face value and sold Plaintiff's consumer report absent any adequate investigation. (*Id.* ¶¶ 7, 30.) Additionally, Experian accepted Lend Tech's purported address and telephone number (both of which are incorrect) and published both pieces of misinformation on Plaintiff's consumer report. (*Id.* ¶ 55.)

In furnishing the reports, Experian also revealed the total sum of outstanding federal student loan debt held by Plaintiff and all of the alleged class members. (Compl. ¶ 65.) The sum of federal student loan debt directly identifies the relationship between Plaintiff and the U.S. Department of Education ("Dept. of Education"). (*Id.* ¶ 66.) Experian repeated this process and furnished Lend Tech with consumers' student loan information on multiple occasions. (*Id.* ¶ 58.)

Lend Tech, in turn, sold information contained in Plaintiff's consumer report to UDS. (Compl. ¶ 31.) UDS then used this information to target, via direct mailings, Plaintiff and the alleged class members for the purpose of soliciting them to purchase its "fee-based application assistance" service. (*Id.* ¶ 32.) For a substantial fee, UDS offers to complete documents on behalf of consumers to consolidate their federal student loans—paperwork that can be easily completed for free via the Dept. of Education's website. (*Id.*) UDS does not offer consumers any form of credit at all. (*Id.* ¶ 88.) The Dept. of Education warns consumers not to fall prey to the deceptive practices of companies like UDS. (*Id.* ¶¶ 32, 89.) Most critically, UDS utilized the

private information that it obtained from Experian (via Lend Tech) to target Abbink and others with ads for its document preparation "service." (Compl., Ex. A.) The mailer prominently featured Plaintiff's total federal student loan debt, statements indicating that he may be eligible for consolidation of his federal student loans, and various other misleading statements. (*Id.*) Based upon these allegations, the Court finds as follows:

### III.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2008) (citations omitted).

### IV.  Discussion

**A.  Plaintiff pleads plausible violations of Sections 1681b and 1681e.**

In its Motion, Experian argues that Plaintiff fails to state a claim for a violation of Section 1681b by providing his consumer report to Lend Tech because it, Experian, had a reason to believe Lend Tech would use the report for a permissible purpose. (Def. Mot. at 5-7.) Experian also argues that the Complaint fails to allege that Experian did not maintain reasonable procedures under Section 1681e(a). (Def. Mot. at 7-9.) In response, Plaintiff argues that he's alleged that Experian relied solely on Lend Tech's certification that it had a permissible purpose to request the report. According to Plaintiff, this was insufficient. Instead, Experian was required to make a reasonable effort to verify Lend Tech's identity and stated purpose, which Experian failed to do as evidenced by its failure to confirm Lend

Tech's licensing status, address, and telephone number. (Pl. Mot. at 7-13.) According to Plaintiff, had Experian performed such a review it would have discovered that Lend Tech did not possess any permissible purpose.

As explained below, these allegations state a claim under the FCRA.

### 1. The Complaint plausibly states a claim for a violation of 15 U.S.C. § 1681b.

"Section 1681e [of the FCRA] requires more from a credit reporting agency than merely obtaining a subscriber's general promise to obey the law." *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677 (9th Cir. 2010). Once a consumer reporting agency obtains a customer's certification of a permissible purpose, "the reporting agency must make 'a reasonable effort' to verify the certifications and may not furnish reports if 'reasonable grounds' exist to believe that reports will be used impermissibly." *Id.* (citing 15 U.S.C. § 1681e(a)). Under Section 1681e(a), "a subscriber's certification cannot absolve the reporting agency of its independent obligation to verify the certification and determine that no reasonable grounds exist for suspecting impermissible use." *Id.* Hence, the key question is whether the Complaint sets forth facts that, if proven true, would plausibly show that Experian fell short of its obligation to verify the certification and determine that no reasonable grounds existed to suspect Lend Tech's impermissible use.

