Aaron D. Aftergood (239853)
　aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

[Additional counsel appearing on signature page]

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated, <br> Plaintiff, <br> v. <br> **Experian Information Solutions, Inc.**, an Ohio corporation, **Lend Tech Loans, Inc.**, a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company, <br> Defendants. | Case No.  8:19-cv-01257-JFW-PJW <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: October 7, 2019 <br> Time: 1:15 p.m. <br> Judge: Hon. John F. Walter <br> Courtroom: 7A <br> Complaint Filed: June 21, 2019 |

　　Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") and Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's standing order.

　　**(1) the basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, the date by which service will be completed**

---

**and an explanation as to why service has not been completed;**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or the "Act"), which is a federal statute. Plaintiff further asserts that the Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the alleged classes each consist of over 100 people, at least one member of each class is from a State other than California (the state of the Defendants), and the amounts in controversy are over $5,000,000. And none of the exceptions to CAFA jurisdiction apply.

No issues exist regarding personal jurisdiction or venue. All of the defendants reside in this district, and all have been served. Defendants Lend Tech Loans, Inc. ("Lend Tech") and Unified Document Services, LLC ("UDS") were both served via the California Secretary of State by delivering the documents by hand on September 16, 2019. Pursuant to Cal. Corp. Code §§ 1702 & 17701.16, the service is deemed complete on the tenth day after delivery of the process to the Secretary of Stat. Thus, Lend Tech and UDS will be deemed served on September 26, 2019.

**(2) Statement of facts and the principal factual issues in dispute;**

<u>Plaintiff's Position:</u> This alleged class action challenges Experian's sale of consumer reports to Lend Tech absent any permissible purpose. In or around January 2019, Lend Tech submitted a request to Experian to obtain information contained in Plaintiff's consumer report for the purported purpose of making a firm offer of credit. In making the request, Lend Tech provided inaccurate information—including a nonworking telephone number and a business address that does not match its current address on its California business filing—and did not possess a proper financial license.

On January 21, 2019, Experian sold a consumer report regarding Plaintiff

Abbink to Lend Tech. In doing so, Experian failed to implement reasonable procedures to prevent the furnishing of consumer reports for impermissible purposes. Specifically, Experian failed to make a reasonable effort to verify the identity of Lend Tech and its purported purpose. Had Experian investigated Lend Tech and its purported purpose, it would have been aware that Lend Tech does not engage in mortgage lending and had no permissible purpose for obtaining Plaintiff's consumer report. Further, in providing Plaintiff's consumer report, Experian disclosed Plaintiff's total outstanding federal student loan debt, which identifies his relationship with the U.S. Department of Education.

Shortly after the sale of Plaintiff's consumer report to Lend Tech, Lend Tech conveyed Plaintiff's consumer report to UDS. UDS then used this information to target Plaintiff and members of the alleged classes with mailings that solicited them to purchase its "fee-based application assistance" service. Ultimately, the disclosure of Plaintiff's federal student loan debt was used to solicit him to purchase UDS's services, and his debt was prominently featured on the mailing.

<u>Defendant's Position:</u> Experian disputes Plaintiff's allegations. Contrary to Plaintiff's allegations, Experian thoroughly vetted Lend Tech Loans before allowing Lend Tech to purchase prescreen consumer reports. Lend Tech Loans was a licensed real estate broker and represented to Experian that it intended to obtain prescreen reports to issue firm offers of credit. Furthermore, Experian did not specifically report Plaintiff's total federal student loan debt to Lend Tech Loans, and therefore did not identify Plaintiff's relationship with any specific entity. Experian had no reason to believe that Lend Tech Loans (or UDS, for that matter) would use Plaintiff's consumer report for a purportedly impermissible purpose.

**(3) a brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions;**

1         <u>Plaintiff's Position</u>: First, Plaintiff contends that Experian violated 15 U.S.C. §§ 1681b(c)(1) and 1681e(a) by providing his consumer report to Lend Tech absent any permissible purpose. That is, Experian's failure to verify Lend Tech's identity—including its telephone number and address—and its failure to ensure that Lend Tech possessed the proper financial license to conduct its stated business purpose, demonstrates that Experian had no reason to believe a permissible purpose existed and that it lacked reasonable procedures to limit the furnishing of consumer reports for only permissible purposes. The Ninth Circuit has explained that "Section 1681e requires more from a credit reporting agency than merely obtaining a subscriber's general promise to obey the law." *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677 (9th Cir. 2010). "[T]he reporting agency must make 'a reasonable effort' to verify the certifications and may not furnish reports if 'reasonable grounds' exist to believe that reports will be used impermissibly." *Id.* (citing 15 U.S.C. § 1681e(a)). Here, Experian merely accepted Lend Tech's purported purpose at face value.

