Richard J. Grabowski (State Bar No. 125666)
Ryan D. Ball (State Bar No. 321772)
Jack Williams IV (State Bar No. 309154)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California  92612
Tel:   949.851.3939
Fax:   949.553.7539
Email: rgrabowski@jonesday.com
Email: rball@jonesday.com
Email: jackwilliams@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE ABBINK,<br><br>            Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>            Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>Hon. John F. Walter<br><br>**AMENDED JOINT STIPULATION TO EXTEND THE DEADLINE TO FILE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Complaint filed:  June 21, 2019<br>Pretrial Conference: June 12, 2020<br>Trial: June 23, 2020<br>Current Deadline: December 16, 2019<br>Requested Deadline: January 30, 2020 |

Plaintiff Bryce Abbink ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective counsel, hereby stipulate as follows:

### RECITALS

WHEREAS, on June 21, 2019, Plaintiff filed his complaint in this matter. (ECF No. 1.)

WHEREAS, on July 2, 2019, Plaintiff caused the Complaint to be served on Experian's registered agent for service of process.

WHEREAS, on August 14, 2019, Experian filed its motion to dismiss Plaintiff's complaint, which remains pending. (ECF No. 25.)

WHEREAS, on June 16, 2019, the parties submitted a joint stipulation to extend the time to respond to the complaint and to extend the deadline for Plaintiff to file a motion for class certification, which the Court denied. (ECF Nos. 17, 19.)

WHEREAS, on August 30, 2019, the parties submitted a joint stipulation to extend the deadline for Plaintiff to file a motion for class certification from September 30, 2019 to January 30, 2020. (ECF No. 36.)

WHEREAS, on September 5, 2019, the Court granted the parties' stipulation with modifications and extended the deadline for Plaintiff's motion for class certification to December 16, 2019. (ECF No. 40.)

WHEREAS, on December 2, 2019, the parties submitted a joint stipulation to extend the deadline for Plaintiff to file a motion for class certification from December 16, 2019 to January 30, 2020 in light of the upcoming holidays and various pending discovery disputes between the parties that are directly relevant to class certification issues. (ECF No. 49.)

WHEREAS, on December 3, 2019, the Court denied the parties' stipulation without prejudice, explaining that the parties did not sufficiently describe the outstanding discovery disputes. (ECF No. 50.)

1  WHEREAS, the parties have been actively litigating this case and working cooperatively and efficiently to the greatest extent possible. Plaintiff has served Experian with his Requests for Production (Set One), Interrogatories (Set One), Requests for Production (Set Two), Interrogatories (Set Two), and Requests for Admission (Set One), to which Experian has responded. (Declaration of Ryan Ball ("Ball Decl." at ¶ 2.)

WHEREAS, Experian served Plaintiff with its Requests for Production (Set One) and Interrogatories (Set One), to which Plaintiff has responded. (*Id.* at ¶ 3.)

WHEREAS, on November 21, 2019, Plaintiff's counsel deposed Experian's Federal Rule of Civil Procedure 30(b)(6) witness regarding issues related to class certification. (*Id.* at ¶ 4.)

WHEREAS, on December 6, 2019, Experian's counsel will depose Plaintiff. (*Id.* at ¶ 5.)

WHEREAS, on November 14, 2019, Plaintiff's counsel emailed Experian's counsel, detailing numerous discovery disputes concerning Experian's discovery responses. (*Id.* at ¶ 6.) On November 22, 2019, Experian's counsel emailed Plaintiff's counsel, explaining Experian's position concerning the discovery disputes. (*Id.* at ¶ 7.) Consistent with Magistrate Judge Patrick J. Walsh's informal discovery dispute procedures, the parties met and conferred by telephone on Tuesday, November 26, 2019, and reached a resolution regarding some, but not all, of their disputes. (*Id.* at ¶ 8.)

