**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **SA CV 19-1257-JFW(PJWx)**                              Date:  September 20, 2019

Title:    Bryce Abbink -v- Experian Information Solutions, Inc., et al.

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S MOTION TO DISMISS [filed 8/14/19; Docket No. 25]

    On August 14, 2019, Defendant Experian Information Solutions Inc. ("Experian") filed a Motion to Dismiss ("Motion").  On August 26, 2019, Plaintiff Bryce Abbink ("Plaintiff") filed his Opposition.  On August 30, 2019, Experian filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's September 16, 2019 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

    On June 21, 2019, Plaintiff filed a Class Action Complaint against Experian, Lend Tech Loans, Inc. ("Lend Tech"), and United Document Services, LLC ("UDS"), alleging claims for: (1) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Experian; (2) violation of violation of 15 U.S.C. § 1681b(c), *et seq.*, against Experian; (3) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Lend Tech; (4) violation of 15 U.S.C. § 1681b, *et seq.*, against UDS; and (5) violation of 15 U.S.C. § 1681m, *et seq.*, against UDS.  In the Complaint, Plaintiff alleges that Experian willfully violated the Fair Credit Reporting Act ("FCRA") by furnishing his credit information to Lend Tech, a purported mortgage lender, who allegedly lacked a permissible purpose and impermissibly re-sold his federal student loan information to UDS.  Specifically, Plaintiff alleges that he received a solicitation from UDS, advertising a student loan consolidation program.  The solicitation indicated that Plaintiff had approximately $78,500 of federal student loan debt, which Plaintiff alleges Experian reported to Lend Tech on or around January 21, 2019.

Plaintiff alleges that Experian willfully violated 15 U.S.C §§ 1681b(c)(1) by furnishing his consumer report to Lend Tech because Experian should have known that Lend Tech lacked a permissible purpose based on certain "red flags."[1]  For example, Plaintiff alleges that a reasonable investigation would have uncovered that Lend Tech, which held itself out as a mortgage lender, did not "possess any license to conduct any financial services or mortgage lending or originating in the State of California."  *Id.*, at ¶ 53. In addition, Plaintiff alleges that Lend Tech provided Experian with a nonworking telephone number and an outdated business address.  *Id.*, at ¶ 55.  Plaintiff alleges that, despite these red flags, Experian accepted Lend Tech's certification of its permissible purpose "at face value."  *Id.*, at ¶ 57.  Plaintiff alleges that Experian violated 15 U.S.C. § 1681e(a) by "failing to implement reasonable procedures to limit the furnishing of a consumer report for a permissible purpose" and by "failing to make a reasonable effort to verify the identity of Lend Tech Loans and the supposed permissible purpose for which the information was being sought."  *Id.*, at ¶ 52.

In addition, Plaintiff alleges that Experian willfully violated § 1681b(c)(2) by purportedly disclosing his total federal student loan debt to Lend Tech, because such disclosure impermissibly identified his relationship to a particular creditor, the U.S. Department of Education ("USDE").  *Id.*, at ¶¶ 65-67.

## II.   Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly

---

[1]  Plaintiff does not allege that Experian had any contacts with UDS or that Experian had any knowledge that Lend Tech resold Plaintiff's credit information to UDS.

submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.    Discussion

#### A.    Prescreening and the Fair Credit Reporting Act

The FCRA describes the circumstances under which a credit reporting agency ("CRA"), like Experian, may lawfully furnish a consumer report to a third party, which are called "permissible purposes." 15 U.S.C. § 1681b; *see also Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1045-46 (7th Cir. 2005). A CRA has a permissible purpose to furnish a consumer report to "a person which it has reason to believe," among other things, "intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review or collection of an account of, the consumer" (15 U.S.C. § 1681b(a)(3)(A)), or in connection with an unsolicited (*i.e.*, prescreen) credit transaction that "consists of a firm offer of credit" (15 U.S.C. § 1681b(c)(1)(B)). This case involves prescreen reports.

In prescreening, a user, such as a lender, or an agent acting on the lender's behalf, such as a mortgage broker, submits pre-selected credit criteria to a CRA, which compiles and provides a list of consumers who meet that criteria, called a prescreen list. *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839-41 (5th Cir. 2004) (describing prescreening process); *see also Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 513 (D. Md. 2009). In return, the lender agrees to extend a firm offer of credit to all consumers who meet the preselected criteria. *Kennedy*, 369 F.3d 839-41. Prescreening is one of the few instances where the FCRA allows consumer credit information to be disclosed to a third party without the consumer's knowledge or consent. *Id*. By allowing prescreening, Congress struck a balance between the consumer's right to privacy and the value a consumer receives from a firm offer of credit. *See, e.g., Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004).

