Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.,** an Ohio corporation, **Lend Tech Loans, Inc.**, a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>Defendants. | Case No.  8:19-cv-01257-JFW-PJWx<br><br>**PLAINTIFF'S OBJECTIONS TO EXPERIAN INFORMATION SOLUTIONS, INC.'S PROPOSED JUDGMENT**<br><br>Judge: Hon. John F. Walter<br><br>Complaint Filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

On December 5, 2019, the Court issued its Order granting Defendant Experian Information Solutions, Inc.'s ("Defendant" or "Experian") motion to dismiss ("Order"). (Dkt. 52.) In doing so, the Court dismissed the first two counts of Plaintiff's Complaint without leave to amend and dismissed the action with

respect to Experian only. (*See id.*) On December 9, 2019, Experian filed a Proposed Judgment. (Dkt. 53-1.) The judgment is premature and seeks to raise an issue with respect to legal fees where none exists. As such, Plaintiff Bryce Abbink ("Plaintiff or "Abbink") respectfully files the following objections to Experian's Proposed Judgment. (Dkt. 53-1.):

## OBJECTIONS TO PROPOSED JUDGMENT

**(1)   Experian's Proposed Judgment Is Premature—The Dismissal Order Did Not Dispose of All Claims Against All Parties, And The Court Has Not Certified The Order Under Rule 54(b).**

First, the Proposed Judgment is premature. Experian lodged its proposed judgment prior to the disposal of this action or any determination by this Court that its Order was intended to be a final appealable decision.

When an action presents more than one claim for relief or involves multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." *Id.* Accordingly, prior to entering final judgment with respect to a particular party, the Court must enter a Rule 54(b) certification which makes an "'express determination that there is no just reason for delay,'" *Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (quoting Fed. R. Civ. P. 54(b)). A failure to make this express determination renders a court's Rule 54(b) certification invalid. *See id.* ("The district court's 54(b) certification was not valid. It never made a requisite "express determination that there is no just reason for delay.").

1    Put simply, absent a proper Rule 54(b) certification, "orders dismissing some

2  but not all of the defendants or claims are not final." *Lincoln v. Rowland*, 12 F.3d

3  1107, 1107 (9th Cir. 1993) (citing Fed. R. Civ. P. 54(b)).

4    Experian's proposed final judgment was filed before the Court issued a final

5  order or a Rule 54(b) certification. This case involves three defendants—Experian,

6  Lend Tech Loans, Inc. ("Lend Tech"), and Unified Document Services, LLC

7  ("UDS")—and five claims for relief. (*See* Dkt. 1.) In its Order, the Court dismissed

8  only counts I & II of Plaintiff's Complaint. (Dkt. 52.) This leaves three operative

9  counts against the remaining defendants, Lend Tech and UDS—which were both

10  properly served on September 26, 2019. (*See* Dkts. 44, 45.) Therefore, because the

11  Court's Order did not adjudicate all claims with respect to all Parties, the decision is

12  not final with respect to any party, including Experian.

13    As the Order did not adjudicate all claims, the Court would need to issue a

14  Rule 54(b) certification as to the claims against Experian. The Court, however, has

15  not done so, nor has Experian bothered to request such a certification. In short, the

16  Court is without any basis for approving Experian's proposed judgment.

17    For his part, Plaintiff intends to obtain default judgments against both Lend

18  Tech and UDS. Indeed, Plaintiff has filed requests for entry of default against the

19  remaining defendants. (*See* Dkts. 54, 55.) Following the entry default pursuant to

20  Rule 55(a), Plaintiff will file motions for default judgment against Lend Tech and

21  UDS. Assuming that the Court determines that default judgment is proper, then this

22  case will be appropriately situated for entry of final judgment without the need for a

