1  Aaron D. Aftergood (239853)
      aaron@aftergoodesq.com
2  **THE AFTERGOOD LAW FIRM**
   1880 Century Park East, Suite 200
3  Los Angeles, CA 90067
   Telephone: (310) 550-5221
4  Facsimile: (310) 496-2840

5  Taylor T. Smith (*admitted pro hac vice*)
      tsmith@woodrowpeluso.com
6  **WOODROW & PELUSO, LLC**
   3900 East Mexico Avenue, Suite 300
7  Denver, Colorado 80210
   Telephone: (720) 213-0675
8  Facsimile: (303) 927-0809

9  Attorneys for Plaintiff and the Classes

10                **UNITED STATES DISTRICT COURT**
11                **CENTRAL DISTRICT OF CALIFORNIA**
                  **WESTERN DIVISION**
12

13  **Bryce Abbink,** individually and on
14  behalf of all others similarly situated,          Case No.  8:19-cv-01257-JFW-PJWx

15                      Plaintiff,                     **JOINT STATEMENT**
                                                       **REGARDING PLAINTIFF**
16  v.                                                 **BRYCE ABBINK'S MOTION TO**
                                                       **RECONSIDER ORDER**
17                                                     **GRANTING DEFENDANT**
18  **Experian Information Solutions, Inc.**,          **EXPERIAN INFORMATION**
    an Ohio corporation, **Lend Tech**                 **SOLUTIONS, INC.'S MOTION**
19  **Loans, Inc.**, a California corporation,         **TO DISMISS**
20  and **Unified Document Services, LLC**,
    a California Limited Liability                     Judge: Hon. John F. Walter
21  Company,
22                                                     Courtroom: 7A
                        Defendants.                    Complaint Filed: June 21, 2019
23                                                     Pretrial Conf.: June 12, 2020
24                                                     Trial Date: June 23, 2020
25

26        Pursuant to L.R. 7-3 and this Court's Standing Order (dkt. 16), Plaintiff
27

28

1  Bryce Abbink ("Plaintiff" or "Abbink") and Defendant Experian Information

2  Solutions, Inc. ("Defendant" or "Experian"), by and through their respective

3  counsel, hereby submit this joint statement summarizing their meet and confer

4  efforts regarding Plaintiff's impending Motion to Reconsider Order Granting

5  Defendant Experian Information Solutions, Inc.'s Motion to Dismiss ("Motion").

6  On December 20, 2019, Taylor T. Smith, counsel for Plaintiff, and Ryan D.

7  Ball and Justin A. Potesta, counsel for Experian, conferred via a conference call

8  regarding the Motion, which lasted approximately twenty minutes. Plaintiff's

9  counsel informed Experian that he intended to file a motion to reconsider the

10  Court's Order granting Experian's motion to dismiss. Specifically, the Motion will

11  be limited to the Court's decision to deny leave to amend with respect to Count I of

12  Plaintiff's Complaint. Plaintiff contends that he should have been granted leave to

13  allege additional facts with respect to the violation of Section 1681e(a) and that the

14  failure to grant leave was a clear error of law. That is, the Court's refusal to grant

15  leave was premised on the decision that Plaintiff would have to sufficiently allege

16  that Experian violated Section 1681b to maintain any claim for a violation of

17  Section 1681e(a). This decision is in direct conflict with controlling Ninth Circuit

18  precedent, which permits Experian to be liable for its subscriber's—in this case,

19  Lend Tech's—Section 1681b violation. *See Pintos v. Pacific Creditors Ass'n*, 605

20  F.3d 665, 677 (9th Cir. 2010) (citing *Guimond v. Trans Union Credit Info. Co.*, 45

21  F.3d 1329, 1333 (9th Cir.1995) ("A credit reporting agency may be liable for its

22  subscriber's violation when the agency fails to comply with the statutory obligations

23  imposed by 15 U.S.C. § 1681e.").

