Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.**, an Ohio corporation, **Lend Tech Loans, Inc.**, a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>Defendants. | Case No.  8:19-cv-01257-JFW-PJWx<br><br>**NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS**<br><br>Date: February 3, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint Filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

**PLEASE TAKE NOTICE** that on Monday, February 3, 2020 at 1:30 p.m., or as soon thereafter as counsel may be heard, counsel for Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") shall appear before the Honorable John F. Walter or any judge sitting in his stead in Courtroom 7A of the United States District Court for the Central District of California, United States Courthouse, 350 W. 1st Street, Los

Angeles, CA 90012 and present Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss.

Plaintiff moves the Court for an Order granting Plaintiff leave to amend his Class Action Complaint. This Motion is based on this Notice and Motion, the Memorandum in Support of the Motion, oral argument of counsel, and any other matter that may be submitted at the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 20, 2019. (*See* Dkt. 60.)

Respectfully submitted,

Dated: January 2, 2020

**Bryce Abbink**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................iv

**I.     Introduction** ..................................................................................................1

**II.    Legal, Factual, And Procedural Background** ............................................3

**III.   Argument**......................................................................................................6

      **A.    The Court's Denial of Leave to Amend was Committed in Clear Error—in the Ninth Circuit, a violation of Section 1681e(a) can be Predicated on a Subscriber's Violation.**............................................7

      **B.    Plaintiff Can Additionally Allege Sufficient Facts to Demonstrate That Experian's Violations of Section 1681e Were Willful.** .........10

**IV.    Conclusion** .................................................................................................13

Notice of Motion and Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- iii -

# TABLE OF AUTHORITIES

*Baker v. Trans Union LLC*, No. CV 07–8032–PCT–JAT, 2008 WL 4838714 (D. Az. Nov. 6, 2008) .................................................................................. 9, 10

*Gadda v. State Bar of Cal.*, 511 F.3d 933 (9th Cir. 2007) ........................................ 9

*Levine v. Safeguard Health Enterprises, Inc.*,
    32 Fed.Appx. 276 (9th Cir. 2002) ....................................................... 10

*Pacific Coast Federation of Fishermen's Ass'n Locke*, No. C 10–04790 CRB, 2011 WL 289927 (N.D. Cal. Jan. 27, 2011) ................................................... 7

*Perrill v. Equifax Information Services, LLC*,
    205 F.Supp.3d. 869 (W.D. Tex. 2016) .................................................. 9

*Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) ...................... 2, 7, 8

*Ramsey v. Arizona*, No. 05–3130–PHX–JAT, 2006 WL 2711490 (D. Az. Sept. 21, 2006) ........................................................................................... 7

*Seven Arts Pictures PLC v. Fireworks Entertainment, Inc.*, 244 Fed.Appx. 836 (9th Cir. 2007) ................................................................................................ 7

*Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216 (D. Az. 2012) ........................................................................... 7

*Washington v. CSC Credit Services Inc.*, 199 F.3d 263 (5th Cir. 2000) .................. 9

**STATUTES, RULES, SECONDARY SOURCES**

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ......................................... 1, 11

16 C.F.R. § 642.3, *et seq.* ....................................................................................... 11

L.R. 7-18 .................................................................................................................. 7

Colo. Rev. Stat. § 12-10-202 ................................................................................. 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This case challenges Defendant Experian Information Solutions, Inc.'s ("Defendant" or "Experian") sale of consumer reports to Defendant Lend Tech Loans, Inc. ("Lend Tech") absent any permissible purpose in violation of the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681e(a), *et seq*. The claim is straightforward: Experian sold reports to Lend Tech, which claimed to have the permissible purpose of extending firm offers of credit. Had Experian bothered to do the bare minimum investigation required under FCRA, however, it would have learned that Lend Tech does nothing of the sort. Rather, Lend Tech obtained Plaintiff Bryce Abbink's ("Plaintiff" or "Abbink") consumer report (and the consumer reports of approximately 100,000 other people) absent any permissible purpose, failed to extend a single firm offer of credit to any of them, and later resold their reports to another company in violation of 15 U.S.C. § 1681b(f), *et seq*.

