**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80120
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff* Bryce Abbink
and the alleged Classes

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.,** an Ohio corporation, **Lend Tech Loans, Inc.,** a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>                                    Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST LEND TECH LOANS, INC.**<br><br>Date: February 10, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint Filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

**PLEASE TAKE NOTICE** that on Monday, February 10, 2020 at 1:30 p.m., or as soon thereafter as counsel may be heard, counsel for Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") shall appear before the Honorable John F. Walter or any judge sitting in his stead in Courtroom 7A of the United States District Court for the Central District of California, United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012 and present Plaintiff's Motion for Default Judgment Against

Lend Tech Loans, Inc. This Motion is based on this Notice and Motion, the Memorandum in Support of the Motion, oral argument of counsel, and any other matter that may be submitted at the hearing.

The undersigned further states that compliance with Local Rule 7-3 is not feasible because Lend Tech Loans, Inc. has not yet appeared in this litigation.

Respectfully submitted,

Dated: January 13, 2020

**Bryce Abbink**, individually and on behalf of all others similarly situated,

By:    _/s/ Taylor T. Smith_
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

Notice of Motion and Motion for Default Judgment Against Lend Tech Loans, Inc.

- ii -

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................iv

I.     INTRODUCTION .......................................................................................1

II.    LEGAL, FACTUAL, AND PROCEDURAL BACKGROUND...................2

III.   ARGUMENT..............................................................................................4

    A.    The Court Has Jurisdiction Over Both The Defendant As Well As The Subject Matter of this Case. ..................................................................4

    B.    Plaintiff Has Complied With The Procedural Requirements For Entry Of Default Judgment Against Lend Tech. ............................................5

    C.    An Examination Of The *Eitel* Factors Favors The Entry of Default....6

        1.    Plaintiff would suffer substantial prejudice absent a default......6

        2.    Default Judgment is warranted here because the well-pleaded allegations of Plaintiff's Complaint establish that Lend Tech violated the FCRA. ...................................................................7

           (a)    Plaintiff sufficiently alleges that Lend Tech willfully violated the FCRA by obtaining his consumer report absent any permissible purpose......................................8

           (b)    Plaintiff sufficiently alleges that Lend Tech resold his consumer report to UDS in violation of the FCRA..........9

        3.    The sum of money at stake is reasonable. ...............................10

        4.    Lend Tech failed to appear, as such, no dispute concerning material facts exists..............................................................12

        5.    Lend Tech's default was not the result of excusable neglect. ..12

        6.    Lend Tech's refusal to appear or respond renders a decision on the merits effectively impossible. ...........................................13

IV.   CONCLUSION .........................................................................................14

Notice of Motion and Motion for Default Judgment Against Lend Tech Loans, Inc.

- iii -

# TABLE OF AUTHORITIES

*Anthony California, Inc. v. Fire Power Co., Ltd.*, Case No. EDCV 15–876 JGB (SPx), 2015 WL 12866272 (C.D. Cal. Dec. 3, 2015) ..........................4

*Arndt v. Capital One Bank USA, N.A.*, ED CV 17-1036 FMO (JPRx), 2017 WL 3834722 (C.D. Cal. Aug. 31, 2017) ......................................................4

*Design Collection, Inc. v. Unlimited Avenues, Inc.*, Case No. CV 18-2481 FMO (JCx), 2019 WL 988679 (C.D. Cal. Jan. 18, 2019) ...........................14

*DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847 (9th Cir. 2007) ...................................6

*Ebueng v. Credit One Bank, N.A.*, Case No. EDCV-17-01991-MWF (ASx), 2018 WL 6010355 (C.D. Cal. Feb. 20, 2018)...........................................11

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) .........................................6

*Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) ......................................................7, 12

*Geddes v. United Financial* Group, 559 F.2d 557 (9th Cir. 1977) ..........................6

*Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021 (C.D. Cal. Jan. 15, 2016)................................................................13

