**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80120
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff* Bryce Abbink
and the alleged Classes

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.,** an Ohio corporation, **Lend Tech Loans, Inc.,** a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>                    Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST UNIFIED DOCUMENT SERVICES, LLC**<br><br>Date: February 10, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint Filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

**PLEASE TAKE NOTICE** that on Monday, February 10, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, counsel for Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") shall appear before the Honorable John F. Walter or any judge sitting in his stead in Courtroom 7A of the United States District Court for the Central District of California, United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012 and present Plaintiff's Motion for Default Judgment Against

1  Unified Document Services, LLC. This Motion is based on this Notice and Motion,

2  the Memorandum in Support of the Motion, oral argument of counsel, and any other

3  matter that may be submitted at the hearing.

4       The undersigned further states that compliance with Local Rule 7-3 is not

5  feasible because Unified Document Services, LLC has not yet appeared in this

6  litigation.

7

8                                         Respectfully submitted,

9  Dated: January 13, 2020               **Bryce Abbink**, individually and on behalf of
                                          all others similarly situated,
10

11                              By:    _/s/ Taylor T. Smith_____

12                                     One of Plaintiff's Attorneys

13                                     Aaron D. Aftergood (239853)
                                       aaron@aftergoodesq.com
14                                     **THE AFTERGOOD LAW FIRM**
                                       1880 Century Park East, Suite 200
15                                     Los Angeles, CA 90067
                                       Telephone: (310) 550-5221
16                                     Facsimile: (310) 496-2840

17                                     Taylor T. Smith (*admitted pro hac vice*)
                                       tsmith@woodrowpeluso.com
18                                     **WOODROW & PELUSO, LLC**
                                       3900 East Mexico Avenue, Suite 300
19                                     Denver, Colorado 80210
                                       Telephone: (720) 213-0675
20                                     Facsimile: (303) 927-0809

21                                     Attorneys for Plaintiff and the Classes

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................iv

I. INTRODUCTION ...................................................................1

II. LEGAL, FACTUAL, AND PROCEDURAL BACKGROUND...................2

III. ARGUMENT..........................................................................3

    A. The Court Has Jurisdiction Over Both The Defendant As Well As The Subject Matter Of This Case. ...............................................4

    B. Plaintiff Has Complied With The Procedural Requirements For Entry Of Default Judgment Against UDS. ......................................4

    C. An Examination of The *Eitel* Factors Favors The Entry Of Default..........................................................................6

        1. Plaintiff would suffer substantial prejudice absent a default......6

        2. Default Judgment is warranted here because the well-pleaded allegations of Plaintiff's Complaint establish that UDS violated the FCRA. ............................................................7

        3. The sum of money at stake is reasonable. ...................9

        4. UDS failed to appear, as such, no dispute concerning material facts exists............................................................10

        5. UDS's default was not the result of excusable neglect. ..........10

        6. UDS's refusal to appear or respond renders a decision on the merits effectively impossible....................................11

IV. CONCLUSION ...................................................................12

# TABLE OF AUTHORITIES

*Arndt v. Capital One Bank USA, N.A.*, ED CV 17-1036 FMO (JPRx), 2017 WL
    3834722 (C.D. Cal. Aug. 31, 2017) ....................................................... 4

*Design Collection, Inc. v. Unlimited Avenues, Inc.*, Case No. CV 18-2481 FMO
    (JCx), 2019 WL 988679 (C.D. Cal. Jan. 18, 2019) ............................ 11

*DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847 (9th Cir. 2007) .................................. 6

*Ebueng v. Credit One Bank, N.A.*, Case No. EDCV-17-01991-MWF (ASx), 2018
    WL 6010355 (C.D. Cal. Feb. 20, 2018) ............................................... 9

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) ...................................................... 6

*Elektra Entertainment Group, Inc. v. Crawford*,
    226 F.R.D. 388 (C.D. Cal. 2005) ................................................... 6, 10

*Geddes v. United Financial* Group, 559 F.2d 557 (9th Cir. 1977) ......................... 6

*Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021 (C.D.
    Cal. Jan. 15, 2016) .............................................................................. 11

*In re Tuli*, 172 F.3d 707 (9th Cir. 1999) ................................................................... 4

