Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.,** an Ohio corporation, **Lend Tech Loans, Inc.,** a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>Defendants. | Case No.  8:19-cv-01257-JFW-PJWx<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS**<br><br>Date: February 3, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint Filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

1

# TABLE OF CONTENTS

2

TABLE OF AUTHORITIES ..................................................................................iii

3

I.     Introduction ...........................................................................................1

4

II.    Argument................................................................................................2

5

       A.     Plaintiff's Motion Is Properly Tailored To A Single Issue That

6

              Was Improperly Raised In Experian's Reply In Support Of Its

7

              Motion To Dismiss................................................................................2

8

       B.     The Court's Denial Of Leave To Amend Was Committed In Clear

9

              Error. ....................................................................................................4

10

              1.     *Pintos* plainly held that Consumer Reporting Agencies can

11

                     be found liable under Section 1681e for its subscriber's

12

                     violations of the FCRA. .........................................................5

13

              2.     Plaintiff's new allegations establish that Experian either

14

                     knew or should have known that Lend Tech possessed no

15

                     permissible purpose for obtaining Plaintiff's report...........7

16

       C.     The Court Should Not Award Attorneys' Fees And Costs. ...........9

17

III.   Conclusion ..........................................................................................12

18

19

20

21

22

23

24

25

26

27

28

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- ii -

1

# TABLE OF AUTHORITIES

2  *Black v. Del Webb Communities, Inc.*, No. CV 05-8743 SJO (JWJx), 2007 WL
3          9752092 (C.D. Cal. Mar. 27, 2007) .......................................................9
4  *Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al*., Case
5          No. 8:20-cv-00043 (C.D. Cal. 2020) ..................................................1
6  *Colonial Life and Accident Insurance Company v. Stentorians-L.A. County Black*
7          *Fire Fighters*, 2:13-cv-9235-CAS-FFMx, 2014 WL 12629695 (C.D.
8          Cal. Mar. 27, 2014) ..............................................................10
9  *Figueroa v. Gates*, No. CV00–4158ABC(BQRX), 2002 WL 31572968 (C.D. Cal.
10         Nov. 15, 2002).....................................................................11
11 *Gonzalez v. Planned Parenthood of Los Angeles*, Case No. CV 05-08818 BRO
12         (FMOx), 2015 WL 12659936 (C.D. Cal. Feb. 4, 2015) ....................10
13 *Medversant Technologies, L.L.C. v. Morrisey Associates, Inc.*,
14         Case No. CV 09-05031 MMM (FFMx), 2011 WL 13124039
15         (C.D. Cal. Mar. 11, 2011) ....................................................9
16 *Moreland v. CoreLogic SafeRent LLC*, Case No. SACV 13-470 AG (ANx), 2014
17         WL 12783274 (C.D. Cal. May 12, 2014) ............................................6
18 *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) .........................5, 6
19 *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644 (9th Cir.
20         1997)..................................................................................10
21 *Shotkoski v. Denver Investment Group, Inc.*, 134 P.3d 513 (Colo. App. 1986)........7
22 *Skidmore Energy, Inc. v. Mediholding S.A.*, CV 05-04742 FMC (CWx), 2006 WL
23         8439243 (C.D. Cal. Jan. 5, 2006).....................................................10
24 *U.S. ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117 (C.D. Cal. 2000) .........................3

25

26 **STATUTES & RULES**

27 Fair Credit Reporting Act, 15 U.S.C. § 1681e, *et seq.* .............................................1

28

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions,
Inc.'s Motion to Dismiss
- iii -

L.R. 83-7, *et seq.* ..................................................................................................9, 11

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions,
Inc.'s Motion to Dismiss

- iv -

## I.   Introduction

Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") continues to deny that it bears any responsibility under the Fair Credit Reporting Act ("FCRA" or "Act"), 15 U.S.C. § 1681e(a), *et seq.* stemming from its sale of Plaintiff's consumer report to Defendant Lend Tech Loans, Inc.[1] ("Lend Tech"). Experian launches two primary attacks against reconsideration and then advances a baseless request for its attorneys' fees and costs. None of its arguments has merit.

