# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.**, an Ohio corporation, **Lend Tech Loans, Inc.**, a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>Defendants. | Case No.  8:19-cv-01257-JFW-PJWx<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS**<br><br>Date: February 3, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

PROPOSED STATEMENT OF DECISION
RE: MOTION TO RECONSIDER

- 1 -

1      On June 21, 2019, Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") filed a

2   complaint against Defendant Experian Information Solutions, Inc.'s ("Defendant" or

3   "Experian"), Lend Tech Loans, Inc. ("Lend Tech"), and Unified Document Services,

4   LLC ("UDS") on behalf of himself and several alleged classes of similarly situated

5   individuals claiming that the defendants violated the Fair Credit Reporting Act

6   ("FCRA" or "Act"). On December 5, 2019, this Court entered an Order dismissing

7   all counts alleged against Experian without leave to amend. (Dkt. 52.)

8      On January 2, 2020, Plaintiff filed a Motion to Reconsider Order Granting

9   Defendant Experian Information Solutions, Inc.'s Motion to Dismiss ("Motion")

10  arguing that the Court's denial of leave to amend was committed in error. (Dkt. 61.)

11  On January 13, 2020, Experian filed its Opposition. (Dkt. 62.) On January 17, 2020,

12  Plaintiff filed a Reply. (Dkt. 65.) For the following reasons, the Court GRANTS the

13  Motion.

14  **I.     Factual and Procedural Background**

15     Experian is one of the Country's major credit bureaus, known as consumer

16  reporting agencies ("CRAs") under the FCRA. (Compl. ¶ 5.) Experian aggregates

17  the data of millions of consumers worldwide and then sells that information to

18  banks, credit card companies, and various other companies that have a permissible

19  purpose under the statute. (*Id.* ¶ 5.)

20     Lend Tech is a California corporation that claims to engage in the business of

21  mortgage lending. (Compl. ¶ 24.) Lend Tech, however, does not possess any license

22  that is registered on the National Multistate Licensing System ("NMLS"). (*Id.* ¶ 7.)

23  Moreover, Lend Tech does not offer consumers any form of credit or insurance at

24  all. (*Id.* ¶ 28.) Regardless, in or around January 2019, Lend Tech submitted a request

25  to Experian to obtain Plaintiff's consumer report. (*Id.* ¶ 26.) Lend Tech requested

26  Plaintiff's consumer report for the stated purported purpose of making a firm offer of

27  credit. (*Id.* ¶ 48.) In making the request, Lend Tech provided inaccurate information,

28

1   including a nonworking telephone number and a business address that does not

2   match the current address on its California business filing. (*Id.* ¶ 55.)

3       On January 21, 2019, Experian sold Plaintiff's consumer report to Lend Tech.

4   (Compl. ¶ 27.) In doing so, Plaintiff alleges that Experian demonstrated a failure to

5   implement reasonable procedures to prevent the furnishing of consumer reports for

6   impermissible purposes. (*Id.* ¶ 29.) Plaintiff further alleges that Experian failed to

7   make a reasonable effort to verify Lend Tech's identity or the supposed "permissible

8   purpose" that Lend Tech provided to obtain Plaintiff's consumer report. (*Id.* ¶ 29.)

9   Instead, Experian simply accepted Lend Tech's blanket assertion that it had a

10  permissible purpose for obtaining the consumer reports and sold Plaintiff's report

11  without an actual permissible purpose. (*Id.* ¶¶ 7, 29.) Experian also accepted Lend

12  Tech's stated address and telephone number, both of which are incorrect, and

13  published both pieces of information on Plaintiff's consumer report. (*Id.* ¶ 55.)

14      Plaintiff claims that Lend Tech then sold information contained in Plaintiff's

15  consumer report to UDS. (Compl. ¶ 31.) Plaintiff also alleges that UDS used this

16  information to target, via direct mailings, Plaintiff and the alleged class members for

17  the purpose of soliciting them to purchase its "fee-based application assistance"

18  service. (*Id.* ¶ 32.) For a substantial fee, UDS offers to complete documents on

19  behalf of consumers to consolidate their federal student loans—paperwork that can

20  be easily completed for free via the Dept. of Education. (*Id.* ¶ 32.) Yet, Plaintiff

21  claims, UDS does not offer consumers any form of credit at all. (*Id.* ¶ 88.) The

22  Department of Education even warns consumers not to fall prey the deceptive

23  practices of companies like UDS. (*Id.* ¶¶ 32, 89.) Regardless, UDS used the personal

24  information in Plaintiff's consumer report that it obtained from Lend Tech (and

