# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.**, an Ohio corporation, **Lend Tech Loans, Inc.**, a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST LEND TECH LOANS, INC.**<br><br>Date: February 10, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

On June 21, 2019, Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") filed a complaint against Defendant Lend Tech Loans, Inc. ("Defendant" or Lend Tech"), Experian Information Solutions, Inc.'s ("Experian"), and Unified Document Services, LLC ("UDS") on behalf of himself and several alleged classes of similarly situated individuals claiming that the defendants violated the Fair Credit Reporting Act ("FCRA" or "Act").

On January 13, 2020, Plaintiff filed a Motion for Default Judgment Against Lend Tech. (Dkt. 63.) For the following reasons, the Court GRANTS the Motion.

## I.     Factual and Procedural Background

Lend Tech is a California corporation that claims to engage in the business of mortgage lending. (Compl. ¶¶ 18, 24.) However, Lend Tech does not offer consumers any form or credit or insurance at all. (*Id.* ¶ 28.)

Nevertheless, in or around January 2019, Lend Tech submitted a request to Experian to obtain information contained in Plaintiff's consumer report. (*Id.* ¶ 26.) In making the request, Lend Tech represented that it intended to use the report for the stated purported purpose of making a firm offer of credit. (*Id.* ¶ 48.) However, Lend Tech never possessed any permissible purpose for actually obtaining Plaintiff's consumer report. (*Id.* ¶ 49.) Further, Lend Tech has never provided Plaintiff with a firm offer of credit. (*Id.* ¶¶ 28, 50.)

Instead, Lend Tech obtained Plaintiff's consumer report and later resold his report to UDS. (*Id.* ¶ 31.) Plaintiff specifically pleaded that Lend Tech made no effort to ensure that UDS had a permissible purpose for obtaining a consumer report. (*Id.* ¶ 76.) To be clear, UDS did not possess any permissible purpose. (*Id.* ¶¶ 77-79, 87.) Instead, UDS used this information to target, via direct mailings, Plaintiff for the purpose of soliciting him to purchase its "fee-based application assistance" service. (*Id.* ¶ 32.) For a fee, UDS offers to complete documents on behalf of consumers to consolidate their federal student loans—paperwork that can be easily completed for

free via the Dept. of Education. (*Id.* ¶ 32.) However, UDS does not offer consumers any form of credit at all. (*Id.* ¶ 88.) The Department of Education even warns consumers not to fall prey to the deceptive practices of companies like UDS. (*Id.* ¶¶ 32, 89.) Regardless, UDS used the personal information in Plaintiff's consumer report that it obtained from Lend Tech (and originally from Experian) to target him. (*Id.*, Ex. A.) The mailer prominently featured Plaintiff's total federal student loan debt, statements indicating that he may be eligible for consolidation of his federal student loans, and various other misleading statements. (*Id.*)

On June 21, 2019, Plaintiff filed his Class Action Complaint challenging Lend Tech's unlawful practices. (Dkt. 1.) Plaintiff attempted service at three different addresses—including both of Lend Tech's purported business addresses as well as Lend Tech's president's home address. (*See* Dkt. 31.) Unable to serve Lend Tech at its stated address, Plaintiff moved the Court for an Order permitting service upon Lend Tech via the California Secretary of State. (*Id.*) On September 12, 2019, the Court issued its Order permitting Lend Tech to be served via the Secretary of State. (Dkt. 43.) On September 16, 2019, Plaintiff delivered a copy of the complaint, summons, and all other initiating documents to the California Secretary of State—thus, service was deemed complete upon Lend Tech on September 26, 2019 (dkt. 45), placing Lend Tech's deadline to answer or respond was October 17, 2019.

On December 16, 2019, having received no response to the Complaint, Plaintiff filed his Request for Entry of Default pursuant to Rule 55(a). (Dkt. 54.) Plaintiff mailed a copy of the Request for Entry of Default to Lend Tech at both of its purported business addresses. (Dkt. 54-3.) The clerk entered default on December 17, 2019. (Dkt. 57.)

