# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.**, an Ohio corporation, **Lend Tech Loans, Inc.**, a California corporation, and **Unified Document Services, LLC**, a California Limited Liability Company,<br><br>Defendants. | Case No. 8:19-cv-01257-JFW-PJWx<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST UNIFIED DOCUMENT SERVICES, LLC**<br><br>Date: February 10, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Complaint filed: June 21, 2019<br>Pretrial Conf.: June 12, 2020<br>Trial Date: June 23, 2020 |

PROPOSED STATEMENT OF DECISION RE: DEFAULT JUDGMENT AGAINST UNIFIED DOCUMENT SERVICES, LLC

- 1 -

## I. Introduction

On June 21, 2019, Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") filed a complaint against Defendant Unified Document Services, LLC ("Defendant" or "UDS"), Lend Tech Loans, Inc. ("Lend Tech"), and Experian Information Solutions, Inc.'s ("Experian") on behalf of himself and several alleged classes of similarly situated individuals claiming that the defendants violated the Fair Credit Reporting Act ("FCRA" or "Act").

On January 13, 2020, Plaintiff filed a Motion for Default Judgment Against Unified Document Services, LLC. (Dkt. 64.) For the following reasons, the Court GRANTS the Motion.

## II. Factual and Procedural Background

UDS is a limited liability company organized and existing under the laws of the State of California. (Compl. ¶ 18.) UDS engages in document preparation services for consumers who seek student loan debt consolidation or forgiveness. (*Id.* ¶ 25.) For a fee, UDS offers to complete documents on behalf of consumers to consolidate their federal student loans—paperwork that can be easily completed for free via the Dept. of Education. (*Id.* ¶ 32.) UDS does not offer consumers any form of credit at all. (*Id.* ¶ 88.) The Department of Education even warns consumers not to fall prey to the deceptive practices of companies like UDS. (*Id.* ¶¶ 32, 89.) To effectuate this questionable business practices, UDS obtained reports from Lend Tech, which were originally obtained from Experian. (*Id.* ¶ 90.)

Shortly after January 21, 2019, UDS obtained Plaintiff's consumer report from Lend Tech. (*Id.* ¶¶ 31, 90.) Plaintiff has never had any relationship with UDS, has never conducted business with UDS, and has never provided his authorization to UDS to obtain his consumer report. (*Id.* ¶ 86.) Moreover, UDS is not a financial institution, bank or lender and does not underwrite loans. (*Id.* ¶¶ 79, 88.) In short, at no time did UDS ever possess a permissible purpose for obtaining Plaintiff's

consumer report. (*Id.* ¶¶ 87, 90, 94.)

Regardless, UDS obtained Plaintiff's consumer report and used this information to target, via direct mailing, Plaintiff for the purpose of soliciting him to purchase its "fee-based application assistance" service. (*Id.* ¶ 32.) The mailing prominently featured Plaintiff's total federal student loan debt, statements indicating that he may be eligible for consolidation of his federal student loans, and various other misleading statements. (*Id.* ¶ 93, Ex. A.) Plaintiff's federal student loan debt was obtained directly from his consumer report. (*Id.* ¶ 32, Ex. A.)

On June 21, 2019, Plaintiff filed his Class Action Complaint challenging UDS's unlawful practices. (Dkt. 1.) Plaintiff attempted service upon UDS on four separate occasions. (*See* Dkt. 32.) On each occasion, employees of UDS stated that its registered agent, Micah Katz, was not in the office. (*Id.*) Thereafter, Plaintiff moved the Court for an Order permitting service upon UDS via the California Secretary of State. (*Id.*) On September 12, 2019, the Court issued its Order permitting UDS to be served via the Secretary of State. (Dkt. 43.) On September 16, 2019, Plaintiff delivered a copy of the complaint, summons, and all other initiating documents to the California Secretary of State—thus, service was deemed complete upon UDS on September 26, 2019 (dkt. 45), placing UDS's deadline to answer or respond was October 17, 2019.