The Complaint sets forth such facts here. Abbink's Complaint alleges that Experian accepted Lend Tech's certification that it would utilize Plaintiff's consumer report for a permissible purpose at face value. The Complaint specifically alleges that Experian did not conduct any investigation into Lend Tech's purported purpose. (Compl. ¶¶ 29, 30, 52.) Experian's argument that Lend Tech's certification gave it a reason to believe it would use the consumer report for a permissible purpose thus misses the point: Experian had an independent duty to verify and the allegations plausibly suggest that Experian fell short of that duty. Experian was not allowed to, without more, simply accept Lend Tech's certification that a permissible

purpose existed, Instead, the FCRA required Experian to first conduct an adequate investigation to ensure no reasonable grounds existed for suspecting impermissible uses. Abbink alleges that Experian failed to do this. Discovery will show whether the allegations can be proven correct. At this point, Plaintiff has plausibly stated a claim for a violation of Section 1681b and the Motion is denied on these grounds.

### 2. Plaintiff alleged sufficient facts to plausibly suggest that Experian violated Section 1681e.

As indicated above, section 1681e(a) states that, "a subscriber's certification cannot absolve the reporting agency of its independent obligation to verify the certification and determine that no reasonable grounds exist for suspecting impermissible use." *Id.* Prior to furnishing a consumer report, the FCRA requires CRAs to establish and "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b." *Id.* Prospective users must "identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." *Id.* A CRA must "make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report." *Id.* Further, a CRA may not "furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b." *Id.*

A business that lacks a proper license to engage in its purposed business should prompt a CRA to conduct further investigation. *See, e.g., Aleksic v. Experian Information Solutions, Inc.*, No. 13 C 7802, 2014 WL 2769122, at *2 (N.D. Ill. June 18, 2014). Likewise, whereas a business that requests reports for a purpose in line with its actual business purpose is suggestive of a permissible purpose, *see Wilson v. Sessoms*, Civil No. 4:96CV01031, 1998 WL 35305548, at *4 (M.D.N.C. Mar. 16, 1998); *see also Harris v. Database Management & Marketing, Inc.*, 609 F.Supp.2d 509, 515 (D. Md. 2009), the opposite is true where the requestor doesn't engage in

such commerce.

The allegations in the Complaint plausibly demonstrate that Experian's procedures are unreasonable. Plaintiff alleges that Experian failed to perform an adequate investigation and merely accepted Lend Tech's certification at face value. (Compl. ¶¶ 29, 30.) Additionally, Lend Tech lacks a license to conduct mortgage lending in the State of California. (*Id.* ¶ 53.) The Complaint also alleges that Lend Tech does not offer consumers any form of credit or insurance at all. (*Id.* ¶ 28.) Additionally, Experian accepted Lend Tech's incorrect address and a nonworking telephone number. In short, these allegations exhibit a plausible failure on the part of Experian to adequately investigate Lend Tech's identity and purpose in violation of the Act. For these reasons, the Court finds that Plaintiff has plausibly stated a claim for a violation of Section 1681e.

### 3. Plaintiff plausibly alleges that Experian's violations of Sections 1681b and 1681e(a) were willful.

Experian additionally argues that even if it violated Sections 1681b and/or Section 1681e(a), it did not do so willfully. It would be premature to accept Experian's claim here.

The Supreme Court has explained that a "reckless disregard of a requirement of FCRA would qualify as a willful violation." *Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 71 (2007)*. A company acts in reckless disregard if it takes an action or interprets a statute in a manner that is both "objectively unreasonable" and "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. At the motion to dismiss stage, "courts have found assertions that a defendant repeatedly violated the FCRA sufficient to allege reckless—and, therefore, willful—misconduct." *Singleton v. Domino's Pizza, LLC, Civil Action No. DKC 11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012)* (collecting cases). Further, allegations that a defendant was aware of the FCRA's requirements but failed to comply with its requirements are also sufficient to state a

claim. *See id.*; *see also* Robrinzine v. Big Lots Stores, Inc., 156 F.Supp.3d 920, 929-30 (N.D. Ill. 2016).

Plaintiff alleges that Experian is a large corporation that regularly engaged counsel in matters such as FCRA compliance. (Compl. ¶ 59.) Further, a substantial portion of Experian's income comes from selling the consumers data to its clients. (*Id.* ¶ 5.) Plaintiff argues that Experian cannot seriously dispute that it was aware of its duties under the FCRA as one of the largest CRAs, and that Experian's failure to adequately investigate Lend Tech beyond its certification supports a reasonable inference that Experian acted in reckless disregard for its statutory duties. The Court agrees. By selling Plaintiff's consumer report to Lend Tech absent adequate verification procedures to ensure that a permissible purpose existed, Experian plausibly acted in reckless disregard for its FCRA duties.