        Second, Plaintiff contends that Experian violated Section 1681b(c)(2) by disclosing his federal student loan debt to Lend Tech. Experian claims that because it did not disclose his relationship to a direct creditor it did not violate the FCRA. 15 U.S.C. § 1681b(c)(2). However, in connection with a firm offer of credit, a consumer reporting agency may only provide limited information, and may not disclose information pertaining to a consumer that identifies his/her relationship or experience with respect to a particular creditor or other entity. *See id.* By disclosing his total outstanding federal student loan debt, Experian necessarily identified Plaintiff's relationship with the Dept. of Education who is the exclusive administrator of repayment plans and guarantees his loans. Further, this is the exact information that was used to target Plaintiff by UDS.

1  Defendant's Position: Experian complied with its obligations under the
2  FCRA. Experian had a permissible purpose to furnish Plaintiff's consumer report to
3  Lend Tech, "a person which it ha[d] reason to believe," among other things,
4  "intend[ed] to use the information" in connection with an unsolicited (*i.e.*,
5  prescreen) credit transaction that "consists of a firm offer of credit," *id.*
6  § 1681b(c)(1)(B). More importantly, Plaintiff's entire case is based on the faulty
7  premise that Experian "willfully" violated the FCRA. Because Experian conducted
8  significant due diligence on Lend Tech Loans and its permissible purpose, and had
9  no reason to know that Lend Tech Loans would use Plaintiff's consumer report for
10  an impermissible purpose including transmitting Plaintiff's information to UDS,
11  Plaintiff's permissible purpose claim fails. *See Safeco Ins. Co. of Am. v. Burr*, 551
12  U.S. 47, 56-60 (2007). Finally, Experian did not provide Lend Tech Loans with
13  Plaintiff's total federal student loan debt. Thus, Experian did not violate 15 U.S.C.
14  § 1681b(c)(2).

15  **(4) all prior and pending motions, their current status, and any**
16  **anticipated motions;**

17  *(a)    Pending Motions*

18  Experian's Motion to Dismiss (dkt. 25) is the only pending motion. On
19  September 12, 2019, the Court took the motion under submission and vacated the
20  hearing scheduled for September 16, 2019. The Court has not yet issued a decision.

21  *(b)    Anticipated Motions*

22  Plaintiff's Position: Plaintiff anticipates filing a motion for class certification
23  on or before December 16, 2019. Plaintiff will likely file a motion for summary
24  judgment following the close of discovery.

25  Defendant's Position: Experian anticipates filing a motion for summary
26  judgment and opposing any motion for class certification.

27
28

**(5) the extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;**

Plaintiff's Position: Plaintiff anticipates the potential need to amend the pleadings to conform the class definition to information obtained during the discovery process. Plaintiff proposes that all motions to add parties and amend pleadings be filed on or before January 5, 2020. The deadline is 90 days after the date of the scheduling conference.

Defendant's Position: Experian will file an answer with affirmative defenses at the appropriate time if the Court does not grant its motion to dismiss. Experian does not object to Plaintiff's proposed amendment deadline.

**(6) whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made;**

The Parties will exchange their initial disclosures on September 26, 2019.

**(7) discovery taken to date, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);**

*(a) Discovery Taken To Date;*

To date, Plaintiff has served his first set of written discovery requests upon Experian—including, interrogatories and requests for production. Experian served its responses to Plaintiff's first set of discovery requests on August 28, 2019. Further, Plaintiff served his Rule 30(b)(6) Deposition Notice to Experian on August 19, 2019. On August 30, 2019, Experian served a notice of deposition upon Plaintiff. The Parties are working together to schedule the depositions. Also, on September 13, 2019, Experian served its first set of discovery requests upon Plaintiff—including, interrogatories and requests for production.

   *(b)  Anticipated Scope of Discovery and Modification to Rules; and*

   <u>Plaintiff's Position:</u> Plaintiff does not propose any modifications beyond those imposed by the Federal Rules of Civil Procedure. Plaintiff anticipates discovery will be necessary regarding the following matters: the size and scope of the classes, Experian's relationship and experience with Lend Tech and UDS, the relationship between Lend Tech and UDS, any agreements between the defendants, the actual business purpose of both Lend Tech and UDS, Lend Tech's representations to Experian, Experian's procedures in place to limit the furnishing of consumer reports for a permissible purpose, whether Experian's actions constitute willful violations of the Act, and other matters that may arise.