WHEREAS, the parties' remaining discovery disputes primarily concern the scope of discovery as to Plaintiff's class claims. Plaintiff alleges that Lend Tech Loans, Inc. obtained his consumer report from Experian on January 21, 2019. (ECF No. 1 at ¶ 27.) Plaintiff has sought discovery concerning Lend Tech's orders of consumer reports beyond this January 21, 2019 order. (*See* Ball Decl., Ex. 1.) Experian objected to this discovery. (*Id.*) Plaintiff asserts that his putative class encompasses all individuals whose consumer reports Lend Tech received based upon

the same permissible purpose, which would include all individuals whose consumer reports Lend Tech received during its entire relationship with Experian. (*Id.*) Plaintiff argues that discovery about Lend Tech's other orders is relevant for both merits and class issues. (*Id.*) Experian contends that Plaintiff has failed to make a prima facie showing that a class exists, particularly beyond those consumers included in the January 21, 2019 order that included Plaintiff's consumer report. (*Id.*)

WHEREAS, after the parties were unable to resolve their disputes during their telephonic meet and confer, counsel for Plaintiff emailed Judge Walsh's chambers on November 27, 2019, consistent with Judge Walsh's informal discovery dispute resolution procedures. (*Id.* at 1.) The email lays out in detail the parties' positions concerning the outstanding discovery disputes, particularly as to the scope of permissible class discovery—*i.e.*, whether discovery should be limited to the January 21, 2019 order that included Plaintiff's consumer report or extends beyond that to all Lend Tech orders. (*Id.* at 1-7.) As stated in that email, the parties are aiming to schedule a conference with Judge Walsh during the week of December 9 in accordance with his practices. (*Id.* at 1.)

WHEREAS, the parties require additional time to work through these remaining discovery disputes. This additional time will allow the parties to resolve their disputes prior to briefing class certification, through Judge Walsh's informal procedures or, if necessary, through formal briefing, which will potentially avoid the need for unnecessary motion practice and wasted judicial efforts concerning class certification. (*Id.* at ¶ 11.)

WHEREAS, the parties' outstanding discovery dispute is directly related to class discovery and may impact the arguments made on class certification. Whether Plaintiff receives discovery concerning Lend Tech orders beyond the January 21, 2019 order that included Plaintiff's consumer report will likely affect the parties' arguments concerning commonality, typicality, fair and adequate representation, and predominance elements of Federal Rule of Civil Procedure 23. In light of these

disputes, Plaintiff requires additional time to draft his motion for class certification. (*Id.* at ¶ 12.)

WHEREAS, the current deadline of December 16, 2019 also requires the parties to prepare their respective briefs during multiple federal holidays at the end of December and beginning of January, and will require the parties to brief class certification before a resolution to class discovery issues is reached. *See* C.D. Cal. L.R. 7-9, 7-10.  (*Id.* at ¶ 13.)

WHEREAS, to allow the parties sufficient time to potentially eliminate the discovery disputes between them and to provide sufficient time for the parties to prepare their respective briefs, the parties respectfully request that the Court extend Plaintiff's deadline to file his motion for class certification through January 30, 2020.

WHEREAS, the Court has previously set the following dates and deadlines:

| | |
|---|---|
| Settlement Conference: | February 3, 2020 |
| Settlement Conference Report: | February 7, 2020 |
| Discovery Cutoff: | April 13, 2020 |
| Last Day for Motion Hearing: | May 4, 2020 |
| Pre-Trial Filings: | June 1, 2020 |
| Final Pre-Trial Conference: | June 12, 2020 |
| Pre-Trial Motions Hearing: | June 19, 2020 |
| Trial: | June 23, 2020 |

(ECF No. 48.)

WHEREAS, the extension is not being sought for any improper purpose and will not disrupt any other deadline. To the contrary, the requested extension will conserve the resources of the parties and the Court, and will potentially avoid the need for additional or supplemental briefing related to class certification.  (*Id.* at ¶ 14.)

**STIPULATION**

IT IS HEREBY STIPULATED, by and between the parties to this action, through their respective attorneys of record, as follows:

1. Plaintiff shall file his motion for class certification no later than January 30, 2020.

Pursuant to Local Rule 5-4.3.4, Ryan D. Ball hereby attests that the following signatories concur in the filing's content and have authorized the filing.

IT IS SO STIPULATED.

December 4, 2019

By: */s/ Ryan Ball*
Richard J. Grabowski
Ryan Ball
Jack Williams IV
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

December 4, 2019

By: */s/ Taylor T. Smith*
Taylor T. Smith
WOODROW & PELUSO, LLC
3900 East Mexico Avenue, Suite 300
Denver CO, 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiff*
*Bryce Abbink*