#### B.    Plaintiff Failed to State a Claim Against Experian for Furnishing His Consumer Report to Lend Tech.

In Count I of his Complaint, Plaintiff alleges that Experian willfully violated Section 1681b(c) and Section 1681e(a) by furnishing his consumer report to Lend Tech based on Lend Tech's representation that it intended to issue firm offers of credit. Complaint, ¶ 48. Specifically, Plaintiff alleges that Lend Tech did not have a permissible purpose to obtain his consumer report because "he did not have any relationship with Lend Tech Loans, has never conducted any business with

Lend Tech Loans, and has never provided any authorization to Lend Tech Loans to obtain his consumer report." *Id.*, ¶¶ 49-50.  In its Motion, Experian argues that Plaintiff fails to allege any facts demonstrating that Experian violated Section 1681b(c) and Section 1681e(a) and fails to allege any facts demonstrating that Experian's conduct was willful.  In his Opposition, Plaintiff argues that his allegations are sufficient to state a claim.

### 1. Plaintiff Failed to Allege That Experian Violated Section 1681b(c).

In this case, Plaintiff has failed to allege any facts demonstrating that Experian knew, or had any indication, that Lend Tech would not issue firm offers of credit or that it was reselling Plaintiff's information to UDS.  To the contrary, Plaintiff affirmatively alleges that Experian furnished Plaintiff's consumer report to Lend Tech based on Lend Tech's "representation that it intended to use [the] report for the purpose of a firm offer of credit." *Id.*, ¶ 48.  Thus, Plaintiff admits that Experian had "reason to believe" that it was furnishing Plaintiff's consumer report in accordance with Section 1681b(c)(1).  *See Henderson v. Corelogic Nat'l Background Data, LLC*, 161 F. Supp. 3d 389, 397 n.7 (E.D. Va. 2016) ("[T]o show that a report was 'furnished' for a permissible purpose. . . a CRA need only show that it had 'reason to believe' that the report would be used for that purpose, and obtained appropriate certifications from its customers that the report would be used only for that purpose").  Therefore, the Court concludes that Plaintiff has failed to allege any facts demonstrating that Experian violated Section 1681b(c).

### 2. Plaintiff Failed to Allege That Experian Violated Section 1681e.

To allege a claim for a violation of Section 1681e, Section 1681e requires more from a credit reporting agency than merely obtaining a subscriber's general promise to obey the law." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010).  However, "a plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b." *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000); *see also Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 878 (W.D. Tex. 2016); *Baker v. Trans Union LLC*, 2008 WL 4838714, at *5 (D. Ariz. Nov. 6, 2008).  In this case, the Court has already concluded that Plaintiff failed to allege any facts demonstrating that Experian violated Section 1681b(c).  Because Plaintiff failed to demonstrate that Experian released his consumer report in violation of Section 1681b(c),  Plaintiff cannot bring a claim based on Experian's violation of the "reasonable procedures" requirement of Section 1681e.

Moreover, Plaintiff fails to identify a single process or procedure Experian lacked or failed to follow in evaluating whether Lend Tech had a permissible purpose.  Instead, Plaintiff alleges in conclusory fashion that Experian should have known that Lend Tech lacked a permissible purpose based on certain "red flags."  However, neither of the "red flags" relied on by Plaintiff demonstrates that Experian lacked reasonable procedures to ensure that Lend Tech had a permissible purpose under Section 1681b.  For example, Plaintiff alleges that Experian lacked reasonable procedures because Experian failed to discover that Lend Tech did "not possess any license to conduct any financial services."  Complaint, ¶ 54.  However, the California Department of Real Estate's website indicates that Lend Tech had obtained a corporate broker's license on August 11, 2017.  Because "a real estate broker can perform services for both lenders and borrowers in connection with loans secured by liens on real property," there was no reason for Experian to be suspicious about Lend Tech's lack of a lending license.  *See Bock v. Cal. Capital Loans, Inc.*, 216 Cal. App. 4th 264, 269

(2013). Plaintiff also alleges that Experian lacked reasonable procedures because Experian failed to discover that the address and telephone number for Lend Tech listed on Plaintiff's personal consumer report was "a nonworking telephone number and a business address that does not match the current address on [Lend Tech's] California business filing." Complaint, ¶ 55. However, Plaintiff does not allege if those facts existed at the time Experian verified Lend Tech's identity and permissible purpose. Moreover, Plaintiff does not explain how either the outdated address or nonworking telephone number demonstrates that Experian lacked reasonable procedures to ensure that Lend Tech had a permissible purpose under Section 1681b. *Pietrafesa v. First Am. Real Estate Info. Servs., Inc.*, 2007 WL 710197, at * 4 (N.D.N.Y. Mar. 6, 2007) (holding that "[i]t would be unreasonable to require credit reporting agencies . . . to independently investigate each and every request to determine its legitimacy").