23  Rule 54(b) certification.

24    Because this Court has neither adjudicated all of the claims nor rendered any

25  express determination consistent with Rule 54(b), the Court should strike

26  Experian's proposed judgment.

27
28

**(2)     Experian's Request for Attorneys' Fees Is Also Improper.**

Plaintiff also objects to Experian's proposed holdings. In its Proposed Judgment, Experian asks the Court to: (1) enter final judgment in favor of Experian Information Solutions, Inc. and against Plaintiff Bryce Abbink as to each and every claim asserted in Plaintiff's Complaint asserted against Experian; (2) dismiss the claims against Experian with prejudice, and (3) allow Experian to recover its costs and attorneys fees from Plaintiff to the extent permitted by law. (*See* Dkt. 53-1.) Plaintiff objects to this third holding to the extent that it implies Experian is entitled to any attorneys' fees at all.

Under the FCRA, attorneys' fees are awarded to a prevailing defendant *only* following a finding that "an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment." *See* 15 U.S.C. § 1681n(c); *see also Arutyunyan v. Cavalry Portfolio Services*, No. CV 12-4122 PSG (AJWx), 2013 WL 500452, at *2 (C.D. Cal Feb. 11, 2013). To be clear, a court's finding that a plaintiff has failed to state a claim is not a sufficient basis to award attorneys' fees—instead, the defendant must demonstrate that the complaint was filed in bad faith. *See Linlor v. Chase Bankcard Services, Inc.*, Case No.: 17-cv-0005-WQH-KSC, 2019 WL 246566, at *2 (S.D. Cal. Jan. 17, 2019) ("Although Plaintiff failed to provide the requisite facts to maintain a FCRA claim, Defendants have failed to establish that Plaintiff's actions in initiating this matter constituted more than bad judgment or negligence."); *see also Lewis v. Experian Information Solutions, Inc.*, Case No. 5:18–cv–00252–RGK–SHK, 2018 WL 1989449, at *6 (C.D. Cal. Mar. 20, 2018) ("Lewis presents insufficient evidence to support her claim of inaccurate reporting, this does not amount to bad faith.").

Experian is not entitled to attorneys' fees in this case. Experian has not

presented any facts to demonstrate bad faith on the part of Plaintiff, nor has it even raised the issue to this Court. Likewise, the Court dismissed Plaintiff's Complaint with respect to the two counts asserted against Experian for failure to state a claim but never said anything at all in its dismissal Order to suggest that the claims had been asserted in bad faith or that Experian was otherwise entitled to legal fees. (*See* Dkt. 52.) Experian certainly never alleged any facts that demonstrate bad faith on the part of Plaintiff and never raised the issue of bad faith in its motion to dismiss. Rather, Experian's motion to dismiss relied only on a failure to allege sufficient facts to state a claim, which is not a basis for an award of attorneys' fees.

Regardless, and in an apparent over-aggressive attempt to dissuade Plaintiff from appealing or otherwise continuing with this case, Experian chose to include a baseless statement in its improperly-filed and premature proposed judgment that "Experian shall recover its costs and attorneys fees from Plaintiff to the extent permitted by law." (*See* Dkt. 53-1.) Given that Experian has failed to provide any sufficient basis to support this statement, it amounts to little more than harassment—the very conduct of which Experian ostensibly complains. As such, Plaintiff respectfully requests that the Court refuse to enter any judgment stating that Experian shall recover its attorneys' fees or that invites Experian to file such a baseless motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to enter the proposed judgment. Prior to a certification under Fed. R. Civ. P. 54(b), this Court lacks any basis for entering final judgment. And to the extent the Court considers entering final judgment, that judgment should not include any statement suggesting that Experian is entitled to any attorneys' fees.

Respectfully submitted,

Dated: December 16, 2019

**Bryce Abbink**, individually and on behalf of all others similarly situated,

By:   _/s/ Taylor T. Smith_____
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

1

**CERTIFICATE OF SERVICE**

2       The undersigned hereby certifies that a true and correct copy of the above

3 titled document was served upon counsel of record by filing such papers via the

4 Court's ECF system on December 16, 2019.

5                                     */s/ Taylor T. Smith*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28