24  Experian contends that reconsideration is improper, as all the arguments

25  Plaintiff plans to raise on reconsideration were or could have been raised in

26  opposition to Experian's motion to dismiss, particularly Plaintiff's current position

27

28

1 │ that the FCRA purportedly allows Experian to be held liable for Lend Tech's

2 │ alleged violation of Section 1681b. *See, e.g., Reddy v. Gilbert Med. Transcription*

3 │ *Serv., Inc.*, No. 10-cv-524-JFW-DTBx, 2010 WL 11509095, at *1 (C.D. Cal. June

4 │ 11, 2010) ("[M]otions for reconsideration 'are not to be used to test new legal

5 │ theories that could have been presented when the original motion was pending.'"

6 │ (citations omitted)) (Walter, J.).  Indeed, Plaintiff relies on the same authority that

7 │ he relied upon in opposing Experian's motion to dismiss. (*See* ECF No. 34 at 13.)

8 │ For this reason, Experian expressed its intention to seek fees for having to respond

9 │ to Plaintiff's motion.  *See Figueroa v. Gates*, 2002 WL 31572968, at *3 (C.D. Cal.

10 │ Nov. 15, 2002) (ordering payment of reasonable attorneys' fees for defending

11 │ against motion that failed to comply with Local Rule 7-18).

12 │         Moreover, even if Plaintiff could allege that Lend Tech violated Section

13 │ 1681b, Experian maintains that Plaintiff's Section 1681e claim still fails because he

14 │ cannot "identify a single process or procedure Experian lacked or failed to follow in

15 │ evaluating whether Lend Tech had a permissible purpose."  (Order, ECF No. 52 at

16 │ 4.)  As the Court properly recognized,  it "would be unreasonable to require credit

17 │ reporting agencies . . . to independently investigate each and every request to

18 │ determine its legitimacy." (*Id.* at 5 (quoting *Pietrafesa v. First Am. Real Estate Info.*

19 │ *Servs., Inc.*, 2007 WL 710197, at *4 (N.D.N.Y. Mar. 6, 2007)).  The Parties reached

20 │ an impasse on this issue.

21 │         Plaintiff further contends that he could state additional facts that demonstrate

22 │ a willful violation of Section 1681e(a) on the part of Experian should the Court

23 │ decide to grant leave to amend. Experian contends that amendment would be futile

24 │ on the question of willfulness—which frustrates all Plaintiff's claims—because

25 │ Plaintiff cannot point to any evidence that Experian had any knowledge or reason to

26 │ suspect that Lend Tech was reselling Plaintiff's information to UDS.  Thus,

27 │

28 │

1  Plaintiff cannot credibly allege that Experian "kn[ew] that Lend Tech was not using

2  the prescreen reports for their intended purpose." (Order, ECF No. 52 at 5.) For this

3  additional reason, Plaintiff cannot show that Experian violated Section 1681e(a),

4  much less show that Experian's conduct was willful.

5      Counsel for Plaintiff and Experian were unable to come to any agreement

6  with respect to Plaintiff's Motion for Reconsideration.

7

8                                    Respectfully submitted,

9

10  Dated: December 26, 2019         By:    /s/ Taylor T. Smith

11                                   Aaron D. Aftergood (239853)
                                       aaron@aftergoodesq.com
12                                   **THE AFTERGOOD LAW FIRM**
                                     1880 Century Park East, Suite 200
13                                   Los Angeles, CA 90067
                                     Telephone: (310) 550-5221
14                                   Facsimile: (310) 496-2840

15                                   Taylor T. Smith (*admitted pro hac vice*)
                                       tsmith@woodrowpeluso.com
16                                   **WOODROW & PELUSO, LLC**
                                     3900 East Mexico Avenue, Suite 300
17                                   Denver, Colorado 80210
                                     Telephone: (720) 213-0675
18                                   Facsimile: (303) 927-0809

19                                   Attorneys for Plaintiff and the Classes

20

21
    Dated: December 26, 2019         By:    /s/ Ryan D. Ball
22
23                                   Richard J. Grabowski
                                     Ryan D. Ball
24                                   Jack Williams IV
                                     Justin A. Potesta
                                     **JONES DAY**
25                                   3161 Michelson Drive, Suite 800
                                     Irvine, CA 92612.4408
26
27                                   Attorneys for Defendant
                                     Experian Information Solutions, Inc.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Defendant's counsel concurs with the content of this document and has authorized me to affix her signature to the document and file the same with the Court.

*/s/ Taylor T. Smith*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 26, 2019.

*/s/ Taylor T. Smith*