On August 14, 2019, Experian moved to dismiss arguing that Plaintiff had failed to state a claim. (Dkt. 25.) Experian argued that it could not be liable under Section 1681e(a) for having sold Plaintiff's consumer report to Lend Tech because Plaintiff supposedly did not allege how Experian could have known that Lend Tech did not possess a permissible purpose or that it wasn't making firm offers of credit to consumers. Following briefing, the Court issued an Order dismissing all claims alleged against Experian without leave to amend. (*See* Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss ("MTD Order"), Dkt. 52.) In denying leave to amend, the Court reasoned that "[b]ecause Plaintiff failed to demonstrate that Experian released his consumer report in violation of Section 1681b(c), Plaintiff cannot bring a claim based on Experian's violation of the "reasonable procedures" requirement of Section 1681e." (MTD Order, pg. 4.)

The Court's holding is clearly at odds with controlling Ninth Circuit precedent. It is well settled that consumer reporting agencies, such as Experian, "may be liable for *its subscriber's violation* when the agency fails to comply with the statutory obligations imposed by 15 U.S.C. § 1681e." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010) (citation omitted). Thus, while it is true that a Section 1681e(a) claim must be predicated on a Section 1681b violation, the FCRA does not require that 1681b violation to have been committed by the consumer reporting agency. Rather, the Section 1681e(a) violation can be predicated upon a subscriber's (in this case, Lend Tech's) violation of Section 1681b. Given that Plaintiff clearly alleges that Lend Tech obtained his report absent any permissible purpose, this is a violation for which Experian can be held liable.

Amendment would not be futile. If granted leave to amend, Plaintiff can allege additional facts to demonstrate that Experian lacked reasonable procedures designed to limit the furnishing of consumer reports to those parties with permissible purposes. The facts demonstrate that Experian failed to ensure that Lend Tech had a permissible purpose for obtaining consumer reports from consumers outside California, such as Plaintiff. Instead, Experian conducted a flawed review of Lend Tech restricted only to its ability to conduct business in California. Then, Experian permitted Lend Tech to pull whatever consumer reports Lend Tech ordered nationwide, including reports regarding consumers in Colorado and other states. Moreover, Plaintiff can allege additional facts that demonstrate that Experian had a "set-it-and-forget-it" review policy wherein Experian coached Lend Tech as to how to secure Experian's reports. Put simply, Plaintiff can allege that Experian's actions enabled Lend Tech to engage in the very conduct that the FCRA was enacted to protect against.

Given the Ninth Circuit's holding in *Pintos*, the Court's denial of leave to

amend was clear error. As such, and as explained further below, this Court should reconsider the denial of leave to amend and grant Plaintiff fourteen (14) days to file an amended pleading.

## II.   Legal, Factual, And Procedural Background

Experian is one of the major credit bureaus, known as consumer reporting agencies under the FCRA. (Compl. ¶ 5.) Experian aggregates the data of millions of consumers worldwide and then sells that information to banks, credit card companies, and various other companies that have a permissible purpose under the statute. (*Id.* ¶ 5.)

Lend Tech is a California corporation that claims to engage in the business of mortgage lending. (Compl. ¶ 24.) However, Lend Tech does not possess any license that is registered on the National Multistate Licensing System ("NMLS"). (*Id.* ¶ 7.) In fact, Lend Tech does not offer consumers any form of credit or insurance at all. (*Id.* ¶ 28.) Regardless, in or around January 2019, Lend Tech submitted a request to Experian to obtain information contained in Plaintiff's consumer report. (*Id.* ¶ 26.) Lend Tech requested Plaintiff's consumer report for the stated purported purpose of making a firm offer of credit. (*Id.* ¶ 48.) In making the request, Lend Tech provided inaccurate information, including a nonworking telephone number and a business address that does not match the current address on its California business filing. (*Id.* ¶ 55.)