*In re Tuli*, 172 F.3d 707 (9th Cir. 1999) ...................................................4

*Joe Hand Prod., Inc. v. Behari*, No. 2:12–cv–1522 KJM AC, 2013 WL 1129311 (E.D. Cal. Mar. 18, 2013)................................................................13

*Kausch v. Wilmore*, No. SACV 07–817 AG (MLGx), 2009 WL 481346 (C.D. Cal. 2009)................................................................................9

*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916 (C.D. Cal. 2010)...........................................................................8, 12

*Medici Textile, Inc. v. Mystique Apparel Group Inc.*, Case No. CV 18-8428 FMO (MAAx), 2019 WL 3099679 (C.D. Cal. Apr. 8, 2019) .....................11

*Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196 (D. Nev. 2002) ..................8, 9

*Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019) ................... 8

*PepsiCo, Inc. v. California Security Cans,*

      238 F.Supp.2d 1172 (C.D. Cal. 2002) .......................................... *passim*

*Vogel v. Rite Aid Corp.* 992 F.Supp.2d 998 (C.D. Cal. 2014) ............................ 7, 13

*Wecosign, Inc. v. IFG Holdings, Inc.*,

      845 F.Supp.2d 1072 (C.D. Cal 2012) ........................................... 13, 14

*Zaby v. Perfection Collection, LLC*, Case No. 2:19-cv-00539-RFB-DJA, 2019 WL

      5067184 (D. Nev. Oct. 9, 2019) ........................................................ 11

*5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM

      (PJWx), 2015 WL 12696201 (C.D. Cal. Oct. 15, 2015) ..................... 7

**STATUTES, RULES, SECONDARY SOURCES**

15 U.S.C. § 1681b, *et seq.* ................................................................................ 1, 8

15 U.S.C. § 1681e, *et seq.* ............................................................................... 9, 10

15 U.S.C. § 1681n, *et seq.* ............................................................................... 8, 11

Fed. R. Civ. P. 55 ................................................................................................... 5

Local Rule 55-1 ....................................................................................................... 5

Notice of Motion and Motion for Default Judgment Against Lend Tech Loans, Inc.

- v -

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This case challenges Defendant Lend Tech Loans, Inc.'s ("Lend Tech" or "Defendant") violations of the Fair Credit Reporting Act ("FCRA" or "Act"), 15 U.S.C. § 1681b, *et seq.*—specifically, its prohibition against obtaining consumer reports absent any permissible purpose and its protections against the unlawful resale of consumer reports. Plaintiff Bryce Abbink ("Abbink" or "Plaintiff") filed his Complaint on June 21, 2019 and obtained service on Lend Tech on September 26, 2019. To date, Lend Tech has failed to appear, answer, or otherwise respond to the Complaint.

As a result of its refusal to engage in this litigation, this Court should enter default judgment against Lend Tech. The Complaint contains well-pleaded allegations that detail Lend Tech's willful violations of the FCRA. The facts are straightforward: Lend Tech obtained Plaintiff's consumer report for the stated purpose of making a firm offer of credit. However, Lend Tech never provided Plaintiff any firm offer of credit. Moreover, Lend Tech never possessed any permissible purpose to obtain Plaintiff's report at all. Instead, Lend Tech obtained his consumer report and then resold the report to Defendant Unified Document Services, LLC ("UDS")—who likewise possessed no permissible purpose for obtaining the report. Hence, Lend Tech willfully violated the FCRA by obtaining the consumer reports absent a permissible purpose and again by unlawfully selling the report to a third party, UDS.

Furthermore, default judgment is warranted here because each of the *Eitel* factors—which the Ninth Circuit requires district courts to analyze—argues in favor of default. First, absent a default judgment Plaintiff would suffer substantial prejudice because he would lack any practical remedy. Second, Plaintiff's well-

pleaded allegations demonstrate straightforward violations of the FCRA. Third, the sum of money at stake is reasonable given that Plaintiff seeks statutory damages. Fourth, no dispute of material facts exists because Defendant has failed to answer or otherwise respond. Fifth, Defendant has received ample notice of this lawsuit and its default was not the product of excusable neglect. Sixth, a decision on the merits, while favored, is simply not possible given Lend Tech's wholesale refusal to participate in the litigation.