*Joe Hand Prod., Inc. v. Behari*, No. 2:12–cv–1522 KJM AC, 2013 WL 1129311
    (E.D. Cal. Mar. 18, 2013) ................................................................... 11

*KCI Newport, Inc. v. Smoke Tokes, LLC*, CV 15-07694 RSWL (PJWx), 2016 WL
    2885859 (C.D. Cal. May 17, 2016) ...................................................... 4

*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916 (C.D. Cal.
    2010) ................................................................................................ 7, 10

*Medici Textile, Inc. v. Mystique Apparel Group Inc.*, Case No. CV 18-8428 FMO
    (MAAx), 2019 WL 3099679 (C.D. Cal. Apr. 8, 2019) ....................... 9

*Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196 (D. Nev. 2002) ...................... 8

*Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019).............. 7, 8

*PepsiCo, Inc. v. California Security Cans*,

238 F.Supp.2d 1172 (C.D. Cal. 2002) ...........................................*passim*

*Vogel v. Rite Aid Corp.* 992 F.Supp.2d 998 (C.D. Cal. 2014)........................6, 7, 10

*Wecosign, Inc. v. IFG Holdings, Inc.*,

845 F.Supp.2d 1072 (C.D. Cal 2012) ...........................................11, 12

*Zaby v. Perfection Collection, LLC*, Case No. 2:19-cv-00539-RFB-DJA, 2019 WL

5067184 (D. Nev. Oct. 9, 2019)...........................................................9

*5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM

(PJWx), 2015 WL 12696201 (C.D. Cal. Oct. 15, 2015) .....................6

**STATUTES, RULES, SECONDARY SOURCES**

15 U.S.C. § 1681b, *et seq.* ...............................................................1, 7, 8

15 U.S.C. § 1681n, *et seq.* ..................................................................8, 9

Fed. R. Civ. P. 55..........................................................................5

Local Rule 55-1...........................................................................5

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

# I.    INTRODUCTION

3          Plaintiff Bryce Abbink ("Abbink" or "Plaintiff") filed this action to put an

4    end to Defendant Unified Document Services, LLC's ("UDS" or "Defendant")

5    violations of the Fair Credit Reporting Act ("FCRA" or "Act"), 15 U.S.C. § 1681b,

6    *et seq.*—specifically, its practice of obtaining consumer reports absent any

7    permissible purpose. Plaintiff filed his Complaint on June 21, 2019 and obtained

8    service on UDS on September 26, 2019. To date, UDS has not appeared, answered,

9    or responded to the Complaint in any fashion.

10          As a result of its failure to respond, this Court should enter default

11   judgment against UDS. The Complaint contains well-pleaded allegations that detail

12   a willful violation of the FCRA on the part of UDS. The facts are straightforward:

13   UDS unlawfully obtained Plaintiff's consumer report from Defendant Lend Tech

14   Loans, Inc. ("Lend Tech"). At no time did UDS possess any permissible purpose

15   for obtaining Plaintiff's consumer report. Regardless, UDS utilized the report to

16   solicit, via direct mailing, Plaintiff to purchase its quasi-fraudulent document

17   preparation services. As such, UDS willfully violated the FCRA by obtaining the

18   consumer reports absent a permissible purpose.

19          Further, default judgment is warranted here because each of the Ninth

20   Circuit's *Eitel* factors weighs in favor of default. First, absent a default judgment

21   Plaintiff would suffer substantial prejudice because he would lack any effective

22   remedy. Second, Plaintiff's well-pleaded allegations demonstrate a straightforward

23   violation of the FCRA. Third, the sum of money at stake is reasonable given that

24   Plaintiff seeks statutory damages. Fourth, no dispute of material facts exists because

25   UDS has failed to answer or otherwise respond. Fifth, UDS received ample notice

26   of this lawsuit and its default was not the product of excusable neglect. Sixth, a

27

28

1  decision on the merits, while favored, is simply not possible given UDS's refusal to

2  participate in the litigation.

3      In short, the Court should enter default judgment against UDS and in favor

4  of Plaintiff.