First, Experian claims that Plaintiff's motion is improper because Abbink supposedly only raises the same arguments and relies on the same authorities previously raised in opposition to Experian's motion to dismiss. Experian neglects to mention that it only raised the argument that was the basis for the Court's denial of leave to amend in its reply in support of its motion to dismiss—not in its original Motion. Moreover, Experian is unable to point to anywhere that Plaintiff previously relied upon the same holdings within *Pintos* that form the basis of his motion.

Second, Experian attempts to distinguish *Pintos* from the present case by arguing that for Plaintiff to state a claim for relief under Section 1681e(a) he must likewise show that Experian violated Section 1681b. This seriously misunderstands *Pintos*. Instead, Section 1681e(a) exposes consumer reporting agencies ("CRAs") to liability when they fail to implement reasonable policies and procedures to limit their *subscribers' violations* of Section 1681b. Given that Lend Tech violated Section 1681b by obtaining Plaintiff's report absent a permissible purpose, Experian may be held liable for this violation of the Act. Nor would reconsideration

---

[1] On January 9, 2020, the Consumer Finance Protection Bureau filed an enforcement action against Lend Tech and other companies. *See Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al*., Case No. 8:20-cv-00043 (C.D. Cal. 2020). The Complaint alleges that Lend Tech is a "sham entity" that obtained more than 11 million consumer reports over less than two years and never provided anyone firm offers of credit. (*See id.* ¶¶ 65-67, 74, 79.)

prove futile—Plaintiff can allege sufficient facts that, if proven true, would demonstrate a willful violation of Section 1681e(a).

Lastly, Experian asserts—without any support—that it is somehow entitled to attorneys' fees and costs for having to defend against this motion. Experian fails to identify any bad faith on the part of Plaintiff, which is required to obtain fees and costs under L.R. 83-7. Rather, Experian merely disagrees with the substance of Plaintiff's motion. Because this is not a basis for which fees can be awarded, the Court should decline to accept Experian's request to award it fees and costs.[2]

As explained below, each of Experian's arguments lack merit. And Court should find that reconsideration is warranted here.

## II.   Argument

### A.   Plaintiff's Motion Is Properly Tailored To A Single Issue That Was Improperly Raised In Experian's Reply In Support Of Its Motion To Dismiss.

Experian first argues that Plaintiff's motion is improper because it raises "the same arguments Plaintiff made—or could have made—in opposing Experian's motion to dismiss." (Opp. at 5.) Experian claims that the arguments could have been raised because: (1) it raised the argument that a "CRA cannot be held liable for a violation of the FCRA based purely on a subscriber's violation" in its motion to dismiss (it did not); and (2) Plaintiff already relied on *Pintos* in his opposition to its motion to dismiss. (*Id.*) Experian also asserts that Plaintiff's new facts are "merely repackaged facts" that were already alleged in his complaint. (Opp. at 6.) All of this is incorrect.

---

[2] Experian's attempt to seek fees without any support is designed to harass and intimidate Plaintiff into abandoning meritorious claims. Combined with Experian's failure to follow proper procedure, Experian's request for legal fees is itself unfounded and subject to sanctions under Rule 11.

To start, Experian did not, as it claims, raise the argument that a CRA cannot be held liable for a violation of the FCRA based purely on a subscriber's violation in its motion to dismiss. Tellingly, Experian fails to directly cite where it asserted this supposed argument. Instead, Experian cites to "(ECF No. 25-1 at 6-7.)" of its motion to dismiss. A review of these pages, however, reveals nothing of the sort. Indeed, nothing in Experian's original motion put Plaintiff on notice that this was an argument that Experian intended to raise. Rather, Experian raised this argument only in its reply. (*See* Dkt. 37 at 4.) Again, this is improper. *See U.S. ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

Additionally, the mere fact that Plaintiff relied on portions of *Pintos* in its opposition to Experian's motion to dismiss does not—as Experian suggests—require Plaintiff to raise *all* potential holdings contained in that case. As previously explained, Experian never raised this argument, and it makes little sense for Plaintiff to rebut arguments that were not raised. Moreover, noticeably absent from Experian's opposition is any cite to where Plaintiff relied on the same provisions of *Pintos* that he relies on for reconsideration (he didn't). In short, Plaintiff has not repeated any arguments that he made or could have made in his prior briefing.