25  originally from Experian) to target him. (Compl., Ex. A.) The mailer prominently

26  featured Plaintiff's total student loan debt, statements indicating that he may be

27  eligible for consolidation of his student loans, and other misleading statements. (*Id.*)

28

PROPOSED STATEMENT OF DECISION        - 3 -
RE: MOTION TO RECONSIDER

1    On June 21, 2019, Plaintiff filed his Class Action Complaint challenging

2 Experian's sale of Plaintiff's consumer report to Lend Tech absent any permissible

3 purpose. (Dkt. 1, Compl. ¶ 2.) On August 14, 2019, Experian filed its Motion to

4 Dismiss for failure to state a claim. (Dkt. 25.) Plaintiff filed his Response in

5 Opposition to Experian's Motion to Dismiss on August 26, 2019 (dkt. 34), and

6 Experian filed its Reply on August 30, 2019 (dkt. 37).

7    On December 5, 2019, the Court issued its Order Granting Experian's Motion

8 to Dismiss ("MTD Order"). (Dkt. 52.) Pertinent to this Motion, the Court held that

9 Plaintiff could not allege a violation of Section 1681e(a), stating that:

10    To allege a claim for a violation of Section 1681e, Section 1681e

11    requires more from a credit reporting agency than merely obtaining a

12    subscriber's general promise to obey the law." *Pintos v. Pac.*

13    *Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010). However, "a plaintiff

14    bringing a claim that a reporting agency violated the 'reasonable

15    procedures' requirement of § 1681e must first show that the reporting

16    agency released the report in violation of § 1681b." *Washington v.*

17    *CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000); *see also*

18    *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 878 (W.D.

19    Tex. 2016); *Baker v. Trans Union LLC*, 2008 WL 4838714, at *5 (D.

20    Ariz. Nov. 6, 2008). In this case, the Court has already concluded that

21    Plaintiff failed to allege any facts demonstrating that Experian

22    violated Section 1681b(c). Because Plaintiff failed to demonstrate that

23    Experian released his consumer report in violation of Section

24    1681b(c), Plaintiff cannot bring a claim based on Experian's violation

25    of the "reasonable procedures" requirement of Section 1681e.

26 (MTD Order, pg. 4.) Based on this reasoning, the Court denied Plaintiff leave to

27 amend with respect to his claim for a violation of Section 1681e, explaining that:

28

Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). "Leave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quotations and citations omitted). In this case, Plaintiff has alleged facts that affirmatively demonstrate that Experian did not violate Section 1681b(c), and, thus, it would be impossible for Plaintiff to now allege contrary facts demonstrating that Experian violated Sections 1681b(c) and 1681e. *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (affirming district court's dismissal of claim without leave to amend and holding that "[a]lthough leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading") (internal quotation omitted).

(MTD Order, pg. 6, n.2.)

## II.   Legal Standard

"Reconsideration is appropriate 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law,' or, perhaps, in some other 'highly unusual circumstances.'" *Seven Arts Pictures PLC v.*

1 *Fireworks Entertainment, Inc.*, 244 Fed.Appx. 836, 838 (9th Cir. 2007) (quoting

2 *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263

3 (9th Cir. 1993)); *see also* L.R. 7-18.

4 **III.    Discussion**

5        **A.    The Court's Denial Of Leave To Amend Was Committed In Clear**

6             **Error.**

7     "'[A] manifest error of fact or law must be one 'that is plain and indisputable,

8 and that amounts to a complete disregard of the controlling law or the credible

9 evidence in the record." *Teamsters Local 617 Pension and Welfare Funds v. Apollo*

10 *Group, Inc.*, 282 F.R.D. 216, 231 (D. Az. 2012) (citing *In re Wahlin*, 2011 WL

11 1063196, at *2 (Bankr.D.Idaho March 21, 2011)); *see also Pacific Coast Federation*

12 *of Fishermen's Ass'n Locke*, No. C 10–04790 CRB, 2011 WL 289927, at *2 (N.D.

13 Cal. Jan. 27, 2011) (citing *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682,

14 683 (Bankr.C.D.Cal.2003)) ("A decision is manifestly unjust if it contains an error

15 that 'is direct, obvious, and observable.'"). "The moving party must show more than

16 a disagreement with the court's decision; the court should not grant a motion for

17 reconsideration unless there is need to correct a clear error of law or prevent

18 manifest injustice." *Ramsey v. Arizona*, No. 05–3130–PHX–JAT, 2006 WL

19 2711490, at *1 (D. Az. Sept. 21, 2006).