**II.   Discussion**

    **A.   The Court Has Jurisdiction Over Both The Defendant And The Subject Matter Of This Case.**

Prior to entry of default judgment, the Court has an "affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court possesses personal jurisdiction over Lend Tech because it is a California corporation with its principal place of business located in this district. *See Anthony California, Inc. v. Fire Power Co., Ltd.*, Case No. EDCV 15–876 JGB (SPx), 2015 WL 12866272, at *3 (C.D. Cal. Dec. 3, 2015) (citation omitted) ("The "paradigm bases for general jurisdiction" for a corporation are its place of incorporation and principal place of business."). The Court also possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the claims arise under the FCRA. *See Arndt v. Capital One Bank USA, N.A.*, ED CV 17-1036 FMO (JPRx), 2017 WL 3834722, at *2 (C.D. Cal. Aug. 31, 2017) ("[T]he complaint asserted claims under the FDCPA and FCRA . . . and thus the court had federal question jurisdiction over those claims.). Accordingly, the Court properly possesses jurisdiction over both Lend Tech and the subject matter of this action.

### B. Plaintiff Has Satisfied The Procedural Requirements For Entry Of Default Judgment Against Lend Tech.

The Court is satisfied Plaintiff has complied with the procedural requirements imposed by Fed. R. Civ. P. 55 and L.R. 55-1. The Court Clerk properly entered default against Lend Tech on December 17, 2019 as required by Fed. R. Civ. P. 55(a). (*See* Declaration of Taylor T. Smith ("Smith Decl."), ¶ 7; *see also* Dkt. 57.) Lend Tech was properly served and failed to respond to Plaintiff's Complaint. (Smith Decl. ¶¶ 4-5.) Therefore, Plaintiff seeks entry of default judgment with respect to the claims asserted within his Complaint. (*Id.* ¶ 8.) Further, Lend Tech is neither an infant nor an incompetent person and the Servicemembers Civil Relief Act is not implicated. (*Id.* ¶¶ 9, 10.) Finally, Lend Tech was served with a copy of Plaintiff's application for default judgment. (*Id.* ¶ 12.) As such, the Court finds that the procedural requirements imposed by L.R. 55-1 are also satisfied.

### C. The *Eitel* Factors Support Entry of Default.

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted).

Prior to the entry of default judgment, the Court must analyze the following *Eitel* Factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471- 72 (9th Cir. 1986).

#### 1. Plaintiff would suffer substantial prejudice.

The first *Eitel* factor asks whether Plaintiff would suffer prejudice absent entry of default judgment. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1007 (C.D. Cal. 2014). Courts find sufficient prejudice when plaintiffs are left with no other recourse against the defendant. *See id.* ("Absent entry of a default judgment, Vogel will most likely be without recourse against Knight"); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."); *see also 5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM (PJWx), 2015 WL 12696201, at *5 (C.D. Cal. Oct. 15, 2015).

Here, the Court finds that absent entry of default judgment Plaintiff would face substantial prejudice. That is, Plaintiff will be leave without any recourse for the

PROPOSED STATEMENT OF DECISION   - 5 -
RE: LEND TECH DEFAULT JUDGMENT

invasions of privacy that he has suffered. The Court finds this factor favors default.

### 2. Plaintiff's Complaint establishes two violations of the FCRA.

"The second and third *Eitel* factors 'require that a plaintiff state a claim on which [it] may recover.'" *Vogel*, 992 F.Supp.2d at 1007. These factors argue in favor of default when plaintiff has stated a claim for relief consistent with the Rule 8 pleading standards. *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 920 (C.D. Cal. 2010); *see also PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). The Court will address each of Plaintiff's asserted violations separately below.

#### (a) 15 U.S.C. § 1681b(f)

The FCRA generally makes it unlawful for any person to obtain a consumer report for any purpose unless "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f), *et seq.*; *see also Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495 (9th Cir. 2019). Further, to trigger statutory damages, a plaintiff must establish that a defendant's violation was willful. 15 U.S.C. § 1681n(a), *et seq.* Thus, to state a prima facie case for a violation of Section 1681b(f), a plaintiff must allege that the defendant: (1) obtained a consumer report from a consumer reporting agency, (2) absent any permissible purpose, and (3) that defendant's violation was willful. *See Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1201 (D. Nev. 2002). However, "[a] plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." *Nayab*, 942 F.3d at 493. A plaintiff is not required to allege that actual improper use. *Id.* ("[Plaintiff] did not have the burden of pleading Capital One's actual unauthorized purpose").