On December 16, 2019, Plaintiff filed his Request for Entry of Default pursuant to Rule 55(a). (Dkt. 55.) Plaintiff mailed a copy of the Request for Entry of Default to UDS at its stated business addresses. (Dkt. 55-3.) The clerk entered default on December 17, 2019. (Dkt. 58.)

### III. Discussion

#### A. The Court Has Jurisdiction Over Both The Defendant And The Subject Matter Of This Case.

Prior to entry of default judgment, the Court has an "affirmative duty to look

PROPOSED STATEMENT OF DECISION
RE: DEFAULT JUDGMENT AGAINST
UNIFIED DOCUMENT SERVICES, LLC

- 3 -

into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court possesses personal jurisdiction over UDS because it is a California limited liability company with its principal place of business located in this district. *See KCI Newport, Inc. v. Smoke Tokes, LLC*, CV 15-07694 RSWL (PJWx), 2016 WL 2885859, *4 (C.D. Cal. May 17, 2016) ("Defendant Westside Trading is a California limited liability company with its principal place of business in Los Angeles, California. This Court thus finds it has general personal jurisdiction over Defendants."). The Court also possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the claims arise under the FCRA. *See Arndt v. Capital One Bank USA, N.A.*, ED CV 17-1036 FMO (JPRx), 2017 WL 3834722, at *2 (C.D. Cal. Aug. 31, 2017) ("[T]he complaint asserted claims under the FDCPA and FCRA . . . and thus the court had federal question jurisdiction over those claims."). Accordingly, the Court is satisfied that it possesses jurisdiction over both UDS and the subject matter of this action.

**B.     Plaintiff Has Satisfied The Procedural Requirements For Entry Of Default Judgment Against UDS.**

The Court is satisfied Plaintiff has complied with the procedural requirements imposed by Fed. R. Civ. P. 55 and L.R. 55-1. The Court Clerk properly entered default against UDS on December 17, 2019 as required by Fed. R. Civ. P. 55(a). (*See* Declaration of Taylor T. Smith ("Smith Decl."), ¶ 7; *see also* Dkt. 58.) UDS was properly served and failed to respond to Plaintiff's Complaint. (Smith Decl. ¶¶ 4-5.) Consequently, Plaintiff seeks entry of default judgment with respect to the claims asserted within his Complaint. (*Id.* ¶ 8.) Further, the defaulting party is neither an infant nor an incompetent person and the Servicemembers Civil Relief Act is not implicated. (*Id.* ¶¶ 9, 10.) Finally, Plaintiff served UDS with a copy of his application for default judgment. (*Id.* ¶ 12.) As such, the procedural requirements imposed by L.R. 55-1 are also satisfied.

### C. The *Eitel* Factors Support Entry of Default Judgment.

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted).

Prior to the entry of default judgment, the Court must analyze the following *Eitel* Factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

#### 1. Plaintiff would suffer substantial prejudice.

The first *Eitel* factor asks whether Plaintiff would suffer prejudice absent entry of default judgment. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1007 (C.D. Cal. 2014). Courts find sufficient prejudice when plaintiffs are left with no other recourse against the defendant. *See id.* ("Absent entry of a default judgment, Vogel will most likely be without recourse against Knight"); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."); *see also 5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM (PJWx), 2015 WL 12696201, *5 (C.D. Cal. Oct. 15, 2015) ("Because defendants have not responded to plaintiff's complaint or properly appeared, plaintiffs may be left without recourse against defendants if default judgment were not entered in its favor.").

PROPOSED STATEMENT OF DECISION
RE: DEFAULT JUDGMENT AGAINST
UNIFIED DOCUMENT SERVICES, LLC

- 5 -

In this case, absent an entry for default judgment, Plaintiff will face substantial prejudice. That is, Plaintiff would be left without any recourse for the invasions of privacy that he has suffered. Further, UDS is likely still in possession of Plaintiff's consumer report information, which could be impermissibly used or sold again. In short, the Court finds that this factor weighs in favor of approval.