### B. Plaintiff has also plausibly stated a claim for a willful violation of Section 1681b(c)(2).

Experian also argues that its disclosure of Plaintiff's total federal student loan debt does not run afoul of Section 1681b(c)(2) because Abbink does not have a direct credit relationship with the Dept. of Education. (Def. Mot. at 12-13.) Experian further argues that any violation wasn't willful. (Def. Mot. at 13-14.) Plaintiff counters by arguing that Section 1681b(c)(2) does not require the disclosure to identify Plaintiff's relationship with a direct creditor and that Experian's reading of the Act is objectively unreasonable. (Pl. Mot. at 14-19.)

#### 1. Plaintiff alleges a violation of Section 1681b(c)(2).

Section 1681b(c)(2) limits what information can be furnished to a customer in the context of a prescreened list to only the following information: "(A) the name and address of a consumer; (B) an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer; and (C) other information pertaining to a consumer *that does not identify the relationship or experience of the consumer with respect to a particular creditor*

*or other entity.*" 15 U.S.C. § 1681b(c)(2) (emphasis added).

Borrowers have a relationship with the Dept. of Education. First, the Dept. of Education is the exclusive administrator of all debt repayment and debt forgiveness plans available to student loan borrowers. *See Federal Trade Commission v. Alliance Document Preparation*, 296 F.Supp.3d 1197, 1204 (C.D. Cal. 2017). Further, the Dept. of Education guarantees all federal student loan debt. *See Pennsylvania v. Navient Corporation*, 354 F.Supp.3d 529, 535 (M.D. Pa. 2018). Abbink pleads that Experian's disclosure of his total federal student loan debt directly identifies his relationship with the Dept. of Education. The Court agrees. Plaintiff's allegations demonstrate that Lend Tech now has knowledge of: (1) who ultimately guarantees Plaintiff's debt (the Dept. of Education); (2) that Plaintiff must repay his student loans based upon the repayment plans that the Dept. of Education offers to borrowers; and (3) the potential debt relief plans that are available to Plaintiff. Further, the allegations demonstrate that UDS utilized this exact information to target Plaintiff. As such, the Court concludes that Plaintiff has sufficiently stated a claim for a violation of Section 1681b(c)(2).

### 2. Plaintiff plausibly states a claim for a willful violation of Section 1681b(c)(2).

In its Motion, Experian also argues that insofar as it violated Section 1681b(c)(2), it did not do so willfully because its reading of the statute was not objectively unreasonable. Experian relies exclusively on the absence of case law and regulatory guidance.

Again, a defendant that acts with reckless disregard for its statutory obligations under the FCRA qualifies as a willful violation. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 71 (2007). A reckless disregard occurs when a company takes a reading of the Act that is both unreasonable and "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Critically, "[a] lack of 'guidance,' . . . does not itself

render [defendant's] interpretation reasonable." *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). Indeed, a "credit agency whose conduct is first examined under that section of the Act should not receive a pass because the issue has never been decided." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 722 (3d Cir. 2010). At the motion to dismiss stage, "assertions that a defendant was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal." *Singleton*, Civil Action No. DKC 11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012) (collecting cases). And again, "[w]hether Defendant's conduct was actually willful is a question better left to a motion for summary judgment, where the record will be more fully developed." *Feist v. Petco Animal Supplies, Inc.*, 218 F.Supp.3d 1112, 1115 (S.D. Cal. 2016).

Applied here, Plaintiff sufficiently pleads that Experian's reading of the statute was unreasonable and that it acted in reckless disregard of its duties under the Act. Plaintiff specifically pleads that Experian is a large consumer reporting agency that is aware of its duties under the Act. (Compl. ¶¶ 5, 59, 68.) Further, Experian's disclosure identified Plaintiff's relationship to the Dept. of Education. Moreover, given that Experian has repeatedly provided Lend Tech with consumers' federal student loan totals, the impact of the disclosure was widespread. Conversely, Experian's argument that this reading of the statute would eviscerate prescreens in the context of student loans borders on hyperbole. As Plaintiff points out, Experian could disclose both federal and private student loans and simply provide a combined total, which would not have the same impact on consumers. Therefore, the Court finds that the Complaint states a claim for a willful violation of Section 1681b(c)(2).

## V.  Conclusion

For the foregoing reasons, the Court DENIES Experian's Motion to Dismiss.

Hon. John F. Walter
U.S. Dist. Court Judge