   <u>Defendant's Position:</u> Experian anticipates taking discovery on the basis of Plaintiff's allegations, including Plaintiff's relationship with and investigation of Lend Tech and UDS, if any; Plaintiff's student loan history; Plaintiff's alleged injuries; Lend Tech's and UDS's respective businesses and relationship with one another; and Lend Tech's representations to Experian concerning its business and intended use of consumer reports. This case does not require modification of the default discovery limitations imposed by the Federal Rules of Civil Procedure at this time.

   *(c)  Proposed Discovery Schedule.*

   Given the complexity of the case and the high volume of discovery, the Parties respectfully requests an 8-month period to complete discovery, including 6 months focused on fact discovery with the final 2 months focused on discovery related to any experts. To that end, the Parties propose the following discovery deadlines:

- Deadline to Complete Fact Discovery: March 30, 2020;
- Initial Expert Reports Due: April 6, 2020;

1      • Rebuttal Expert Reports Due: April 20, 2020; and

2      • Discovery Cut-Off: May 22, 2020.

Discovery should proceed with both merits and class certification issues simultaneously.

**(8) any related cases or proceedings pending before another judge of this court, or before another court or administrative body;**

The Parties are unaware of any related cases or proceedings.

**(9) all relief sought by the complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established;**

Plaintiff's Position: Plaintiff seeks an award of statutory damages for each willful violation of the FCRA on behalf of himself and all putative class members. Statutory damages under the FCRA range from $100 to $1,000 per violation. *See* 15 U.S.C. § 1681n. Further, Plaintiff also seeks an award of reasonable attorneys fees and costs as provided for under the Act. *See id.*

Defendant's Position: Experian denies liability in this case. In the unlikely event liability is established, Experian maintains that each plaintiff should recover, at most, the minimum amount of statutory damages.

**(10) Certification as to Interested Parties or Persons**

Plaintiff's Position: Plaintiff filed his Certification and Notice of Interested Parties on June 21, 2019 (dkt. 6), which are restated below:

1. Woodrow & Peluso, LLC – Counsel for Plaintiff and the alleged Classes
2. Aaron D. Aftergood – Counsel for Plaintiff and the alleged Classes

Defendant's Position: Experian filed its Notice of Interested Parties (ECF No.

29) on August 15, 2019. The following listed parties may have a pecuniary interest in the outcome of this case:

1. Parent Companies: The ultimate parent company of Experian is Experian plc.
2. Subsidiaries Not Wholly Owned: The following companies are US-based subsidiaries of Experian plc that are not wholly owned:
    (a) Central Source LLC
    (b) Online Data Exchange LLC
    (c) New Management Services LLC
    (d) VantageScore Solutions LLC
    (e) Opt-Out Services LLC
3. Publicly Held Companies: Experian plc owns 100 percent of Experian. Experian plc is registered as a public company in Jersey, Channel Islands, and is publicly traded on the London Stock Exchange.

**(11) an appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date;**

Consistent with the proposed schedule set forth above, the Parties propose the following deadlines:

- Discovery Cut Off: May 22, 2020;
- Last Hearing Date for All Motions: July 6, 2020;
- Pretrial Conference: July 17, 2020; and
- Trial Date: July 28, 2020.

**(12) whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial;**

Plaintiff has made a proper jury demand. The Parties expect that trial in this case will take approximately 4-5 days.

**(13) efforts made to settle or resolve the case to date, and the parties'**

**views as to an appropriate plan for maximizing settlement prospects;**

The Parties have discussed the possibility of settlement. At this time, the Parties do not request Court assistance with settlement talks.

**(14) whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation;**

Plaintiff's Position: This case is complex based on the discovery that will be necessary. The discovery process is likely to involve a high volume of documents, a large number of parties (including third parties), and a fair amount of electronic discovery that may require the assistance of an expert. Such complexities weigh in favor of granting a longer discovery schedule.

Defendant's Position: Experian does not believe this case is complex.