### 3.     Plaintiff Has Failed to Allege a Willful Violation.

Furthermore, even if Plaintiff had alleged a violation of Section 1681b(c) or Section 1681e(a), Plaintiff has failed to allege that Experian acted willfully. "The FCRA does not impose strict liability." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Instead, liability is imposed only when a CRA either willfully or negligently fails to maintain reasonable procedures to avoid improper disclosures. *See Banga v. Experian Info. Sols., Inc.*, 2013 WL 5539690, at *6 (N.D. Cal. Sept. 30, 2013) ("The FCRA imposes civil liability on any consumer reporting agency which is either negligent or willful in failing to comply with any requirement imposed under the FCRA. 15 U.S.C. §§ 1681n, 1681o"). In addition, in order to allege a claim for negligent violation of the FCRA, a plaintiff must allege actual damages. *See* 15 U.S.C. § 1681o; *see also Braun v. Client Servs., Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014) ("[A] complaint alleging a claim for negligent violation of the FCRA under § 1681o must allege actual damages"). In this case, because Plaintiff has not alleged actual damages, plaintiff must allege a willful violation.

An FCRA violation is willful if it is made either knowingly or with reckless disregard for the requirements imposed under the Act. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-60 (2007). A CRA acts in "reckless disregard" for purposes of the FCRA where its actions involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68 (internal quotation marks omitted). "In order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state . . . Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Monroe v. Guilford Cty. Dist. Court*, 2015 WL 4873002, at *1–2 (M.D.N.C. Aug. 13, 2015) (quoting *Braun*, 14 F. Supp. 3d at 397); *see also Mnatsakanyan v. Goldsmith & Hull APC,* 2013 WL 10155707, at *7 (C.D. Cal. May 14, 2013) (dismissing willfulness claim where plaintiff failed to allege facts showing defendant's "state of mind" in procuring plaintiff's consumer report).

In this case, Plaintiff's Complaint is devoid of any factual allegations concerning Experian's state of mind or its knowledge that Lend Tech was not using the prescreen reports for their intended purpose. In fact, there is not a single allegation that Experian had any indication that Lend Tech did not send firm offers of credit or that it was simply reselling consumers' information to UDS. Instead, Plaintiff makes generic and conclusory statements regarding Experian's sale of "consumer reports to businesses, such as Lend Tech." Complaint, at ¶ 59. However, this sort of conclusory allegation is insufficient to state a willfulness claim under Section 1681n. *See Braun*,

14 F. Supp. 3d at 398 (dismissing plaintiff's willfulness claim because it was pleaded in conclusory fashion, and amount[ed] to nothing more than a formulaic recitation of the elements of a cause of action . . . Defendant's conduct could just as likely have been unintentional"); *Mnatsakanyan*, 2013 WL 10155707, at *7 (dismissing plaintiff's willfulness claim because the complaint did "not allege that [defendant] knew it lacked a permissible reason for making a credit inquiry at the time it inquired"); *see also Perl v. Plains Commerce Bank*, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (dismissing plaintiff's willfulness claim, despite plaintiff sufficiently alleging that defendant "lacked a permissible purpose," because "plaintiff's assertion that defendant's state of mind in doing so was willful is conclusory").

Accordingly, Plaintiff's Motion is granted with respect to Count I of Plaintiff's Complaint, and because amendment is futile[2], Count I is dismissed without leave to amend.

### C. Plaintiff Failed to State a Claim Against Experian for Disclosing Plaintiff's Total Student Loan Debt to Lend Tech.

In Count II of the Complaint, Plaintiff alleges that Experian willfully violated Section 1681b(c)(2) by disclosing his total federal student loan debt on the prescreen report sold to Lend Tech. Complaint, ¶¶ 64-68. In its Motion, Experian argues that Plaintiff fails to state a claim because he fails to allege any facts demonstrating that Experian violated Section 1681b(c)(2) and fails to allege any facts demonstrating that Experian's conduct was willful. In its Opposition, Plaintiff argues that his allegations are sufficient to state a claim.