Rather than deny or take other definitive steps to reasonably investigate the request, on January 21, 2019, Experian sold Plaintiff's consumer report to Lend Tech. (Compl. ¶ 27.) In doing so, Experian demonstrated a failure to implement reasonable procedures to prevent the furnishing of consumer reports for impermissible purposes. (*Id.* ¶ 29.) Experian failed to make a reasonable effort to verify Lend Tech's identity or the supposed "permissible purpose" that Lend Tech

Notice of Motion and Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- 3 -

provided to obtain Plaintiff's consumer report. (*Id.* ¶ 29.) Instead, Experian simply accepted Lend Tech's blanket assertion that it had a permissible purpose for obtaining the consumer reports—eschewing a reasonable investigation in favor of taking Lend Tech's claim at face value—and sold Plaintiff's consumer report without an actual permissible purpose. (*Id.* ¶¶ 7, 29.) Additionally, Experian accepted Lend Tech's stated address and telephone number (both of which are incorrect) and published both pieces of information on Plaintiff's consumer report. (*Id.* ¶ 55.)

Shortly thereafter, Lend Tech sold information contained in Plaintiff's consumer report to UDS. (Compl. ¶ 31.) UDS used this information to target, via direct mailings, Plaintiff and the alleged class members for the purpose of soliciting them to purchase its "fee-based application assistance" service. (*Id.* ¶ 32.) For a substantial fee, UDS offers to complete documents on behalf of consumers to consolidate their federal student loans—paperwork that can be easily completed for free via the Dept. of Education. (*Id.* ¶ 32.) UDS does not offer consumers any form of credit at all. (*Id.* ¶ 88.) The Department of Education even warns consumers not to fall prey the deceptive practices of companies like UDS. (*Id.* ¶¶ 32, 89.) Regardless, UDS used the personal information in Plaintiff's consumer report that it obtained from Lend Tech (and originally from Experian) to target him. (Compl., Ex. A.) The mailer prominently featured Plaintiff's total federal student loan debt, statements indicating that he may be eligible for consolidation of his federal student loans, and various other misleading statements. (*Id.*)

On June 21, 2019, Plaintiff filed his Class Action Complaint challenging Experian's sale of Plaintiff's consumer report to Lend Tech absent any permissible purpose. (Dkt. 1, Compl. ¶ 2.) On August 14, 2019, Experian filed its Motion to Dismiss for failure to state a claim. (Dkt. 25.) Plaintiff filed his Response in

1  Opposition to Experian's Motion to Dismiss on August 26, 2019 (dkt. 34), and
2  Experian filed its Reply on August 30, 2019 (dkt. 37).
3        On December 5, 2019, the Court issued an Order Granting Experian's
4  Motion to Dismiss. (Dkt. 52.) In the MTD Order, the Court held that Plaintiff could
5  not allege a violation of Section 1681e(a), stating that:

> To allege a claim for a violation of Section 1681e, Section 1681e requires more from a credit reporting agency than merely obtaining a subscriber's general promise to obey the law." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010). However, "a plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b." *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000); *see also Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 878 (W.D. Tex. 2016); *Baker v. Trans Union LLC*, 2008 WL 4838714, at *5 (D. Ariz. Nov. 6, 2008). In this case, the Court has already concluded that Plaintiff failed to allege any facts demonstrating that Experian violated Section 1681b(c). Because Plaintiff failed to demonstrate that Experian released his consumer report in violation of Section 1681b(c), Plaintiff cannot bring a claim based on Experian's violation of the "reasonable procedures" requirement of Section 1681e.