In short, the Court should enter default judgment against Lend Tech and in favor of Plaintiff.

## II.   LEGAL, FACTUAL, AND PROCEDURAL BACKGROUND

Lend Tech is a corporation incorporated and existing under the laws of the State of California.  (Compl. ¶ 18.) Lend Tech claims to engage in the business of mortgage lending. (*Id.* ¶ 24.) However, Lend Tech does not offer consumers any form or credit or insurance at all. (*Id.* ¶ 28.)

Regardless, in or around January 2019, Lend Tech submitted a request to Defendant Experian Information Solutions, Inc. ("Experian") to obtain information contained in Plaintiff's consumer report. (*Id.* ¶ 26.) In making the request, Lend Tech represented that it intended to use the report for the stated purported purpose of making a firm offer of credit. (*Id.* ¶ 48.) However, Lend Tech never possessed any permissible purpose for actually obtaining Plaintiff's consumer report. (*Id.* ¶ 49.) Moreover, Lend Tech has never provided Plaintiff with a firm offer of credit. (*Id.* ¶¶ 28, 50.)

Rather, Lend Tech obtained Plaintiff's consumer report and later resold his report to UDS. (*Id.* ¶ 31.) In doing so, Lend Tech made no effort to ensure that UDS had a permissible purpose for obtaining a consumer report. (*Id.* ¶ 76.) Indeed, UDS did not possess any permissible purpose. (*Id.* ¶¶ 77-79, 87.) Instead, UDS used this

information to target, via direct mailings, Plaintiff for the purpose of soliciting him to purchase its "fee-based application assistance" service. (*Id.* ¶ 32.) For a substantial fee, UDS offers to complete documents on behalf of consumers to consolidate their federal student loans—paperwork that can be easily completed for free via the Dept. of Education. (*Id.* ¶ 32.) To be clear, UDS does not offer consumers any form of credit at all. (*Id.* ¶ 88.) The Department of Education even warns consumers not to fall prey the deceptive practices of companies like UDS. (*Id.* ¶¶ 32, 89.) Regardless, UDS used the personal information in Plaintiff's consumer report that it obtained from Lend Tech (and originally from Experian) to target him. (Compl., Ex. A.) The mailer prominently featured Plaintiff's total federal student loan debt, statements indicating that he may be eligible for consolidation of his federal student loans, and various other misleading statements. (*Id.*)

On June 21, 2019, Plaintiff filed his Class Action Complaint challenging Lend Tech's unlawful practices. (Dkt. 1.) Plaintiff attempted service at three different addresses—including both of Lend Tech's purported business addresses as well as Lend Tech's president's home address. (*See* Dkt. 31.) Thereafter, Plaintiff moved the Court for an Order permitting service upon Lend Tech via the California Secretary of State. (*Id.*) On September 12, 2019, the Court issued its Order permitting Lend Tech to be served via the Secretary of State. (Dkt. 43.) On September 16, 2019, Plaintiff delivered a copy of the complaint, summons, and all other initiating documents to the California Secretary of State—thus, service was deemed complete upon Lend Tech on September 26, 2019. (Dkt. 45.) Lend Tech's deadline to answer or respond was October 17, 2019. (*Id.*)

On December 16, 2019, having received no response to the Complaint, Plaintiff filed his Request for Entry of Default pursuant to Rule 55(a). (Dkt. 54.)

1   Plaintiff mailed a copy of the Request for Entry of Default to Lend Tech at both of
2   its purported business addresses. (Dkt. 54-3.) The clerk entered default on
3   December 17, 2019. (Dkt. 57.)
4          Based on these facts, the Court should enter default judgment in favor of
5   Plaintiff Abbink and against Lend Tech.