5  ## II.    LEGAL, FACTUAL, AND PROCEDURAL BACKGROUND

6      UDS is a limited liability company organized and existing under the laws of

7  the State of California. (Compl. ¶ 18.) UDS engages in document preparation

8  services for consumers who seek student loan debt consolidation or forgiveness. (*Id.*

9  ¶ 25.) For a substantial fee, UDS offers to complete documents on behalf of

10  consumers to consolidate their federal student loans—paperwork that can be easily

11  completed for free via the Dept. of Education. (*Id.* ¶ 32.) To be clear, UDS does not

12  offer consumers any form of credit at all. (*Id.* ¶ 88.) The Department of Education

13  even warns consumers not to fall prey to the deceptive practices of companies like

14  UDS. (*Id.* ¶¶ 32, 89.) To effectuate this questionable business practices, UDS

15  obtained consumer reports from Lend Tech, which were originally obtained from

16  Defendant Experian Information Solutions, Inc. ("Experian"). (*Id.* ¶ 90.)

17      Shortly after January 21, 2019, UDS obtained Plaintiff's consumer report

18  from Lend Tech. (*Id.* ¶¶ 31, 90.) Plaintiff has never had any relationship with UDS,

19  has never conducted business with UDS, and has never provided his authorization

20  to UDS to obtain his consumer report. (*Id.* ¶ 86.) Moreover, UDS is not a financial

21  institution, bank or lender and does not underwrite loans. (*Id.* ¶¶ 79, 88.) In short, at

22  no time did UDS ever possess a permissible purpose for obtaining Plaintiff's

23  consumer report. (*Id.* ¶¶ 87, 90, 94.)

24      Instead, UDS obtained Plaintiff's consumer report and used this information

25  to target, via direct mailing, Plaintiff for the purpose of soliciting him to purchase

26  its "fee-based application assistance" service. (*Id.* ¶ 32.) The mailing prominently

27

28

featured Plaintiff's total federal student loan debt, statements indicating that he may be eligible for consolidation of his federal student loans, and various other misleading statements. (Compl. ¶ 93, Ex. A.) Plaintiff's federal student loan debt was obtained directly from his consumer report. (*Id.* ¶ 32, Ex. A.)

On June 21, 2019, Plaintiff filed his Class Action Complaint challenging UDS's unlawful practices. (Dkt. 1.) Plaintiff attempted service upon UDS on four separate occasions. (*See* Dkt. 32.) On each occasion, employees of UDS stated that its registered agent, Micah Katz, was not in the office. (*Id.*) Thereafter, Plaintiff moved the Court for an Order permitting service upon UDS via the California Secretary of State. (*Id.*) On September 12, 2019, the Court issued its Order permitting UDS to be served via the Secretary of State. (Dkt. 43.) On September 16, 2019, Plaintiff delivered a copy of the complaint, summons, and all other initiating documents to the California Secretary of State—thus, service was deemed complete upon UDS on September 26, 2019. (Dkt. 45.) UDS's deadline to answer or respond was October 17, 2019. (*Id.*)

On December 16, 2019, having received no response to the Complaint, Plaintiff filed his Request for Entry of Default pursuant to Rule 55(a). (Dkt. 55.) Plaintiff mailed a copy of the Request for Entry of Default to UDS at its stated business addresses. (Dkt. 55-3.) The clerk entered default on December 17, 2019. (Dkt. 58.)

Based on these facts, the Court should enter default judgment in favor of Plaintiff Abbink and against UDS.

## III.   ARGUMENT

The Court should enter default judgment in Plaintiff's favor based on the well-pleaded allegations. Plaintiff has complied with the procedural requires imposed by L.R. 55, and each of the *Eitel* factors weighs in Plaintiff's favor. As

such, and as explained further below, default judgment is warranted here.

A.     **The Court Has Jurisdiction Over Both The Defendant As Well As The Subject Matter Of This Case.**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Courts clearly possess personal jurisdiction over resident limited liability companies that maintain their principal place of business within the district. *See KCI Newport, Inc. v. Smoke Tokes, LLC*, CV 15-07694 RSWL (PJWx), 2016 WL 2885859, *4 (C.D. Cal. May 17, 2016) ("Defendant Westside Trading is a California limited liability company with its principal place of business in Los Angeles, California. This Court thus finds it has general personal jurisdiction over Defendants."). Further, federal district courts possess subject matter jurisdiction over claims that arise under the FCRA pursuant to 28 U.S.C. § 1331. *See Arndt v. Capital One Bank USA, N.A.*, ED CV 17-1036 FMO (JPRx), 2017 WL 3834722, at *2 (C.D. Cal. Aug. 31, 2017) ("[T]he complaint asserted claims under the FDCPA and FCRA . . . and thus the court had federal question jurisdiction over those claims.").