Finally, Experian also claims that reconsideration is improper because his new allegations of Experian's wrongdoing are repackaged facts that were already alleged. (Opp. at 6.) As explained below, Experian misstates Plaintiff's new allegations.

First, Experian contends that Plaintiff already alleged that Lend Tech did not possess a license to act as a mortgage broker in the State of Colorado. This is both incorrect and also misses the point. Here, Plaintiff will allege that Experian failed to verify that Lend Tech possessed the proper licensing in Colorado, and that this

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- 3 -

failure directly violates *its own polices and procedures*. As this Court stated in its MTD Order, "Plaintiff fails to identify a single process or procedure Experian *lacked or failed to follow*." (Dkt. 52 at 4.) Thus, Plaintiff's proposed amendment can and will address this squarely.

Second, Experian asserts that Plaintiff previously claimed that Lend Tech requested student loan information. This too misstates the allegations. It is not that Lend Tech obtained *some* student loan information. Instead, Plaintiff will allege that the *only* specific attributes that Lend Tech requested and received from Experian was information about consumer student loans—despite supposedly being a mortgage lender, Lend Tech made no request for mortgage related information. This too is different from the initial pleading.

Third, Experian's assertion that the Court already considered and rejected Plaintiff's "red flags" theory misses the mark. Plaintiff will allege additional facts regarding Experian's *procedures*—including that Experian advised Lend Tech as to how it could comply with Experian's own internal requirements and coached Lend Tech as to what would constitute a "firm offer of credit." These allegations also go directly to Experian's policies and procedures and its knowledge of Lend Tech's conduct. In short, Plaintiff goes well beyond the mere restatement of old facts.

Abbink's motion for reconsideration is properly before the Court. Plaintiff does not repeat any argument that he made, or was put on notice to have made, in opposition to Experian's motion to dismiss. Instead, Plaintiff seeks reconsideration based upon an erroneous argument that was incorrectly raised in Experian's reply.

## B. The Court's Denial Of Leave To Amend Was Committed In Clear Error.

Next, Experian argues that *Pintos* is inapplicable because supposedly "[n]othing in *Pintos* suggests that a CRA with 'reason to believe' that it was furnishing a consumer's report in accordance with § 1681b(c)(1) can nevertheless

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- 4 -

1   be held liable under the FCRA[.]" (Opp. at 9-10.) Experian then argues that
2   "Plaintiff's additional facts do not establish that Experian willfully violated its
3   obligations under Section 1681e(a)." (Opp. at 10.)

4          This is incorrect. *Pintos* found that a CRA may be held liable under Section
5   1681e for its subscriber's violation of the Act. Furthermore, Plaintiff's new
6   allegations demonstrate that Experian willfully violated the Act when it sold
7   Plaintiff's consumer report.

8          1.     ***Pintos* plainly held that Consumer Reporting Agencies can
9                 be found liable under Section 1681e for its subscriber's
10                violations of the FCRA.**

11         The Ninth Circuit in *Pintos* could not have been more clear: "A credit
12  reporting agency may be liable for its subscriber's violation when the agency fails
13  to comply with the statutory obligations imposed by 15 U.S.C. § 1681e." *Pintos v.*
14  *Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010) (citing *Guimond v.*
15  *Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Nothing in
16  *Pintos* states that a CRA's liability under Section 1681e(a) is somehow predicated
17  on its underlying violation of Section 1681b. In fact, just the opposite is true. *Pintos*
18  expressly considered the issue of whether a CRA can *also* be liable for a violation
19  of the FCRA committed by one of its subscriber. *See Id.* at 676-77 ("We next
20  consider whether Experian is also liable for any violation of the FCRA committed
21  by PCA."). Moreover, in *Pintos*, Experian expressly argued that Section 1681e(a)
22  offered the court an *alternative basis* to deny it had liability for violations of
23  Section 1681b. *See id.* at 677 (emphasis added) ("Experian argues that because 15
24  U.S.C. § 1681e immunizes it from subscribers' FCRA violations, the statute offers
25  an *alternative basis* to affirm the summary judgment with respect to its liability.").