20     In *Pintos*, the Ninth Circuit held that, "[a] credit reporting agency may be

21 liable for *its subscriber's violation* when the agency fails to comply with the

22 statutory obligations imposed by 15 U.S.C. § 1681e." *Pintos v. Pacific Creditors*

23 *Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010) (citing *Guimond v. Trans Union Credit*

24 *Info. Co.*, 45 F.3d 1329, 1333 (9th Cir.1995) (emphasis added). The Court in *Pintos*

25 squarely addressed whether Experian could be liable in that case for a violation of

26 Section 1681b committed by one of its subscribers, Pacific Creditors Association. *Id.*

27 at 676-677 ("We next consider whether Experian is also liable for any violation of

28

PROPOSED STATEMENT OF DECISION      - 6 -
RE: MOTION TO RECONSIDER

1  the FCRA committed by PCA."). Hence, a violation of Section 1681e can be

2  premised on a subscriber's violation of Section 1681b—the 1681b violation need not

3  have been committed by the CRA.

4         In light of *Pintos*, the Court will grant reconsideration only with respect to its

5  denial of leave to amend. The Court's denial of leave to amend was erroneously

6  based upon the conclusion that to pursue a claim under 1681e, Plaintiff must also

7  sufficiently allege that <u>Experian</u> first violated 1681b. The holding conflicts with

8  clear and controlling precedent, which states that Plaintiff must only allege a

9  violation of Section 1681b. It does not require Plaintiff to specifically allege that the

10  CRA, Experian here, violated Section 1681b. Rather, Experian's liability under

11  Section 1681e can be premised on Lend Tech's violation of Section 1681b. In his

12  Complaint, Plaintiff clearly alleged that Lend Tech violated Section 1681b(f) by

13  procuring Plaintiff's consumer report absent any permissible purpose. (Compl. ¶¶ 3,

14  10, 28, 71-81.) This is a violation for which Experian can be liable based upon its

15  failure to comply with its duties under Section 1681e(a).

16         Because this Court's MTD Order is in direct conflict with *Pintos*, the Court

17  hereby grants reconsideration with respect to its denial of leave to amend.

18         **B.      Plaintiff Has Established That He Can Allege Sufficient Facts To**

19                **State A Claim For A Willful Violation Of Section 1681e(a).**

20         "Dismissal without leave to amend is improper 'unless it is clear . . . that the

21  complaint could not be saved by any amendment.'" *Levine v. Safeguard Health*

22  *Enterprises, Inc.*, 32 Fed.Appx. 276, 277 (9th Cir. 2002) (citation omitted). Here,

23  Plaintiff has established that leave to amend will not be a futile exercise. Rather,

24  Plaintiff can allege facts to demonstrate that Experian willfully violated Section

25  1681e(a) by failing to implement reasonable procedures designed to limit the

26  furnishing of reports for impermissible uses. Those facts include the following:

27         First, Plaintiff has stated his intention to limit his proposed class to Colorado

28

PROPOSED STATEMENT OF DECISION        - 7 -
RE: MOTION TO RECONSIDER

1  consumers about whom Experian sold a consumer report to Lend Tech on January

2  21, 2019. Therefore, Plaintiff's class would likely be comprised as follows: "All

3  Persons in the Colorado (1) about whom Experian provided a consumer report; (2) to

4  Lend Tech; (3) on January 21, 2019."

5        Second, Plaintiff argues that he can allege in an amended pleading that

6  Experian failed to verify that Lend Tech possessed any license to conduct any

7  mortgage related activities in the State of Colorado and that this failure directly

8  violates Experian's own policies and procedures. Plaintiff also argues he can allege

9  that Lend Tech's designated mortgage broker(s) similarly failed to possess any

10  license whatsoever to conduct mortgage related activities in the State of Colorado. In

11  Colorado, it is unlawful to operate as a real estate broker without first obtaining a

12  license. *See* COLO. REV. STAT. § 12-10-202; *see also Shotkoski v. Denver Investment*

13  *Group, Inc.*, 134 P.3d 513, 515 (Colo. App. 1986). Additionally, Plaintiff can allege

14  that Lend Tech is not registered to conduct business in the State of Colorado.

15        Third, Plaintiff claims he can allege that Experian's policies and procedures

16  amount to a "set it and forget it" process. Specifically, Plaintiff claims he can allege

17  that Experian conducted a flawed review of Lend Tech beginning in or around June

18  2017. Plaintiff claims he can allege in an amendment that this review was limited to

19  only Lend Tech's ability to conduct business in the State of California. (Mot. to

20  Recon. at 11.) Plaintiff also claims he can allege that Experian, aware of issues and

21  red flags stemming from this review, chose instead to advise Lend Tech as to how it

22  could circumvent Experian's system so as to obtain the desired reports—advice that

23  included coaching Lend Tech as to the requirements of a firm offer of credit mailer

24  so as to pass internal muster.