Plaintiff alleges that Lend Tech violated the FCRA by obtaining his consumer report absent any permissible purpose. That is, Plaintiff alleged that Lend Tech

PROPOSED STATEMENT OF DECISION
RE: LEND TECH DEFAULT JUDGMENT      - 6 -

procured his consumer report on January 21, 2019. (Compl. ¶ 74.) Plaintiff also alleged that Lend Tech did not possess any permissible purpose for obtaining his report. (*Id.* ¶ 75.) Moreover, Plaintiff pleaded that he has no relationship with Lend Tech, has never conducted any business with Lend Tech, and never provided his authorization to obtain the report. (*Id.* ¶ 50.) Further, Plaintiff alleges that Lend Tech has never provided any firm offer of credit to Plaintiff. (*Id.* ¶¶ 28, 75.) Based on these facts, the Court finds that Plaintiff has sufficiently stated a claim for a violation of Section 1681b(f) and is entitled to default judgment with respect to that claim.

### (b)  15 U.S.C. § 1681e(e)

Plaintiff also sufficiently alleges a violation of Section 1681e(e) of the FCRA, which specifically "applies to resellers of [consumer] reports." See *Myers*, 238 F.Supp.2d at 1201. Section 1681e(e) makes it unlawful to "procure a consumer report for purposes of reselling the report (or any information in the report) unless the person discloses to the consumer reporting agency": (1) "the identity of the end-user of the report (or information);" and (2) "each permissible purpose under section 1681b of this title for which the report is furnished[.]" 15 U.S.C. § 1681e(e)(1). Further, resellers of consumer reports have an obligation to determine the end user of the consumer report, the purpose for which the report will be used, and make a reasonable effort to verify both. See *Kausch v. Wilmore*, No. SACV 07– 817 AG (MLGx), 2009 WL 481346, at *3 (C.D. Cal. 2009); *see also* 15 U.S.C. § 1681e(e)(2), *et seq*.

Here, Plaintiff alleges that Lend Tech obtained Plaintiff's consumer report and later resold the report to UDS, who did not possess any permissible purpose to obtain his report. (Compl. ¶¶ 74, 77, 94.) Plaintiff also pleaded that UDS admits that it is not a financial institution, bank, or lender and does not underwrite loans. (*Id.* ¶ 79, 88.) Moreover, Plaintiff explicitly alleged UDS's actual purpose—soliciting Plaintiff to purchase its document preparation services. (*Id.* ¶ 91.) Thus, it is clear that UDS

PROPOSED STATEMENT OF DECISION
RE: LEND TECH DEFAULT JUDGMENT        - 7 -

had no permissible purpose for obtaining Plaintiff's consumer report. Finally, Plaintiff alleged that Lend Tech failed to implement reasonable procedures to ensure that UDS possessed a permissible purpose. (*Id.* ¶¶ 76, 80.) Therefore, the Court finds that Plaintiff sufficiently stated a claim for a violation of Section 1681e(e).

### 3. The sum of money at stake is reasonable.

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in the relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc., 238 F.Supp.2d at 1176*. Ordinarily, a "plaintiff seeking default judgment is 'required to prove all damages sought in the complaint.'" *Medici Textile, Inc. v. Mystique Apparel Group Inc.*, Case No. CV 18-8428 FMO (MAAx), 2019 WL 3099679, at *3 (C.D. Cal. Apr. 8, 2019). However, where a plaintiff seeks "to recover statutory damages, actual damages need not be proven." *Id.* And the court "has wide discretion in determining the amount of statutory damages to be awarded[.]'" *Id.*