### 2. Plaintiff's Complaint sufficiently states a claim against UDS for a violation of the FCRA.

"The second and third *Eitel* factors 'require that a plaintiff state a claim on which [it] may recover.'" *Vogel*, 992 F.Supp.2d at 1007. Together, these factors argue in favor of default when plaintiff has stated a claim for relief consistent with the Rule 8 pleading standards. See *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 920 (C.D. Cal. 2010); *see also PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Plaintiff seeks default judgment with respect to his fourth cause of action.[1]

The FCRA generally makes it unlawful for any person to obtain a consumer report for any purpose unless "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f), *et seq.*; *see also Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495 (9th Cir. 2019). Further, to trigger statutory damages, a plaintiff must establish that a defendant's violation was willful. 15 U.S.C. § 1681n(a), *et seq.* Thus, to state a prima facie case for a violation of Section 1681b(f), a plaintiff must allege that the defendant: (1) obtained a consumer report from a consumer reporting agency, (2) absent any permissible purpose, and (3) that defendant's violation was willful. See *Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1201 (D. Nev. 2002). However, "[a] plaintiff need allege only facts giving rise to a reasonable

---

[1] Plaintiff states that he is abandoning his fifth cause of action because Section 1681m does not provide a private right of action. (*See* Dkt. 64 at 7.)

PROPOSED STATEMENT OF DECISION - 6 -
RE: DEFAULT JUDGMENT AGAINST
UNIFIED DOCUMENT SERVICES, LLC

inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." *Nayab*, 942 F.3d at 493. A plaintiff is not required to allege that actual improper use. *Id.* ("[Plaintiff] did not have the burden of pleading Capital One's actual unauthorized purpose").

Plaintiff sufficiently alleges that UDS violated the FCRA by obtaining his consumer report absent any permissible purpose. Plaintiff pleaded that UDS obtained his consumer report for the express purpose of soliciting him to purchase its document preparation services. (Compl. ¶¶ 87, 90, 91.) That is, Plaintiff alleged that UDS used his consumer report to solicit him, via direct mailing, to purchase its fee-based document preparation services. (*Id.* ¶ 91.) Plaintiff received UDS's mailer that prominently featured his student loan debt in an attempt to offer credence for its questionable business practices. (*Id.*, Ex. A.) This is not a permissible purpose under the FCRA. Plaintiff further pleaded that UDS admits, via its own website, that it is not a financial institution, bank or lender and it does not underwrite loans. (*Id.* ¶ 88.) Moreover, Plaintiff alleged that he doesn't have a relationship with UDS, has never conducted business with UDS, and never authorized UDS to obtain his report. (*Id.* ¶ 86.) Taken together, the Court finds that the allegations sufficiently state a claim for a willful violation of Section 1681b(f), and Plaintiff is entitled to default judgment against UDS with respect to his fourth cause of action.

### 3. The sum of money at stake is reasonable.

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in the relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1176. Ordinarily, a "plaintiff seeking default judgment is 'required to prove all damages sought in the complaint.'" *Medici Textile, Inc. v. Mystique Apparel Group Inc.*, Case No. CV 18-8428 FMO (MAAx), 2019 WL 3099679, at *3 (C.D. Cal. Apr. 8, 2019). However, where a plaintiff seeks "to recover statutory damages, actual damages need not be proven." *Id.* And the court "has wide

PROPOSED STATEMENT OF DECISION
RE: DEFAULT JUDGMENT AGAINST
UNIFIED DOCUMENT SERVICES, LLC

- 7 -

discretion in determining the amount of statutory damages to be awarded[.]'" *Id.*

Under the FCRA, the Court may award statutory damages ranging between $100 to $1,000 per violation as well as costs and attorneys' fees. *See* 15 U.S.C. § 1681n(a). Further, courts have found the FCRA's maximum statutory damages ($1,000 per violation) to be reasonable as default damages. *See Ebueng v. Credit One Bank, N.A.*, Case No. EDCV-17-01991-MWF (ASx), 2018 WL 6010355, at *4 (C.D. Cal. Feb. 20, 2018) (awarding $1,000 in default damages for a violation of the FCRA along with costs and attorneys' fees); *see also Zaby v. Perfection Collection, LLC*, Case No. 2:19-cv-00539-RFB-DJA, 2019 WL 5067184, *2 (D. Nev. Oct. 9, 2019) (awarding $1,000 in default damages for a FCRA violation along with costs and attorneys' fees).