**(15) what motions the parties are likely to make that may be dispositive or partially dispositive;**

Plaintiff's Position: Plaintiff anticipates that a motion for summary judgment may be appropriate regarding the following issues:

(1) Whether Experian violated 15 U.S.C. § 1681b(c)(1) by selling Plaintiff's consumer report to Lend Tech;

(2) Whether Experian violated 15 U.S.C. § 1681e(a) by failing to implement reasonable procedures to limit the furnishing of consumer reports for permissible purposes;

(3) Whether Experian violated 15 U.S.C. § 1681b(c)(2) by providing Lend Tech with Plaintiff's total federal student loan debt; and

(4) Whether Experian's actions constitute willful violations of the Act.

Defendant's Position: Experian anticipates filing a motion for summary judgment on all Plaintiff's claims.

**(16) any unusual legal issues presented by the case;**

The Parties are unaware of any unusual legal issues presented by the case.

**(17) proposals regarding severance, bifurcation, or other ordering of proof;**

The Parties respectfully request that the Court extend the deadline for Plaintiff to file his Motion for Class Certification (due on or before December 16, 2019) until after the close of fact discovery. The anticipated discovery in this case contains significant overlap between what may be considered traditional "merits" and "class" issues. With the present deadline, the Parties are essentially forced to bifurcate the discovery process. Specifically, the depositions of Experian's Rule 30(b)(6) representative and Plaintiff will likely need to be scheduled prior to the motion for class certification deadline. Moreover, given the substantial overlap, this likely means that the Parties will be required to conduct a majority of the discovery prior to class certification deadline. Alternatively, extending the deadline would promote the interests of judicial economy by allowing the Court to make an informed decision following the completion of all fact discovery.

**(18) Alternative Dispute Resolution; and**

The Parties propose ADR Procedure No. 3 – private mediation. The private mediation should occur on or before April 30, 2020.

**(19) Certifications of Lead Trial Counsel**

Plaintiff's Position: Taylor T. Smith is the lead trial counsel for Plaintiff. Mr. Smith is a registered ECF User and his email address is tsmith@woodrowpeluso.com. Further, on July 18, 2019, Mr. Smith filed his declaration of lead trial counsel. (Dkt. 22.)

Defendant's Position: Ryan D. Ball is the lead trial counsel for Experian. Mr. Ball is a registered ECF User and his email address is rball@jonesday.com. On July 25, 2019, Experian filed its declaration of lead trial counsel. (ECF No. 23.)

|    |                              |                                                                 |
|----|------------------------------|-----------------------------------------------------------------|
| 1  |                              | Respectfully submitted,                                         |
| 2  |                              |                                                                 |
| 3  | Dated: September 23, 2019    | By:   */s/ Taylor T. Smith*                                     |
| 4  |                              | Aaron D. Aftergood (239853)<br>**THE AFTERGOOD LAW FIRM**       |
| 5  |                              | 1880 Century Park East, Suite 200<br>Los Angeles, CA 90067      |
| 6  |                              | Telephone:   (310) 550-5221<br>Facsimile:    (310) 496-2840     |
| 7  |                              | Taylor T. Smith (*admitted pro hac vice*)                       |
| 8  |                              | tsmith@woodrowpeluso.com<br>**WOODROW & PELUSO, LLC**           |
| 9  |                              | 3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210    |
| 10 |                              | Telephone:   (720) 907-7628<br>Facsimile:    (303) 927-0809     |
| 11 |                              | *\*Pro Hac Vice*                                                |
| 12 |                              | Attorney for Plaintiff Bryce Abbink                             |
| 13 |                              | and the Classes                                                 |
| 14 |                              |                                                                 |
| 15 | Dated: September 23, 2019    | By:   */s/ Justin A. Potesta*                                   |
| 16 |                              | Richard J. Grabowski<br>Ryan Ball                               |
| 17 |                              | Jack Williams IV<br>Justin A. Potesta                           |
| 18 |                              | **JONES DAY**<br>3161 Michelson Drive, Suite 800                |
| 19 |                              | Irvine, CA 92612.4408                                           |
| 20 |                              | Attorneys for Defendant<br>Experian Information Solutions, Inc. |
| 21 |                              |                                                                 |
| 22 |                              |                                                                 |
| 23 |                              |                                                                 |
| 24 |                              |                                                                 |
| 25 |                              |                                                                 |
| 26 |                              |                                                                 |
| 27 |                              |                                                                 |
| 28 |                              |                                                                 |


## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Defendant's counsel concurs with the content of this document and has authorized me to affix his signature to the document and file the same with the Court.

*/s/ Taylor T. Smith*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on September 23, 2019.

*/s/ Taylor T. Smith*