#### 1. Plaintiff Failed to Allege That Experian Violated Section 1681b(c)(2).

Under § 1681b(c)(2), the information that can be provided by Experian in a prescreen report is limited to the name and address of the consumer, an identifier not unique to the consumer that is used by the consumer reporting agency's customer solely for verifying the identity of the consumer, and other information pertaining to the consumer that does not identify the

---

[2] Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). "Leave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quotations and citations omitted). In this case, Plaintiff has alleged facts that affirmatively demonstrate that Experian did not violate Section 1681b(c), and, thus, it would be impossible for Plaintiff to now allege contrary facts demonstrating that Experian violated Sections 1681b(c) and 1681e. *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (9[h] Cir. 1990) (affirming district court's dismissal of claim without leave to amend and holding that "[a]lthough leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading") (internal quotation omitted).

relationship or experience of that consumer with respect to a particular creditor.  In his Complaint, Plaintiff does not allege that Experian provided a prescreen report identifying any particular creditor or entity.  Instead, Plaintiff alleges that Experian's disclosure of his total federal student loan information implied a relationship between Plaintiff and the USDE because the USDE owns all student loan debt.  Complaint, ¶¶ 65-67.  However, although USDE guarantees all student loan debt, a consumer does not have a direct relationship with the USDE.  Instead, the borrowers relationship exists only with a loan servicer which reports information to Experian.  *See, e.g., Student Loan Servicing All. v. D.C.*, 351 F.Supp. 3d 26, 39 (D.D.C. 2018) ("Student loan servicers serve as a kind of middle-man between lenders and borrowers").  Because Plaintiff did not allege that Experian disclosed his relationship with any particular servicer of his student loans, the Court concludes that Plaintiff has failed to allege a violation of Section 1681b(c)(2).

### 2. Plaintiff Failed to Allege A Willful Violation.

Furthermore, even if Plaintiff had alleged a violation of Section 1681b(c)(2), Plaintiff has failed to allege that Experian acted willfully.  As the Supreme Court held in *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 69-70 (2007), a defendant does not act willfully under Section 1681n(a) unless its conduct was "objectively unreasonable" in light of "legal rules that were 'clearly established' at the time."  In this case, Plaintiff does not cite any statutory language, case law, or any guidance from the Federal Trade Commission that renders Experian's reading of the FCRA "objectively unreasonable."  See *Banga*, 2013 WL 5539690, at *6.  To the contrary, Plaintiff has "acknowledged a lack of case law or regulatory guidance on the issue."  See Joint Statement Regarding Defendant Experian Information Solutions, Inc.'s Rule 12(b)(6) Motion to Dismiss (Docket No. 24), 2:26-27.  In fact, courts that have addressed prescreens in the context of student loan consolidation programs have never held that disclosing student loan information in the prescreening process runs afoul of Section 1681b(c)(2).  *See McDonald v. Nelnet, Inc.*, 477 F. Supp. 2d 1010, 1014-15 (E.D. Mo. 2007); *Schwartz v. Goal Financial LLC*, 485 F. Supp. 2d 170, 177-78 (E.D. N.Y. 2007).

In addition, "[w]ithout clear authority to the contrary, Experian's procedures do not amount to a willful violation of the prescreening process."  *Sheldon v. Experian Info. Sols., Inc.*, 2010 WL 3768362, at *6 (E.D. Pa. Sept. 28, 2010).  Therefore, because Experian's interpretation of Section 1681b(c)(2) is "at least objectively reasonable," Plaintiff has "failed to state claim for a willful violation."  *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 878 (W.D. Tex. 2016); *see also Banga*, 2013 WL 5539690, at *7 ("Because it was not objectively unreasonable for Experian to furnish credit reports to a former creditor for 'account review' purposes, Experian did not willfully violate the FCRA by failing to maintain reasonable compliance procedures").

Accordingly, Plaintiff's Motion is granted with respect to Count II of Plaintiff's Complaint, and because amendment is futile, Count II is dismissed without leave to amend.

### IV. Conclusion

For all the foregoing reasons, Experian's Motion is **GRANTED**.  Plaintiff's Complaint against Experian is **DISMISSED without leave to amend**, and the action against Experian is **DISMISSED**

**with prejudice**.³

      IT IS SO ORDERED.

---

    ³ The only claims alleged against Experian in the Complaint were Counts I and II, and Counts I and II were not alleged against any of the other defendants.