(MTD Order, pg. 4.) Based on this reasoning, the Court denied Plaintiff leave to amend with respect to his claim for a violation of Section 1681e, explaining that:

> Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court

|   |   |
|---|---|
| 1 | determines that permitting a plaintiff to amend would be an exercise |
| 2 | in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 |
| 3 | F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an |
| 4 | abuse of discretion where the pleadings before the court demonstrate |
| 5 | that further amendment would be futile."). "Leave to amend may be |
| 6 | denied if a court determines that allegation of other facts consistent |
| 7 | with the challenged pleading could not possibly cure the deficiency." |
| 8 | *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. |
| 9 | 2008) (quotations and citations omitted). In this case, Plaintiff has |
| 10 | alleged facts that affirmatively demonstrate that Experian did not |
| 11 | violate Section 1681b(c), and, thus, it would be impossible for |
| 12 | Plaintiff to now allege contrary facts demonstrating that Experian |
| 13 | violated Sections 1681b(c) and 1681e. *Reddy v. Litton Industries, Inc.*, |
| 14 | 912 F.2d 291, 296-97 (9th Cir. 1990) (affirming district court's |
| 15 | dismissal of claim without leave to amend and holding that |
| 16 | "[a]lthough leave to amend should be liberally granted, the amended |
| 17 | complaint may only allege other facts consistent with the challenged |
| 18 | pleading") (internal quotation omitted). |
| 19 | (MTD Order, pg. 6, n.2.) |
| 20 | Based on this finding and explained further below, Plaintiff respectfully |
| 21 | moves the Court to reconsider its Order with respect to the denial of leave to |
| 22 | amend. |
| 23 | **III.   Argument** |
| 24 | In the Ninth Circuit, "[r]econsideration is appropriate 'if the district court (1) |
| 25 | is presented with newly discovered evidence, (2) committed clear error or the initial |
| 26 | decision was manifestly unjust, or (3) if there is an intervening change in |
| 27 | |
| 28 | |

controlling law,' or, perhaps, in some other 'highly unusual circumstances.'" *Seven Arts Pictures PLC v. Fireworks Entertainment, Inc.*, 244 Fed.Appx. 836, 838 (9th Cir. 2007) (quoting *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* L.R. 7-18.

As set forth below, the Court's decision to deny Plaintiff leave to amend was manifestly unjust and committed in clear error.

### A. The Court's Denial of Leave to Amend was Committed in Clear Error—in the Ninth Circuit, a violation of Section 1681e(a) can be Predicated on a Subscriber's Violation.

"'[A] manifest error of fact or law must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 231 (D. Az. 2012) (citing *In re Wahlin*, 2011 WL 1063196, at *2 (Bankr.D.Idaho March 21, 2011)); *see also Pacific Coast Federation of Fishermen's Ass'n Locke*, No. C 10–04790 CRB, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (citing *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr.C.D.Cal.2003)) ("A decision is manifestly unjust if it contains an error that 'is direct, obvious, and observable.'"). "The moving party must show more than a disagreement with the court's decision; the court should not grant a motion for reconsideration unless there is need to correct a clear error of law or prevent manifest injustice." *Ramsey v. Arizona*, No. 05–3130–PHX–JAT, 2006 WL 2711490, at *1 (D. Az. Sept. 21, 2006).

The Ninth Circuit has held that, "[a] credit reporting agency may be liable for *its subscriber's violation* when the agency fails to comply with the statutory obligations imposed by 15 U.S.C. § 1681e." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010) (citing *Guimond v. Trans Union Credit Info. Co.*, 45