6   **III.   ARGUMENT**

7          The Court should enter default judgment in Plaintiff's favor based on the
8   well-pleaded allegations. Plaintiff has complied with the procedural requires
9   imposed by L.R. 55, and each of the *Eitel* factors weighs in Plaintiff's favor. As
10  such, and as explained further below, default judgment is warranted here.

11         **A.     The Court Has Jurisdiction Over Both The Defendant As Well As**
12                  **The Subject Matter of this Case.**

13         "When entry of judgment is sought against a party who has failed to plead or
14  otherwise defend, a district court has an affirmative duty to look into its jurisdiction
15  over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir.
16  1999). Courts clearly possess personal jurisdiction over resident corporations that
17  are either incorporated in the forum state or who maintain their principal place of
18  business there. *See Anthony California, Inc. v. Fire Power Co., Ltd.*, Case No.
19  EDCV 15–876 JGB (SPx), 2015 WL 12866272, at *3 (C.D. Cal. Dec. 3, 2015)
20  (citation omitted) ("The "paradigm bases for general jurisdiction" for a corporation
21  are its place of incorporation and principal place of business."). Further, federal
22  district courts possess subject matter jurisdiction over claims that arise under the
23  FCRA pursuant to 28 U.S.C. § 1331. *See Arndt v. Capital One Bank USA, N.A.*, ED
24  CV 17-1036 FMO (JPRx), 2017 WL 3834722, at *2 (C.D. Cal. Aug. 31, 2017)
25  ("[T]he complaint asserted claims under the FDCPA and FCRA . . . and thus the
26  court had federal question jurisdiction over those claims.).

27
28

1      Applied here, Lend Tech is a California corporation with its principal place

2  of business in Santa Ana, California. Nothing more is needed to establish personal

3  jurisdiction. Further, given that Plaintiff alleges violations of the FCRA, this Court

4  properly possesses subject matter jurisdiction over the FCRA claims asserted

5  against Lend Tech. Accordingly, the Court has jurisdiction over both the subject

6  matter and the parties.

7      **B.      Plaintiff Has Complied With The Procedural Requirements For**

8           **Entry Of Default Judgment Against Lend Tech.**

9      Prior to entering default judgment, Plaintiff must satisfy the procedural

10 requirements imposed by Fed. R. Civ. P. 55 and L.R. 55-1. *See PepsiCo, Inc. v.*

11 *California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Fed. R. Civ.

12 P. 55(a) requires that the Court Clerk properly enter default against the defendant.

13 *See id.* at 1175; *see also* Fed. R. Civ. P. 55(a). Additionally, a plaintiff seeking

14 default judgment must also comply with L.R. 55-1, which requires plaintiff to

15 submit an affidavit including the following information: (1) when and against what

16 party the default was entered; (2) the identification of the pleading to which default

17 was entered; (3) whether the defaulting party is an infant or incompetent person,

18 and if so, whether that person is represented by a general guardian, committee,

19 conservator or other representative; (4) that the Servicemembers Civil Relief Act

20 (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the

21 defaulting party, if required by Fed. R. Civ. P. 55(b)(2). *See* L.R. 55-1.

22     In this case, Plaintiff has complied with the procedural prerequisites to

23 default judgment. The Court Clerk properly entered default against Lend Tech on

24 December 17, 2019. (*See* Declaration of Taylor T. Smith ("Smith Decl."), ¶ 7; *see*

25 *also* Dkt. 57.) Lend Tech was properly served and failed to respond to Plaintiff's

26 Complaint. (Smith Decl. ¶¶ 4-5.) Consequently, Plaintiff seeks entry of default

27

28

Notice of Motion and Motion for Default Judgment Against Lend Tech Loans, Inc.