In the present case, UDS is a California limited liability company with its principal place of business in Santa Ana, California. Nothing more is needed to establish personal jurisdiction. Further, given that Plaintiff alleges a violation of the FCRA, this Court properly possesses subject matter jurisdiction over the FCRA claim asserted against UDS. Accordingly, the Court has jurisdiction over both the subject matter and the parties.

B.     **Plaintiff Has Complied With The Procedural Requirements For Entry Of Default Judgment Against UDS.**

Prior to entering default judgment, Plaintiff must satisfy the procedural requirements imposed by Fed. R. Civ. P. 55 and L.R. 55-1. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Fed. R. Civ. P. 55(a) requires that the Court Clerk properly enter default against the defendant. *See id.* at 1175; *see also* Fed. R. Civ. P. 55(a). Additionally, a plaintiff seeking default judgment must also comply with L.R. 55-1, which requires plaintiff to submit an affidavit including the following information: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2). *See* L.R. 55-1.

In this case, Plaintiff has complied with the procedural prerequisites to default judgment. The Court Clerk properly entered default against UDS on December 17, 2019. (*See* Declaration of Taylor T. Smith ("Smith Decl."), ¶ 7; *see also* Dkt. 58.) UDS was properly served and failed to respond to Plaintiff's Complaint. (Smith Decl. ¶¶ 4-5.) Consequently, Plaintiff seeks entry of default judgment with respect to the claims asserted within his Complaint. (*Id.* ¶ 8.) Further, UDS is a limited liability company organized and existing under the laws of the State of California. As such, the defaulting party is neither an infant nor an incompetent person. (*Id.* ¶ 9.) Further, the Servicemembers Civil Relief Act is not implicated. (*Id.* ¶ 10.) Finally, Plaintiff will serve UDS with a copy of his application for default judgment by U.S. Mail. (*Id.* ¶ 12.)

Accordingly, Plaintiff has complied with the procedural requirements of default judgment, and the Court may properly enter default judgment against UDS.

**C.     An Examination of The *Eitel* Factors Favors The Entry Of Default.**

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial* Group, 559 F.2d 557, 560 (9th Cir. 1977). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted).

When exercising discretion as to the entry of default judgment, the Ninth Circuit requires the Court to analyze the following *Eitel* Factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As explained below, each of these factors weighs in favor of granting this motion for default judgment.

**1.     Plaintiff would suffer substantial prejudice absent a default.**

The first *Eitel* factor examines whether Plaintiff would suffer prejudice absent entry of default judgment. *Vogel v. Rite Aid Corp.* 992 F.Supp.2d 998, 1007 (C.D. Cal. 2014). Courts typically find sufficient prejudice when plaintiffs are left with no other recourse against the defendant. *See id.* ("Absent entry of a default judgment, Vogel will most likely be without recourse against Knight"); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."); *see also 5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM (PJWx),

1    2015 WL 12696201, at *5 (C.D. Cal. Oct. 15, 2015) ("Because defendants have not
2    responded to plaintiff's complaint or properly appeared, plaintiffs may be left
3    without recourse against defendants if default judgment were not entered in its
4    favor.").

5        Here, absent an entry for default judgment, Plaintiff will face substantial
6    prejudice. That is, Abbink would be left without any recourse for the invasion of
7    privacy that he has suffered. Further, UDS is likely still in possession of Plaintiff's
8    consumer report information, which could be impermissible used or sold again.
9    Consequently, the prospect of prejudice against Plaintiff weighs heavily in favor of
10   granting Plaintiff's motion for default judgment.