26         Thus, Experian's assertion that *Pintos* only opined as to a CRA's liability
27  under Section 1681e when it released the report in violation Section 1681b is

28

incorrect. These are two separate claims: (1) on the one hand, a CRA may be liable under Section 1681b by releasing a report without a "reason to believe" it will be used for a permissible purpose, and (2) on the other hand, a CRA may be liable under Section 1681e(a) for its subscriber's violation when it fails to implement and follow reasonable procedures to ensure that its subscribers actually use the reports only for permissible purposes. *See Moreland v. CoreLogic SafeRent LLC*, Case No. SACV 13-470 AG (ANx), 2014 WL 12783274, at *2 (C.D. Cal. May 12, 2014) (emphasis added) ("The Court previously dismissed Plaintiff's 1681e(a) claim because Plaintiff hadn't pleaded that her report **was used for an impermissible purpose.**"). Here, Plaintiff alleges that Lend Tech obtained his report absent any permissible purpose. (Compl. ¶¶ 3, 10, 28, 71-81.) This is the Section 1681b violation upon which Experian's liability under Section 1681e(a) is plausibly premised.

Furthermore, Experian's argument is also logically untenable. To hear Experian tell it, a CRA can never violate Section 1681e(a) so long as it has a "reason to believe" that it is furnishing a report consistent with Section 1681b— which can be accomplished by obtaining a subscriber's certification (or promise to obey the law). This would effectively render Section 1681e(a) meaningless. A consumer could never state a claim under Section 1681e(a) so long as the CRA obtained a certification regardless of whether their report was used impermissibly. Yet, as explained in *Pintos*, the entire purpose of Section 1681e(a) is to require CRAs to do more than simply accept a subscriber's promise to obey the law. *See Pintos*, 605 F.3d at 677 ("Under the plain terms of § 1681e(a), a subscriber's certification cannot absolve the reporting agency of its independent obligation to verify the certification and determine that no reasonable grounds exist for suspecting impermissible use."). In short, section 1681e(a) expressly requires that CRAs ensure that subscriber's actually intend to use the reports for a permissible

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- 6 -

purpose.

Because Plaintiff alleges that Lend Tech violated Section 1681b in obtaining his report absent any permissible purpose, Plaintiff should be granted leave to amend with respect to his Section 1681e(a) claim asserted against Experian.

### 2. Plaintiff's new allegations establish that Experian either knew or should have known that Lend Tech possessed no permissible purpose for obtaining Plaintiff's report.

Experian also claims that Plaintiff's new allegations do not state a claim for a willful violation of the FCRA. (Opp. at 10-13.) This argument misunderstands Plaintiff's proposed allegations.

First, Experian takes issue with Plaintiff's proposal to limit his class to Colorado consumers, and his allegation that Experian failed to ensure that Lend Tech possessed a license to operate as a mortgage broker in Colorado. Experian incorrectly claims that Plaintiff has offered no authority to suggest that a California real estate broker must obtain a license in every state in which it arranges loans. To be clear, in Colorado, "[i]t is unlawful for any person, firm, partnership, limited liability company, association, or corporation to engage in the business or capacity of real estate broker or real estate salesperson in this state without first having obtained a license from the real estate commission." *Shotkoski v. Denver Investment Group, Inc.*, 134 P.3d 513, 515 (Colo. App. 1986). Lend Tech didn't merely fail to obtain a license: Experian's failure to ensure that it had a license violates Experian's own written policy, which required it to verify that businesses have the proper licensing for their type of business as required by state, county, and city. Rather, Experian merely verified that Lend Tech was permitted to conduct business in the State of California—no other state. Then, it permitted Lend Tech to pull consumer reports nationwide absent any confirmation they had a reason for obtaining such reports.