25        Fourth, Plaintiff argues he can allege that following its flawed review,

26  Experian granted Lend Tech unrestricted access to its iScreen Product, which is the

27  system that allowed Lend Tech to request and receive consumer reports with

28

PROPOSED STATEMENT OF DECISION          - 8 -
RE: MOTION TO RECONSIDER

1   reckless abandon, permitting Lend Tech to access consumer reports outside its

2   review. (Mot. to Recon. at 12.)

3         Fifth, Plaintiff also claims he can allege that after Experian's initial review, it

4   never conducted any follow up review to verify that Lend Tech continued to possess

5   a permissible purpose to pull reports from its iScreen Product—regardless of the fact

6   that Lend Tech was pulling reports outside of the scope of Experian's review.

7         Sixth, Plaintiff can also allege that Lend Tech's requests for consumer reports

8   were contrary to its stated permissible purpose—mortgage lending. Here, Lend Tech

9   requested only the following attributes: (1) # of open student loans, (2) # of student

10  loans opened within 12 months, and (3) aggregate balance of student loans that was

11  higher than 25,000. None of these attributes could have enabled Lend Tech to make

12  firm offers of credit to refinance a *home loan*.

13        Taking these allegations in a light most favorable to Abbink, he could state a

14  claim against Experian for a violation of Section 1681e(a). If ultimately proven true,

15  such facts could plausibly show that Experian either knew or should have known that

16  Lend Tech was not actually making firm offers of credit to Plaintiff or the proposed

17  class. In this case, Lend Tech possessed no legal ability to even solicit Plaintiff or

18  other Colorado consumers to refinance their home loans. Because Plaintiff can allege

19  facts sufficient to state a willful violation, the Court finds that Plaintiff should be

20  granted leave to amend his complaint.

21       **C.**    **Experian's Request For Attorneys' Fees And Costs Is Denied.**

22        L.R. 83-7 permits "the imposition of costs and attorneys' fees to opposing

23  counsel, if the Court finds that the conduct rises to the level of bad faith and/or a

24  willful disobedience of a court order." *See* L.R. 83-7(b). The "bad faith requirement

25  sets a high threshold." *Medversant Technologies, L.L.C. v. Morrisey Associates, Inc.,*

26  Case No. CV 09-05031 MMM (FFMx), 2011 WL 13124039, at n.45 (C.D. Cal. Mar.

27  11, 2011) (quoting *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1132 (9th

28

1  Cir. 2008)). "'Bad faith,' here means that the attorney knowingly or recklessly

2  pursued a frivolous claim, or engaged in litigation tactics that needlessly obstructed

3  the litigation of non-frivolous claims." *Black v. Del Webb Communities, Inc.*, No.

4  CV 05-8743 SJO (JWJx), 2007 WL 9752092, at \*1 (C.D. Cal. Mar. 27, 2007).

5  However, the Ninth Circuit has cautioned that "sanctions should be reserved for the

6  'rare and exceptional case where the action is clearly frivolous, legally unreasonable

7  or without legal foundation, or brought for an improper purpose.'" *Primus*

8  *Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997).

9    In this case, there is no basis for awarding Experian its attorneys' fees and

10  costs. Plaintiff complied with L.R. 7-18 and did not repeat any argument that could

11  have been raised in his opposition to its motion to dismiss. Rather, Experian

12  improperly raised this argument in its reply in support of its motion to dismiss,

13  which is improper. Additionally, Plaintiff's reliance upon *Pintos* is separate from his

14  reliance on *Pintos* in opposition to Experian's motion to dismiss. Indeed, Experian is

15  unable to point to anywhere that Plaintiff cites to the same holding of *Pintos* that he

16  relies upon for reconsideration. Moreover, Experian has failed to articulate any bad

17  faith on the part of Plaintiff. Rather, Plaintiff sought reconsideration with respect to

18  one, limited issue.

19    Accordingly, Experian's request for attorneys' fees and costs is meritless and

20  is therefore DENIED.

21  **IV. Conclusion**

22    For the foregoing reasons, the Court GRANTS Plaintiff's Motion to

23  Reconsider this Court's Order Granting Experian's Motion to Dismiss. Plaintiff shall

24  file an amended pleading within fourteen (14) days of this Order.

25

26  Dated: _____          _____

27               Hon. John F. Walter
             U.S. Dist. Court Judge

28