Under the FCRA, the Court may award statutory damages ranging between $100 to $1,000 per violation as well as costs and attorneys' fees. See 15 U.S.C. § 1681n(a). And Courts have found the FCRA's maximum statutory damages ($1,000 per violation) to be reasonable. See *Ebueng v. Credit One Bank, N.A.*, Case No. EDCV-17-01991-MWF (ASx), 2018 WL 6010355, at *4 (C.D. Cal. Feb. 20, 2018) (awarding $1,000 in default damages for a violation of the FCRA along with costs and attorneys' fees); *see also Zaby v. Perfection Collection, LLC*, Case No. 2:19-cv-00539-RFB-DJA, 2019 WL 5067184, *2 (D. Nev. Oct. 9, 2019) (awarding $1,000 in default damages for a FCRA violation along with costs and attorneys' fees).

Plaintiff requests the maximum statutory damages for each of Lend Tech's violations of the FCRA—or $2,000. Plaintiff also seeks attorneys' fees in the sum of $400 pursuant to L.R. 55-3. The Court finds these amounts to be reasonable.

### 4. No dispute of material facts exists.

"The fifth *Eitel* factor considers the possibility of dispute as to any material

facts in the case." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Courts find that no genuine dispute of material facts exist when a defendant fails to appear and answer. *See id.* ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. . . . Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion."); *see also Landstar Ranger, Inc.*, 725 F. Supp. 2d at 922 ("Since Landstar has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."); *Elektra Entertainment Group Inc.*, 226 F.R.D. at 393.

Lend Tech has refused to appear, answer, or otherwise respond. As such, all factual allegations are taken as true except those relating to damages. Moreover, as explained above, Plaintiff's well-pleaded allegations sufficiently allege two violations of the FCRA. Given that Lend Tech refused to appear and challenge the allegations, the Court finds that no genuine issue of material fact exists to consider.

### 5. Lend Tech's default was not the result of excusable neglect.

The sixth *Eitel* factor "considers whether a defendant's default may have resulted from excusable neglect." *Vogel*, 992 F.Supp.2d at 1013. This factor argues in favor of approval when a defendant is served and refuses to appear. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F.Supp.2d 1072, 1082 (C.D. Cal 2012) ("This factor favors default judgment when the defendant has been properly served or the Plaintiff demonstrates that the defendant is aware of the lawsuit."); *see also Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021, at *3 (C.D. Cal. Jan. 15, 2016) ("There is no indication that Defendants' failure to answer is due to excusable neglect. Both have been served and neither have answered."); *Joe Hand Prod., Inc. v. Behari*, No. 2:12–cv–1522 KJM AC, 2013 WL 1129311, at *5 (E.D. Cal. Mar. 18, 2013).

Lend Tech was timely served with a copy of the summons and complaint. (*See*

Dkt. 45.) Plaintiff also made a multitude of attempts to serve Lend Tech—including multiple attempts at both of Lend Tech's claimed business addresses and its president's home address. (*See* Dkt. 31.) Plaintiff also served notice of the request for default upon Lend Tech. (*See* Dkt. 54-3.) In short, Lend Tech was properly served, had ample notice of this lawsuit, and chose not to respond. The Court finds that Lend Tech's failure to respond was not the product of excusable neglect.

### 6. A decision on the merits is not possible.

Finally, the seventh *Eitel* factor requires the Court to consider the strong preference for deciding cases on the merits. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *Id.* (citation omitted). Moreover, courts repeatedly find that a defendant's refusal to appear "makes a decision on the merits impractical, if not impossible." *Id.*; *see also Design Collection, Inc. v. Unlimited Avenues, Inc.*, Case No. CV 18-2481 FMO (JCx), 2019 WL 988679, at *4 (C.D. Cal. Jan. 18, 2019) (same); *see also WecoSign, Inc.*, 845 F.Supp.2d at 1083.

Here, Lend Tech was timely served and failed to respond. Consequently, the Court finds that a decision on the merits is not possible. Therefore, this factor also weighs in favor of entering default judgment.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion is GRANTED. The Court enters default judgment against Lend Tech Loans, Inc. Plaintiff is awarded $2,000 in damages as well as $400 in attorneys' fees.

Date: _____

_____
Hon. John F. Walter
U.S. Dist. Court Judge