Plaintiff requests the maximum statutory damages of $1,000 for UDS's violation of the FCRA. Plaintiff also seeks attorneys' fees in the sum of $300 pursuant to L.R. 55-3. The Court finds these amounts to be reasonable.

### 4. No dispute of material facts exists.

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Courts generally find that no genuine dispute of material facts exist when a defendant fails to appear and answer. *See id.* ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. . . . Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion."); *see also Landstar Ranger, Inc.*, 725 F. Supp. 2d at 922 ("Since Landstar has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."); *Elektra Entertainment Group Inc.*, 226 F.R.D. at 393 ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact

exists.").

In the present case, UDS has refused to appear, answer, or otherwise respond. As such, all factual allegations are taken as true except those relating to damages. Moreover, as explained above, the Court finds that the well-pleaded allegations sufficiently state a claim for a violation of the FCRA. Given that UDS refused to appear and challenge the allegations, the Court finds that no dispute of material facts exists. The Court finds that this factor also favors approval.

### 5. Lend Tech's default was not the result of excusable neglect.

The sixth *Eitel* factor "considers whether a defendant's default may have resulted from excusable neglect." *Vogel*, 992 F.Supp.2d at 1013. This factor argues in favor of approval when a defendant is served and refuses to appear. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F.Supp.2d 1072, 1082 (C.D. Cal 2012) ("This factor favors default judgment when the defendant has been properly served or the Plaintiff demonstrates that the defendant is aware of the lawsuit."); *see also Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021, at *3 (C.D. Cal. Jan. 15, 2016) ("There is no indication that Defendants' failure to answer is due to excusable neglect. Both have been served and neither have answered."); *Joe Hand Prod., Inc. v. Behari*, No. 2:12–cv–1522 KJM AC, 2013 WL 1129311, at *5 (E.D. Cal. Mar. 18, 2013) ("Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant has not appeared in this action to date. Thus, the record suggests that defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect.").

UDS was timely served with a copy of the summons and complaint. (*See* Dkt. 45.) Plaintiff also made multiple attempts to serve UDS at its place of business. (*See* Dkt. 32.) Furthermore, Plaintiff served notice of the request for default upon UDS. (*See* Dkt. 55-3.) The Court finds that UDS had ample notice of this lawsuit and its failure to respond was not the product of excusable neglect.

PROPOSED STATEMENT OF DECISION
RE: DEFAULT JUDGMENT AGAINST
UNIFIED DOCUMENT SERVICES, LLC

- 9 -

### 6. A decision on the merits is not possible.

Finally, the seventh *Eitel* factor requires the Court to consider the strong preference for deciding cases on the merits. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *Id.* (citation omitted). Moreover, courts repeated find that a defendant's refusal to appear "makes a decision on the merits impractical, if not impossible." *Id.*; *see also Design Collection, Inc. v. Unlimited Avenues, Inc.*, Case No. CV 18-2481 FMO (JCx), 2019 WL 988679, at *4 (C.D. Cal. Jan. 18, 2019) (same); *see also WecoSign, Inc.*, 845 F.Supp.2d at 1083 ("where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate.").

Here, UDS was timely served and failed to respond. Consequently, the Court finds that a decision on the merits is not feasible. Therefore, this factor also weighs in favor of entering default judgment.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion is GRANTED. The Court enters default judgment against Unified Document Services, LLC. Plaintiff is awarded $1,000 in damages as well as $300 in attorneys' fees.

Date: _____

_____
Hon. John F. Walter
U.S. Dist. Court Judge