1  F.3d 1329, 1333 (9th Cir.1995)) (emphasis added). In *Pintos*, the court specifically
2  addressed whether Experian could be liable in that case for a violation of Section
3  1681b committed by one of its subscribers, Pacific Creditors Association. *Id.* at
4  676-677 ("We next consider whether Experian is also liable for any violation of the
5  FCRA committed by PCA."). That would have been a pointless exercise if such
6  liability were unavailable under the Act. Hence, a violation of Section 1681e can be
7  premised on a subscriber's violation of Section 1681b—the 1681b violation need
8  not have been committed by the consumer reporting agency.
9        As such, the Court's denial of leave to amend based upon the conclusion that
10 to pursue a claim under 1681e Plaintiff must sufficiently allege that *Experian first*
11 *violated 1681b* is erroneous. Such a holding conflicts with clear and controlling
12 precedent, which states that Plaintiff must sufficiently allege a violation of Section
13 1681b—not that the consumer reporting agency is the party that violated 1681b.
14 Hence, the violation does not need to be Experian's violation. Rather, Experian's
15 violation of 1681e can be premised on Lend Tech's violation of 1681b. Here,
16 Plaintiff clearly alleged that Lend Tech violated Section 1681b(f) by procuring
17 Plaintiff's consumer report absent any permissible purpose. (Compl. ¶¶ 3, 10, 28,
18 71-81.) This is a violation for which Experian can be liable based upon its failure to
19 comply with its duties under Section 1681e(a). As such, the Court should grant
20 reconsideration and allow Plaintiff leave to amend additional facts.
21       Experian will likely argue that this motion merely seeks to rehash old
22 arguments or make arguments that he could have made in his response to
23 Experian's motion to dismiss. It is worth noting, however, that Experian failed to
24 raise the argument that was the basis for the Court's holding—that Plaintiff must
25 allege that Experian violated Section 1681b as a prerequisite to maintaining an
26 action for a violation of Section 1681e—in its Motion to Dismiss. (*See* Dkt. 25-1.)
27
28

1 | Instead, Experian opted to include this new argument in its reply. (*See* Dkt. 37, pgs.
2 | 4-5.) It is well settled that raising new arguments in reply briefs is improper. *See*
3 | *Gadda v. State Bar of Cal.*, 511 F.3d 933, n.2 (9th Cir. 2007) ("It is well established
4 | that issues cannot be raised for the first time in a reply brief.").

5 |     Further, Experian's argument was based on three inapposite cases, each of
6 | which actually support Plaintiff's position. First, *Washington v. CSC Credit*
7 | *Services Inc.*, 199 F.3d 263 (5th Cir. 2000) does not, as Experian suggested, stand
8 | for the proposition that a Section 1681e claim must be predicated upon a consumer
9 | reporting agency's violation of Section 1681b. Instead, the *Washington* court only
10 | addressed the issue of whether a claim for a violation of Section 1681e(a) can be
11 | maintained absent any Section 1681b claim at all. *See id.* at 267 ("a plaintiff
12 | bringing a claim that a reporting agency violated the "reasonable procedures"
13 | requirement of § 1681e must first show that the reporting agency released the report
14 | in violation of § 1681b."). Nowhere did the court opine that the violation must be
15 | committed by the consumer reporting agency. Instead, the Court only held that a
16 | Section 1681e claim must actually be based on some violation of Section 1681b. As
17 | such, this case offers Experian no help.

18 |     Second, *Perrill v. Equifax Information Services, LLC*, 205 F.Supp.3d. 869
19 | (W.D. Tex. 2016) involved only two parties, Perrill and Equifax, and no other co-
20 | defendants. Consequently, the court's dismissal of the Section 1681e(a) claims
21 | based upon Perrill's failure to state a claim for a violation of Section 1681b against
22 | Equifax makes sense. That is, since there were no other co-defendants there were no
23 | other Section 1681b violations to consider. This is not the situation here, where
24 | Plaintiff has clearly alleged that Lend Tech, a third party, violated Section 1681b.

25 |     Third, *Baker v. Trans Union LLC*, No. CV 07–8032–PCT–JAT, 2008 WL
26 | 4838714 (D. Az. Nov. 6, 2008) also militates against Experian's reading of the
27 |
28 |

1  statute. In *Baker*, the court dismissed the Section 1681e(a) claims against Trans
2  Union because Plaintiff failed to state any claim for any violation of Section 1681b.
3  However, the alleged violations of Section 1681b were actually asserted against the
4  co-defendant, NCO, and not against Trans Union. *See id.* at *4 ("Ms. Baker alleges
5  that she applied for a mortgage (in 2007) and that NCO obtained her credit report in
6  connection with collecting on a debt. . . . both of these uses are permissible, and
7  Trans Union therefore did not need her permission to share her credit report.").
8  Thus, *Baker* also does not stand for the proposition that a claim for a violation of
9  Section 1681e(a) must be premised on a consumer reporting agency's violation of
10 Section 1681b at all. Instead, just as in *Pintos*, there just must be *a violation* of
11 Section 1681b, and *that* violation can be committed by third parties.