- 5 -

judgment with respect to the claims asserted within his Complaint. (*Id.* ¶ 8.) Further, Lend Tech is a corporation incorporated and existing under the laws of the State of California. As such, the defaulting party is neither an infant nor an incompetent person. (*Id.* ¶ 9.) Further, the Servicemembers Civil Relief Act is not implicated. (*Id.* ¶ 10.) Finally, Plaintiff will serve Lend Tech with a copy of his application for default judgment by U.S. Mail. (*Id.* ¶ 12.)

Accordingly, Plaintiff has complied with the procedural requirements of default judgment, and the Court may properly enter default judgment against Lend Tech.

**C.   An Examination Of The *Eitel* Factors Favors The Entry of Default.**

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial* Group, 559 F.2d 557, 560 (9th Cir. 1977). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted).

When exercising discretion as to the entry of default judgment, the Ninth Circuit requires the Court to analyze the following *Eitel* Factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As explained below, each of these factors weighs in favor of granting this motion for default judgment.

**1.   Plaintiff would suffer substantial prejudice absent a default.**

The first *Eitel* factor examines whether Plaintiff would suffer prejudice

1    absent entry of default judgment. *Vogel v. Rite Aid Corp.* 992 F.Supp.2d 998, 1007
2    (C.D. Cal. 2014). Courts typically find sufficient prejudice when plaintiffs are left
3    with no other recourse against the defendant. *See id.* ("Absent entry of a default
4    judgment, Vogel will most likely be without recourse against Knight"); *see also*
5    *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal.
6    2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered
7    because Plaintiffs would be denied the right to judicial resolution of the claims
8    presented, and would be without other recourse for recovery."); *see also 5960*
9    *Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM (PJWx),
10   2015 WL 12696201, *5 (C.D. Cal. Oct. 15, 2015) ("Because defendants have not
11   responded to plaintiff's complaint or properly appeared, plaintiffs may be left
12   without recourse against defendants if default judgment were not entered in its
13   favor.").

14          Here, absent an entry for default judgment, Plaintiff will face substantial
15   prejudice. That is, Abbink would be left without any recourse for the invasions of
16   privacy that he has suffered. Moreover, Plaintiff's consumer report has already been
17   sold to at least one other company and has likely been sold to others. In short, the
18   prospect of prejudice against Plaintiff weighs heavily in favor of granting Plaintiff's
19   motion for default judgment.

20                  **2.      Default Judgment is warranted here because the well-**
21                           **pleaded allegations of Plaintiff's Complaint establish that**
22                           **Lend Tech violated the FCRA.**

23          "The second and third *Eitel* factors 'require that a plaintiff state a claim on
24   which [it] may recover.'" *Vogel*, 992 F.Supp.2d at 1007. Put simply, these factors
25   argue in favor of default when plaintiff has stated a claim for relief consistent with
26   the Rule 8 pleading standards. *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*,

27

28

725 F.Supp.2d 916, 920 (C.D. Cal. 2010); *see also* PepsiCo, Inc., 238 F.Supp.2d at 1175. Plaintiff seeks recovery for two violations of the FCRA, which are addressed separately below.

>    (a)    **Plaintiff sufficiently alleges that Lend Tech willfully**
>    **violated the FCRA by obtaining his consumer report**
>    **absent any permissible purpose.**

The FCRA generally makes it unlawful for any person to obtain a consumer report for any purpose unless "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f), *et seq.*; s*ee also* Nayab v. Capital One Bank (USA), N.A., 942 F.3d 480, 495 (9th Cir. 2019). Additionally, to trigger statutory damages, a plaintiff must establish that a defendant's violation was willful. 15 U.S.C. § 1681n(a), *et seq.* Therefore, to state a prima facie case for a violation of Section 1681b(f), a plaintiff must allege that the defendant: (1) obtained a consumer report from a consumer reporting agency, (2) absent any permissible purpose, and (3) that defendant's violation was willful. *See* Myers v. Bennett Law Offices, 238 F.Supp.2d 1196, 1201 (D. Nev. 2002). However, "[a] plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." Nayab, 942 F.3d at 493. A plaintiff is not required to allege that actual improper use. *Id.* ("[Plaintiff] did not have the burden of pleading Capital One's actual unauthorized purpose").