11              **2.    Default Judgment is warranted here because the well-**
12                      **pleaded allegations of Plaintiff's Complaint establish that**
13                      **UDS violated the FCRA.**

14       "The second and third *Eitel* factors 'require that a plaintiff state a claim on
15   which [it] may recover.'" *Vogel*, 992 F.Supp.2d at 1007. Put simply, these factors
16   argue in favor of default when plaintiff has stated a claim for relief consistent with
17   the Rule 8 pleading standards. *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*,
18   725 F.Supp.2d 916, 920 (C.D. Cal. 2010); *see also PepsiCo, Inc.*, 238 F.Supp.2d at
19   1175. Plaintiff seeks default judgment with respect to his fourth cause of action.[1]

20       The FCRA generally makes it unlawful for any person to obtain a consumer
21   report for any purpose unless "the consumer report is obtained for a purpose for
22   which the consumer report is authorized to be furnished under this section." 15
23   U.S.C. § 1681b(f), *et seq.*; s*ee also Nayab v. Capital One Bank (USA), N.A.*, 942
24   F.3d 480, 495 (9th Cir. 2019). Additionally, to trigger statutory damages, a plaintiff

25   ──────────────────────
26   [1] Plaintiff is abandoning his fifth cause of action because Section 1681m does not
     provide a private right of action. *See Phillips v. New Century Financial Corp.*, No.
27   SACV05-0692DOC(RNBX), 2005 WL 3828735, at *4 (C.D. Cal. Nov. 9, 2005).
28

must establish that a defendant's violation was willful. 15 U.S.C. § 1681n(a), *et seq.* Therefore, to state a prima facie case for a violation of Section 1681b(f), a plaintiff must allege that the defendant: (1) obtained a consumer report, (2) absent any permissible purpose, and (3) that defendant's violation was willful. *See Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1201 (D. Nev. 2002); *see also* 15 U.S.C. § 1681b(f), *et seq.* However, "[a] plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." *Nayab*, 942 F.3d at 493. A plaintiff is not required to allege that actual improper use. *Id.* ("[Plaintiff] did not have the burden of pleading Capital One's actual unauthorized purpose").

Here, Plaintiff's factual allegations demonstrate that UDS violated the FCRA by obtaining his consumer report absent any permissible purpose. Plaintiff pleaded that UDS obtained his consumer report for the express purpose of soliciting him to purchase its document preparation services. (Compl. ¶¶ 87, 90, 91.) That is, Plaintiff alleged that UDS used his consumer report to solicit him, via direct mailing, to purchase its fee-based document preparation services. (Compl. ¶ 91.) Plaintiff received UDS's mailer that prominently featured his student loan debt in an attempt to offer credence for its questionable business practices. (*Id.*, Ex. A.) This is not a permissible purpose under the FCRA. Plaintiff further pleaded that UDS admits, via its own website, that it is not a financial institution, bank or lender and it does not underwrite loans. (*Id.* ¶ 88.) Moreover, Plaintiff alleged that he doesn't have a relationship with UDS, has never conducted business with UDS, and never authorized UDS to obtain his report. (*Id.* ¶ 86.) Collectively, these allegations sufficiently state a claim for a willful violation of Section 1681b(f). Therefore, Plaintiff is entitled to default judgment against UDS with respect to his fourth cause of action.

### 3.   The sum of money at stake is reasonable.

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in the relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc., 238 F.Supp.2d at 1176*. Ordinarily, a "plaintiff seeking default judgment is 'required to prove all damages sought in the complaint.'" *Medici Textile, Inc. v. Mystique Apparel Group Inc., Case No. CV 18-8428 FMO (MAAx), 2019 WL 3099679, *3 (C.D. Cal. Apr. 8, 2019)*. However, where a plaintiff seeks "to recover statutory damages, actual damages need not be proven." *Id.* And the court "has wide discretion in determining the amount of statutory damages to be awarded[.]'" *Id.*

Under the FCRA, the Court may award statutory damages ranging between $100 to $1,000 per violation as well as costs and attorneys' fees. *See* 15 U.S.C. § 1681n(a). Further, in the context of default judgments, courts have found the FCRA's maximum statutory damages ($1,000 per violation) to be reasonable. *See Ebueng v. Credit One Bank, N.A., Case No. EDCV-17-01991-MWF (ASx), 2018 WL 6010355, at *4 (C.D. Cal. Feb. 20, 2018)* (awarding $1,000 in default damages for a violation of the FCRA along with costs and attorneys' fees); *see also Zaby v. Perfection Collection, LLC, Case No. 2:19-cv-00539-RFB-DJA, 2019 WL 5067184, *2 (D. Nev. Oct. 9, 2019)* (awarding $1,000 in default damages for a FCRA violation along with costs and attorneys' fees).