Second, Experian claims that Plaintiff already alleged that Lend Tech obtained student loan information and further that this information could have been used to solicit consumers for mortgage refinancing. (Opp. at 11.) As explained further above, these allegations are different. Plaintiff here alleges that the *only* specific attributes that Lend Tech requested and received were related to student loans. Lend Tech did not request information regarding consumers' home loans or any other loans. It is hard to fathom how only possessing a consumers' student loan information could enable Lend Tech to submit firm offers to refinance a home. This information is also inconsistent with Lend Tech's purported firm offer of credit mailer, which was approved by Experian. A review following its own policies would've revealed Lend Tech was misusing consumer reports.

Third, Experian claims that Plaintiff's allegations regarding its flawed review demonstrate that it was sufficiently vetting its subscribers because it permitted Lend Tech to resubmit its subscriber application, with additional documentation, after it initially was determined to be inadequate. (Opp. 11-12.) But this never happened. Experian did not deny the application and require Lend Tech to resubmit its application. Instead, Experian simply told Lend Tech what it would need to submit to meet its requirements. Experian also coached Lend Tech as to what a "firm offer of credit" needed to include so as to game Experian's own system. Experian wasn't verifying; it was advising.

Experian fails to address Plaintiff's proposed allegation that Experian granted Lend Tech unrestricted access to its iScreen Product—which is the system that allowed Lend Tech to request and receive consumer reports. This would perhaps have been less problematic had Experian verified that Lend Tech was licensed to engaged in business nationwide. However, it did not. Again, Experian conducted a review only with respect to Lend Tech's ability to conduct business in California and then permitted Lend Tech to pull reports about consumers nationwide. Also

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- 8 -

1   omitted by Experian, Plaintiff will allege that it did not conduct any follow up

2   review of Lend Tech after it approved it for the iScreen Product despite Lend Tech

3   pulling reports outside the scope of its initial review.

4        Together, these proposed allegations make clear that Experian either knew or

5   should have known that Lend Tech, a California mortgage broker and sham entity,

6   had no permissible purpose for obtaining Plaintiff's consumer report. Indeed, it

7   wasn't even lawful for Lend Tech to solicit Plaintiff in Colorado. And Experian's

8   failure to limit Lend Tech's access to consumer reports constitutes a knowing or

9   reckless disregard for its statutory duties.

10       Since Plaintiff can allege additional facts to establish that Experian willfully

11  violated Section 1681e(a), he should be granted leave to amend.

12       **C.   The Court Should Not Award Attorneys' Fees And Costs.**

13       Experian concludes its argument asserting that the Court should award it

14  attorneys' fees and costs for having to defend against this motion for

15  reconsideration. (Opp. at 13-14.) This request is baseless. Experian has not

16  identified any bad faith, Rule 11 violation, or willful disobedience of a court order

17  to justify such a request.

18       L.R. 83-7 permits "the imposition of costs and attorneys' fees to opposing

19  counsel, if the Court finds that the conduct rises to the level of bad faith and/or a

20  willful disobedience of a court order." *See* L.R. 83-7(b). The "bad faith requirement

21  sets a high threshold." *Medversant Technologies, L.L.C. v. Morrisey Associates,*

22  *Inc.*, Case No. CV 09-05031 MMM (FFMx), 2011 WL 13124039, at n.45 (C.D.

23  Cal. Mar. 11, 2011) (quoting *Mendez v. County of San Bernardino*, 540 F.3d 1109,

24  1132 (9th Cir. 2008)). "'Bad faith,' here means that the attorney knowingly or

25  recklessly pursued a frivolous claim, or engaged in litigation tactics that needlessly

26  obstructed the litigation of non-frivolous claims." *Black v. Del Webb Communities,*

27  *Inc.*, No. CV 05-8743 SJO (JWJx), 2007 WL 9752092, at *1 (C.D. Cal. Mar. 27,

28

2007). However, the Ninth Circuit has cautioned that "sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997).