12       The Court's Order denying Plaintiff leave to amend was committed in clear
13 error. As such, the Court should reconsider its denial of leave to amend.

14       **B.**    **Plaintiff Can Additionally Allege Sufficient Facts to Demonstrate**
15             **That Experian's Violations of Section 1681e Were Willful.**

16       "Dismissal without leave to amend is improper 'unless it is clear . . . that the
17 complaint could not be saved by any amendment.'" *[Levine v. Safeguard Health*
18 *Enterprises, Inc.*, 32 Fed.Appx. 276, 277 (9th Cir. 2002)](#) (citation omitted). Plaintiff
19 can allege facts to demonstrate that Experian willfully violated of Section 1681e(a)
20 by failing to implement reasonable procedures designed to limit the furnishing of
21 consumer reports for impermissible uses.

22       First, Plaintiff intends to limit his proposed class to Colorado consumers
23 about whom Experian sold a consumer report to Lend Tech on January 21, 2019.
24 Therefore, Plaintiff's class would likely be comprised as follows: "All Persons in
25 the Colorado (1) about whom Experian provided a consumer report; (2) to Lend
26 Tech; (3) on January 21, 2019." This amendment is based on the discovery

27
28

---

Notice of Motion and Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- 10 -

1  produced to date, which demonstrates that on January 21, 2019, Experian sold
2  consumer reports regarding consumers from only three states: California, Colorado,
3  and Texas.

4    Second, Plaintiff will allege that Experian failed to verify that Lend Tech
5  possessed any license to conduct any mortgage related activities in the State of
6  Colorado and that this failure directly violates Experian's own policies and
7  procedures. Plaintiff will allege that Lend Tech's designated mortgage broker(s)
8  similarly failed to possess any license whatsoever to conduct mortgage related
9  activities in the State of Colorado. To be clear, it is unlawful to operate as a real
10 estate broker in Colorado without first obtaining a license. *See* COLO. REV. STAT. §
11 12-10-202. Moreover, Plaintiff will allege that Lend Tech is not even registered to
12 conduct business in the State of Colorado. Taken together, it is unreasonable to
13 assume that Lend Tech could have solicited any mortgage business in this state, let
14 alone act as a mortgage broker.

15   Third, Plaintiff will allege additional facts to demonstrate that Experian's
16 policies and procedures amount to a "set it and forget it" process. Specifically,
17 Plaintiff will allege that Experian conducted a flawed review of Lend Tech
18 beginning in or around June 2017. The review was limited to only Lend Tech's
19 ability to conduct business in the State of California. A litany of issues arose during
20 Experian's review of Lend Tech. Lend Tech initially failed to possess any financial
21 information, an active website, a telephone number, or functioning business email
22 addresses. Lend Tech also provided a mortgage broker license for its purported
23 broker that listed a separate company. Moreover, Lend Tech supplied a purported
24 firm offer of credit mailer that was deficient in several ways: the mailer did not
25 include an adequate Prescreen & Opt Out Notice, as required by the FCRA. (*See* 15
26 U.S.C. § 1681m(d)(1); *see also* 16 C.F.R. § 642.3) Yet inexplicably, rather than
27
28

1  deny Lend Tech's application, Experian chose to advise Lend Tech as to how it
2  could navigate Experian's system so as to obtain the desired reports—advice that
3  included coaching Lend Tech as to the requirements of a firm offer of credit mailer
4  so as to pass internal muster. This seriously calls into question whether Experian's
5  processes prevents any misuse of consumer reports.

6        Fourth, Plaintiff will also allege that following its flawed review of Lend
7  Tech, Experian granted Lend Tech unrestricted access to its iScreen Product, which
8  is the system that allowed Lend Tech to request and receive consumer reports with
9  reckless abandon. Experian's failure to limit Lend Tech's access to consumer
10 reports allowed Lend Tech to pull reports from outside the scope of Experian's
11 review as well as outside the scope of its own legal authority. That is, Lend Tech
12 pulled consumer reports regarding Colorado consumers. Again, Lend Tech
13 possessed no licenses to conduct any business in Colorado.