Here, Plaintiff sufficiently alleges that Lend Tech violated the FCRA by obtaining his consumer report absent any permissible purpose. That is, Plaintiff alleged that Lend Tech procured his consumer report on January 21, 2019. (Compl. ¶ 74.) Plaintiff further alleged that Lend Tech did not possess any permissible purpose for obtaining his report. (*Id.* ¶ 75.) Moreover, Plaintiff pleaded that he has

no relationship with Lend Tech, has never conducted any business with Lend Tech, and never provided his authorization to obtain the report. (*Id.* ¶ 50.) Further, despite claiming that it was intending to offer Plaintiff a firm offer of credit, Lend Tech has never provided any firm offer of credit to Plaintiff. (*Id.* ¶¶ 28, 75.) Thus, Plaintiff has sufficiently alleged facts giving rise to a reasonable inference that Lend Tech obtained his report in violation of Section 1681b(f). Moreover, while not required to allege the "actual improper use" of his report, Plaintiff did so anyway. That is, Plaintiff also alleged that Lend Tech violated the FCRA by later reselling his consumer report to UDS. (*Id.* ¶¶ 76-81.) In short, Lend Tech claimed to obtain Plaintiff's consumers report for one purpose and then immediately resold his report for a blatantly improper purpose—further illustration of a willful violation of its duties under the Act. Therefore, Plaintiff is entitled to default judgment with respect to his Section 1681b(f) claim.

### (b)   Plaintiff sufficiently alleges that Lend Tech resold his consumer report to UDS in violation of the FCRA.

Plaintiff also sufficiently alleges a violation of Section 1681e(e) of the FCRA, which specifically "applies to resellers of [consumer] reports." *See Myers, 238 F.Supp.2d at 1201*. Section 1681e(e) makes it unlawful to "procure a consumer report for purposes of reselling the report (or any information in the report) unless the person discloses to the consumer reporting agency": (1) "the identity of the end-user of the report (or information);" and (2) "each permissible purpose under section 1681b of this title for which the report is furnished[.]" *15 U.S.C. § 1681e(e)(1)*. Further, resellers of consumer reports have an obligation to determine the end user of the consumer report, the purpose for which the report will be used, and make a reasonable effort to verify both. *See Kausch v. Wilmore, No. SACV 07–817 AG (MLGx), 2009 WL 481346, at *3 (C.D. Cal. 2009)* ("[Defendant] was

1    obligated, under the statute, to determine the end user of [plaintiff's] credit report

2    and the purpose of the request for [plaintiff's] credit report. [defendant] was further

3    obligated to make "reasonable efforts" to verify Master PI's representations

4    regarding the end user of the credit report and the purpose for the request."); *see*

5    *also* 15 U.S.C. § 1681e(e)(2), *et seq.*

6           Here, Plaintiff alleges a clear-cut violation of Section 1681e(e). Plaintiff

7    alleges that Lend Tech obtained Plaintiff's consumer report and later resold the

8    report to UDS. (Compl. ¶¶ 74, 77.) Further, Plaintiff alleged that UDS did not

9    possess any permissible purpose to obtain his consumer report. (*Id.* ¶¶ 77, 94.)