Here, Plaintiff seeks damages in the sum of $1,000. Again, Plaintiff's well-pleaded allegations establish that UDS willfully violated the FCRA by procuring Plaintiff's consumer report absent any permissible purpose. Consequently, Plaintiff seeks the maximum statutory damages for UDS's violation of the FCRA, or $1,000. Additionally, pursuant to L.R. 55-3, Plaintiff requests $300 in attorneys' fees. Given UDS's blatant violation of the Act, the sum of damages is reasonable, and

this factor also argues in favor of approval.

### 4.    UDS failed to appear, as such, no dispute concerning material facts exists.

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Courts repeatedly find that no genuine dispute of material facts exists when a defendant fails to appear and answer. *See id.* ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. . . . Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion."); *see also Landstar Ranger, Inc.*, 725 F. Supp. 2d at 922 ("Since Landstar has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."); *Elektra Entertainment Group Inc.*, 226 F.R.D. at 393 ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Here, UDS has failed to appear, answer, or otherwise respond. As such, all factual allegations are taken as true except those relating to damages. Moreover, as explained above, Plaintiff's well-pleaded allegations sufficiently state a claim for relief for a violation of the FCRA. And UDS's refusal to appear and challenge the allegations leaves no possibility of a genuine issue of material fact to consider. As such, this factor argues in favor of default.

### 5.    UDS's default was not the result of excusable neglect.

The sixth *Eitel* factor "considers whether a defendant's default may have resulted from excusable neglect." *Vogel*, 992 F.Supp.2d at 1013. This factor militates in favor of approval when a defendant is served and refuses to appear. *See*

*Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F.Supp.2d 1072, 1082 (C.D. Cal 2012) ("This factor favors default judgment when the defendant has been properly served or the Plaintiff demonstrates that the defendant is aware of the lawsuit."); *see also Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021, at *3 (C.D. Cal. Jan. 15, 2016) ("There is no indication that Defendants' failure to answer is due to excusable neglect. Both have been served and neither have answered."); *see also Joe Hand Prod., Inc. v. Behari*, No. 2:12–cv–1522 KJM AC, 2013 WL 1129311, at *5 (E.D. Cal. Mar. 18, 2013) ("Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant has not appeared in this action to date. Thus, the record suggests that defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect.").

UDS was timely served with a copy of the summons and complaint. (*See* Dkt. 45.) Plaintiff also made multiple attempts to serve UDS at its place of business. (*See* Dkt. 32.) Furthermore, Plaintiff served notice of the request for default upon UDS. (*See* Dkt. 55-3.) Taken together, it is clear that UDS had ample notice of this lawsuit and voluntarily chose not to defend itself. Therefore, UDS's failure to respond is not the product of excusable neglect.

### 6.   UDS's refusal to appear or respond renders a decision on the merits effectively impossible.

Finally, the seventh *Eitel* factor requires the Court to consider the strong preference for deciding cases on the merits. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *Id.* (citation omitted). Moreover, courts repeated find that a defendant's refusal to appear "makes a decision on the merits impractical, if not impossible." *Id.*; *see also Design Collection, Inc. v. Unlimited Avenues, Inc.*, Case No. CV 18-2481 FMO (JCx), 2019 WL 988679, at *4 (C.D.

Cal. Jan. 18, 2019) (same); *see also WecoSign, Inc.*, 845 F.Supp.2d at 1083 ("where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate.").

Here, UDS was timely served and failed to respond. Moreover, UDS's refusal to appear and respond renders a decision on the merits essentially impossible. Consequently, Plaintiff now seeks a default judgment. And this factor also weighs in favor of default.

## IV.   CONCLUSION

UDS was properly served with the Complaint and Summons and simply chose to ignore this lawsuit and refused to defend itself against the well-pleaded allegations. Therefore, Plaintiff respectfully requests that the Court enter default judgment in his favor and award such additional relief as it deems necessary, reasonable, and just.

Respectfully submitted,

Dated: January 13, 2020                    **Bryce Abbink**, individually and on behalf of all others similarly situated,

By:    ___/s/ Taylor T. Smith_____
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210

Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

1

**CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that a true and correct copy of the above

3  titled document was served upon counsel of record by filing such papers via the

4  Court's ECF system on January 13, 2020.

5                                          */s/ Taylor T. Smith*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28