Notably, even when denying improper and unmeritorious motions for reconsideration, courts routinely find requests for attorneys' fees and cost to be inappropriate. *See Skidmore Energy, Inc. v. Mediholding S.A.*, CV 05-04742 FMC (CWx), 2006 WL 8439243, at *3 (C.D. Cal. Jan. 5, 2006) ("although procedurally improper and substantively unmeritorious, Plaintiff's Motion was not frivolous. Accordingly, the request for sanctions is denied."); *see also Colonial Life and Accident Insurance Company v. Stentorians-L.A. County Black Fire Fighters*, 2:13-cv-9235-CAS-FFMx, 2014 WL 12629695, at *3 (C.D. Cal. Mar. 27, 2014) ("While the moving defendants' motion is denied for the reasons set forth above, the Court finds that plaintiff has failed to demonstrate good cause for the issuance of sanctions or the award of attorneys' fees."); *see also Gonzalez v. Planned Parenthood of Los Angeles*, Case No. CV 05-08818 BRO (FMOx), 2015 WL 12659936, at *15 (C.D. Cal. Feb. 4, 2015) ("Although Defendants violated Local Rule 7-17, the Court does not find the violation sufficiently culpable to warrant sanctions under Local Rule 83-7.").

Here, there is no basis for awarding Experian its attorneys' fees and costs. Plaintiff complied with L.R. 7-18 and did not, as Experian claims, repeat any argument that could have been raised in his opposition to its motion to dismiss. Indeed, while claiming that Plaintiff should have raised this argument in opposition, Experian is unable to point to anywhere in its motion to dismiss where it raised this argument (it didn't). Instead, Experian included this argument in its reply, which is improper. Moreover, simply stating that Plaintiff is relying on the same authority,

*Pintos*, does not equate to rehashing old arguments. Again, Plaintiff did not rely on the holding of *Pintos* that forms the basis for this motion in his opposition to the motion to dismiss.

And even if Experian could show that Plaintiff's arguments were, or could have been, raised in opposition to its motion to dismiss, that alone is not sufficient to impose attorneys' fees or costs. Experian needs to demonstrate that Plaintiff's conduct rises to the level of "bad faith." *See* L.R. 83-7. Experian's only attempt to show bad faith is that it claims it warned Plaintiff that his arguments did not comply with the rule. (Opp. at 13.) Experian's self-serving opinion that this motion does not have merit is not a sufficient basis for imposing fees and costs.

Furthermore, Experian cites only one inapposite case to support its suggestion that fees and costs are appropriate, *Figueroa v. Gates*, No. CV00–4158ABC(BQRX), 2002 WL 31572968 (C.D. Cal. Nov. 15, 2002). In *Figueroa*, the Court awarded attorneys' fees based upon "defense counsel's numerous procedural violations." *Id.* at *3. First, the defendant filed its motion six months after the motion cut off date and four months after the court had ruled on its initial motion for summary judgment. *See id.* at *1 ("Not only was the motion filed six months after the motion cut-off date, but it was also filed four months after the Court ruling at issue."). Second, the defendant failed to conduct a pre-filing conference as required by L.R. 7-3. *See id.* Third, the defendant failed to articulate the appropriate reconsideration standard and incorrectly styled the motion as a "'renewed' motion for summary judgment" instead of a motion for reconsideration. *See id.* at *3. None of these facts are present here. Plaintiff has not violated any rules, let alone repeatedly. Instead, Plaintiff appropriately filed a motion for reconsideration with respect to one, narrow issue.

Accordingly, the Court should reject Experian's meritless request for attorneys' fees and costs. It is itself so devoid of merit as to run afoul of Rule 11.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.    Conclusion

The Court should reconsider its denial of leave to amend. The denial of leave to amend contradicts the Ninth Circuit's holding in *Pintos*. And as explained above, Plaintiff can and will allege additional facts to demonstrate that Experian willfully violated Section 1681e(a). Therefore, the Court should grant Plaintiff leave to amend.

Respectfully Submitted,

**BRYCE ABBINK**, individually and on behalf of all others similarly situated,

Dated: January 17, 2020                By: */s/ Taylor T. Smith*

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: 303-927-0809

*Attorneys for Plaintiff and the Classes*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on January 17, 2020.

*/s/ Taylor T. Smith*

Reply in Support of Plaintiff's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss

- 13 -