14       Fifth, Plaintiff will allege that after Experian's initial review, it never
15 conducted any follow up review to verify that Lend Tech continued to possess a
16 permissible purpose to pull consumer reports from its iScreen Product. Likewise,
17 Experian never reviewed whether Lend Tech was pulling reports outside of
18 California, despite the fact that the system plainly keeps such records.

19       Sixth, Plaintiff will also allege that Lend Tech's request for consumer reports
20 were contrary to its stated permissible purpose—mortgage lending. That is, Lend
21 Tech submitted a proposed firm offer of credit letter that purported to solicit
22 consumers to refinance their existing home loans and included an estimated current
23 loan amount (information that could have been obtained as part of a prescreened
24 consumer report). Lend Tech's January 21, 2019 request for Plaintiff's consumer
25 report, however, was not limited to consumers who owned homes. Instead, Lend
26 Tech's request specifically included the following attributes: (1) # of open student
27
28

1  loans, (2) # of student loans opened within 12 months, and (3) aggregate balance of
2  student loans that was higher than 25,000. Taking these facts in a light most
3  favorable to Abbink, none of these attributes could have enabled Lend Tech to
4  make firm offers of credit to refinance a *home loan*. Rather, the request makes clear
5  that Lend Tech was simply misusing the information it was procuring all along.
6      Taken together, these facts sufficiently state a claim against Experian for a
7  violation of Section 1681e(a). That is, each of these facts, if proven true, would
8  show that Experian either knew or should have known that Lend Tech was not
9  actually making firm offers of credit to Plaintiff or the proposed class. Lend Tech
10 possessed no legal ability to even solicit Plaintiff or other Colorado consumers to
11 refinance their home loans. Put simply, Experian's failure to limit Lend Tech's
12 access to consumer reports to the confines of its review constitutes a knowing or
13 reckless disregard for its statutory duties. Plaintiff can allege as much, rendering the
14 Court's denial of leave to amend manifestly unjust and an error of law.
15     Plaintiff can allege additional facts to establish that Experian willfully
16 violated Section 1681e(a). As such, the Court should grant Plaintiff leave to amend
17 his Complaint.

18 **IV.  Conclusion**

19     The Court should reconsider its denial of leave to amend. Plaintiff has
20 demonstrated that the denial of leave to amend was based upon a clear error of law
21 that conflicts with controlling Ninth Circuit precedent. Further, the denial of leave
22 to amend was not without harm to Plaintiff. Plaintiff can and will allege sufficient
23 facts to demonstrate that Experian acted willfully with reckless disregard for its
24 statutory duties. As such, the Court should grant Plaintiff leave to amend his class
25 action complaint.

26
27                                   Respectfully Submitted,
28

|     |     |     |
| --- | --- | --- |
| 1   |     | **BRYCE ABBINK**, individually and on behalf of all others similarly situated, |
| 2   |     |     |
| 3   | Dated: January 2, 2020 | By: */s/ Taylor T. Smith* |
| 4   |     |     One of Plaintiff's Attorneys |

Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

|  |  |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that a true and correct copy of the above |
| 3 | titled document was served upon counsel of record by filing such papers via the |
| 4 | Court's ECF system on January 2, 2020. |
| 5 | */s/ Taylor T. Smith* |
| 6 |  |
| 7 |  |
| 8 |  |
| 9 |  |
| 10 |  |
| 11 |  |
| 12 |  |
| 13 |  |
| 14 |  |
| 15 |  |
| 16 |  |
| 17 |  |
| 18 |  |
| 19 |  |
| 20 |  |
| 21 |  |
| 22 |  |
| 23 |  |
| 24 |  |
| 25 |  |
| 26 |  |
| 27 |  |
| 28 |  |