10   Moreover, Plaintiff explicitly alleged UDS's actual purpose—soliciting Plaintiff to

11   purchase its document preparation services. (*Id.* ¶ 91.) Plaintiff also pleaded that

12   UDS, itself, admitted that it is not a financial institution, bank, or lender and does

13   not underwrite loans. (*Id.* ¶ 79, 88.) Thus, it is clear that UDS had no permissible

14   purpose for obtaining Plaintiff's consumer report. Further, Plaintiff alleged that

15   Lend Tech: (1) failed to implement reasonable procedures to ensure that consumer

16   reports were only sold or conveyed for a permissible purpose, (2) failed to identify

17   the end user(s) of the reports, and (3) failed to conduct a reasonable search to ensure

18   that end users, such as UDS, had a permissible purpose. (*Id.* ¶¶ 76, 80.) Taken

19   together, it is clear that Lend Tech had no reason to believe that UDS had any

20   permissible purpose to obtain the report. Regardless, the allegations make clear that

21   Lend Tech failed to conduct any sort of investigation to ensure that a permissible

22   purpose existed. As such, the well-pleaded allegations establish a willful violation

23   of Section 1681e(e) of the FCRA.

24                    **3.      The sum of money at stake is reasonable.**

25          For the fourth *Eitel* factor, "the court must consider the amount of money at

26   stake in the relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc.*

27

28

---

Notice of Motion and Motion for Default Judgment Against Lend Tech Loans, Inc.

- 10 -

238 F.Supp.2d at 1176. Ordinarily, a "plaintiff seeking default judgment is 'required to prove all damages sought in the complaint.'" *Medici Textile, Inc. v. Mystique Apparel Group Inc.*, Case No. CV 18-8428 FMO (MAAx), 2019 WL 3099679, *3 (C.D. Cal. Apr. 8, 2019)*. However, where a plaintiff seeks "to recover statutory damages, actual damages need not be proven." *Id.* And the court "has wide discretion in determining the amount of statutory damages to be awarded[.]'" *Id.*

Under the FCRA, the Court may award statutory damages ranging between $100 to $1,000 per violation as well as costs and attorneys' fees. *See* 15 U.S.C. § 1681n(a). Further, in the context of default judgments, courts have found the FCRA's maximum statutory damages ($1,000 per violation) to be reasonable. *See Ebueng v. Credit One Bank, N.A.*, Case No. EDCV-17-01991-MWF (ASx), 2018 WL 6010355, at *4 (C.D. Cal. Feb. 20, 2018) (awarding $1,000 in default damages for a violation of the FCRA along with costs and attorneys' fees); *see also Zaby v. Perfection Collection, LLC*, Case No. 2:19-cv-00539-RFB-DJA, 2019 WL 5067184, *2 (D. Nev. Oct. 9, 2019) (awarding $1,000 in default damages for a FCRA violation along with costs and attorneys' fees).

Here, Plaintiff seeks damages in the sum of $2,000 (or $1,000 for each of Lend Tech's violation). Again, Plaintiff has established two willful violations of the FCRA. First, Plaintiff's well-pleaded allegations establish that Lend Tech willfully violated the FCRA by procuring Plaintiff's consumer report absent any permissible purpose. Second, the allegations establish that Lend Tech willfully violated the FCRA when it then resold Plaintiff's consumer report to UDS absent any permissible purpose. Accordingly, Plaintiff seeks the maximum statutory damages for each violation of the FCRA, or $2,000. Additionally, pursuant to L.R. 55-3, Plaintiff also requests attorneys' fees in the sum of $400. Given Lend Tech's brazen

violations of the Act, the sum of damages is reasonable. This factor also argues in favor of approval.

### 4.   Lend Tech failed to appear, as such, no dispute concerning material facts exists.

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Courts repeatedly find that no genuine dispute of material facts exist when a defendant fails to appear and answer. *See id.* ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. . . . Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion."); *see also Landstar Ranger, Inc.*, 725 F. Supp. 2d at 922 ("Since Landstar has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."); *Elektra Entertainment Group Inc*, 226 F.R.D. at 393 ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Here, Lend Tech has refused to appear, answer, or otherwise respond. As such, all factual allegations are taken as true except those relating to damages. Moreover, as explained above, Plaintiff's well pleaded allegations sufficiently state a claim for relief for a violation of the FCRA. And Lend Tech's refusal to appear and challenge the allegations leaves no possibility of a genuine issue of material fact to consider. As such, this factor argues in favor of default.

### 5.   Lend Tech's default was not the result of excusable neglect.

The sixth *Eitel* factor "considers whether a defendant's default may have resulted from excusable neglect." *Vogel*, 992 F.Supp.2d at 1013. This factor

militates in favor of approval when a defendant is served and refuses to appear. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F.Supp.2d 1072, 1082 (C.D. Cal 2012) ("This factor favors default judgment when the defendant has been properly served or the Plaintiff demonstrates that the defendant is aware of the lawsuit."); *see also Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021, at *3 (C.D. Cal. Jan. 15, 2016) ("There is no indication that Defendants' failure to answer is due to excusable neglect. Both have been served and neither have answered."); *see also Joe Hand Prod., Inc. v. Behari*, No. 2:12–cv–1522 KJM AC, 2013 WL 1129311, at *5 (E.D. Cal. Mar. 18, 2013) ("Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant has not appeared in this action to date. Thus, the record suggests that defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect.").

Here, Lend Tech was timely served with a copy of the summons and complaint. (*See* Dkt. 45.) Moreover, Plaintiff also made a multitude of attempts to serve Lend Tech—including multiple attempts at both Lend Tech's claimed current address and its prior business address. (*See* Dkt. 31.) Additionally, Plaintiff's counsel located the home address for Lend Tech's president and attempted service there as well. (*See id.*) Furthermore, Plaintiff also served notice of the request for default upon Lend Tech. (*See* Dkt. 54-3.) In short, Lend Tech was properly served, had ample notice of this lawsuit, and chose not to respond. As such, Lend Tech's failure to respond is not the product of excusable neglect.

### 6. Lend Tech's refusal to appear or respond renders a decision on the merits effectively impossible.

Finally, the seventh *Eitel* factor requires the Court to consider the strong preference for deciding cases on the merits. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference,

standing alone, is not dispositive.'" *Id.* (citation omitted). Moreover, courts repeated find that a defendant's refusal to appear "makes a decision on the merits impractical, if not impossible." *Id.*; *see also Design Collection, Inc. v. Unlimited Avenues, Inc.*, Case No. CV 18-2481 FMO (JCx), 2019 WL 988679, at *4 (C.D. Cal. Jan. 18, 2019) (same); *see also WecoSign, Inc. v. IFG Holdings, Inc.*, 845 F.Supp.2d 1072, 1083 (C.D. Cal. 2012) ("where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate.")

In this case, Lend Tech was timely served and failed to respond. Moreover, Lend Tech's refusal to appear and respond renders a decision on the merits essentially impossible. Consequently, Plaintiff now seeks a default judgment. And this factor also weighs in favor of default.

## IV.  CONCLUSION

Lend Tech had ample notice of this lawsuit and chose not to defend itself against the well-pleaded allegations. Therefore, Plaintiff respectfully requests that the Court enter default judgment in his favor and award such additional relief as it deems necessary, reasonable, and just.

Respectfully submitted,

Dated: January 13, 2020

**Bryce Abbink**, individually and on behalf of all others similarly situated,

By:    */s/ Taylor T. Smith*
       One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067

1

Telephone: (310) 550-5221
Facsimile: (310) 496-2840

2

Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com

3

**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300

4

Denver, Colorado 80210
Telephone: (720) 213-0675

5

Facsimile: (303) 927-0809

6

Attorneys for Plaintiff and the Classes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion for Default Judgment Against Lend Tech Loans, Inc.

- 15 -

1

**CERTIFICATE OF SERVICE**

2       The undersigned hereby certifies that a true and correct copy of the above

3   titled document was served upon counsel of record by filing such papers via the

4   Court's ECF system on January 13, 2020.

5                                                       */s/ Taylor T. Smith*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion for Default Judgment Against Lend Tech Loans, Inc.

- 16 -