# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.    **SA CV 19-1257-JFW(PJWx)** | Date:  January 23, 2020 |

Title:     Bryce Abbink -v- Experian Information Solutions, Inc., et al.

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING MOTION TO RECONSIDER ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS [filed 1/2/20; Docket No. 61]

On January 2, 2020, Plaintiff Bryce Abbink ("Plaintiff") filed a Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss ("Motion").  On January 13, 2020, Defendant Experian Information Solutions, Inc. ("Defendant") filed its Opposition.  On January 17, 2020, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 3, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.     **Factual and Procedural Background**

On June 21, 2019, Plaintiff filed a Class Action Complaint against Experian, Lend Tech Loans, Inc. ("Lend Tech"), and United Document Services, LLC ("UDS"), alleging claims for: (1) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Experian; (2) violation of violation of 15 U.S.C. § 1681b(c), *et seq.*, against Experian; (3) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Lend Tech; (4) violation of 15 U.S.C. § 1681b, *et seq.*, against UDS; and (5) violation of 15 U.S.C. § 1681m, *et seq.*, against UDS.  In the Complaint, Plaintiff alleges that Experian willfully violated the Fair Credit Reporting Act ("FCRA") by furnishing his credit information to Lend Tech, a purported mortgage lender, who allegedly lacked a permissible purpose and impermissibly re-sold his federal student loan information to UDS.  Specifically, Plaintiff alleges that he received a solicitation from UDS, advertising a student loan consolidation program.  The solicitation indicated that Plaintiff had approximately $78,500 of federal student loan debt, which Plaintiff alleges Experian reported to Lend Tech on or around January 21, 2019.

Plaintiff alleges that Experian willfully violated 15 U.S.C §§ 1681b(c)(1) by furnishing his consumer report to Lend Tech because Experian should have known that Lend Tech lacked a permissible purpose based on certain "red flags."[1] For example, Plaintiff alleges that a reasonable investigation would have uncovered that Lend Tech, which held itself out as a mortgage lender, did not "possess any license to conduct any financial services or mortgage lending or originating in the State of California." *Id.*, at ¶ 53. In addition, Plaintiff alleges that Lend Tech provided Experian with a nonworking telephone number and an outdated business address. *Id.*, at ¶ 55. Plaintiff alleges that, despite these red flags, Experian accepted Lend Tech's certification of its permissible purpose "at face value." *Id.*, at ¶ 57. Plaintiff alleges that Experian violated 15 U.S.C. § 1681e(a) by "failing to implement reasonable procedures to limit the furnishing of a consumer report for a permissible purpose" and by "failing to make a reasonable effort to verify the identity of Lend Tech Loans and the supposed permissible purpose for which the information was being sought." *Id.*, at ¶ 52. In addition, Plaintiff alleges that Experian willfully violated § 1681b(c)(2) by purportedly disclosing his total federal student loan debt to Lend Tech, because such disclosure impermissibly identified his relationship to a particular creditor, the U.S. Department of Education ("USDE"). *Id.*, at ¶¶ 65-67.

On September 20, 2019, the Court granted Experian's Motion to Dismiss, and dismissed the action against Experian with prejudice.[2] Docket No. 52. In the September 20, 2019 Order, the Court concluded that Plaintiff's Complaint against Experian failed for three independent reasons: (1) "Plaintiff admit[ed] that Experian had 'reason to believe' that it was furnishing Plaintiff's consumer report in accordance with Section 1681b(c)(1)"; (2) "Plaintiff fail[ed] to identity a single process or procedure Experian lacked or failed to follow in evaluating whether Lend Tech had a permissible purpose"; and (3) Plaintiff failed to allege that Experian's conduct was willful because "Plaintiff's Complaint [was] devoid of any factual allegations concerning Experian's state of mind or its knowledge that Lend Tech was not using the prescreen reports for their intended purpose." In addition, the Court concluded that Plaintiff could not allege any facts that would cure these material defects and, thus, leave to amend was futile.

## II.     Legal Standard

Pursuant to Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7-18.

## III.    Discussion

---

[1] Plaintiff does not allege that Experian had any contacts with UDS or that Experian had any knowledge that Lend Tech resold Plaintiff's credit information to UDS.

[2] The only claims alleged against Experian in the Complaint were Counts I and II, and Counts I and II were not alleged against any of the other defendants.

In his Motion, Plaintiff seeks reconsideration of the September 20, 2019 Order. Specifically, Plaintiff seeks reconsideration of the Court's ruling granting Experian's Motion to Dismiss without leave to amend his claims based on Experian's alleged violation of Section 1681e(a) by failing to adequately verify Lend Tech's permissible purpose.[3] However, this Court will not reconsider arguments previously made by Plaintiff and rejected by this Court or arguments that Plaintiff could have made before on a motion for reconsideration. *See* Local Rule 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion"); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (affirming denial of motion for reconsideration where the plaintiff failed to raise arguments in opposing the defendants' motion for summary judgment). In this Motion, Plaintiff has merely made arguments that he previously made or could have made in his Opposition to Experian's Motion to Dismiss. For this reason alone, Plaintiff's Motion is denied.

In addition, Plaintiff's reliance on *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010), to support his argument that the Court committed clear error is misplaced. In *Pintos*, the Ninth Circuit concluded that a collection agency, PCA, did not have a permissible purpose to pull the plaintiff's consumer report after the plaintiff's car had been towed and the debt transferred to PCA because the plaintiff "did not initiate the transaction that resulted in PCA requesting her credit report" and Section 1681b(a)(3)(A) requires the consumer to initiate a transaction. *Id*. at 676. Therefore, the Ninth Circuit concluded that Experian did not have a "reason to believe" that PCA had a permissible purpose when PCA requested the plaintiff's consumer report in a transaction not initiated by the plaintiff.

However, in this case, Experian had reason to believe that Lend Tech had a permissible purpose under Section 1681b(c), which "permits a consumer reporting agency to furnish a creditor with a consumer report in connection with a credit transaction not initiated by the consumer if 'the transaction consists of a firm offer of credit.'" *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004) (*quoting* 15 U.S.C. § 1681b(c)(1)(B)(i)). Thus, because Experian furnished Plaintiff's consumer report to Lend Tech based on Lend Tech's representation that it intended to use the report for the purpose of a firm offer of credit, Experian had "reason to believe" that it was furnishing Plaintiff's consumer report in accordance with Section 1681b(c)(1).

Cases interpreting Section 1681(b) demonstrate that in order to show "that a report was 'furnished'. . . a CRA need only show that it had 'reason to believe' that the report would be used for that purpose, and obtained appropriate certifications from its customers that the report would be used only for that purpose." *See Henderson v. Corelogic Nat'l Background Data, LLC*, 161 F. Supp. 3d 389, 397 n.7 (E.D. Va. 2016) (collecting authority). In this case, unlike in *Pintos*, the purpose for which Lend Tech certified its use was permissible. Thus, because Lend Tech certified that it intended to issue firm offers of credit, Experian had reason to believe that it was furnishing the report in accordance with Section 1681b(c). Despite Plaintiff's argument to the contrary, the holding in *Pintos* does not suggest that a CRA with "reason to believe" that it was furnishing a

---

[3] Plaintiff does not challenge the portion of the Court's September 20, 2019 Order dismissing Count II, which related to Experian's alleged disclosure of Plaintiff's total student loan debt to Lend Tech, without leave to amend.

consumer's report in accordance with Section 1681b(c)(1) can nevertheless be held liable under the FCRA merely because the subscriber deceived a CRA.  In fact, the Ninth Circuit in *Pintos* expressly refused to "opine on the meaning or scope of . . . [Section] 1681b(c) or on the practice of obtaining information from credit reporting agencies to permit the extension of offers to prescreened customers."  *Pintos*, 605 F.3d at 676 n.2; *see also Baker v. TransUnion LLC*, 2010 WL 2104622 (D. Ariz. May 25, 2010) ("Stating a claim under § 1681b is a prerequisite to asserting a claim under § 1681e(a) because without a § 1681b violation, there is no basis to challenge a consumer reporting agency's preventative procedures . . . [the plaintiff] has incurably failed to state a claim against Trans Union under § 1681b.  Therefore, her § 1681e(a) claim will similarly be dismissed without leave to amend"); *Moreland v. Corelogic SafeRent LLC*, 2014 WL 12783274 (C.D. Cal. May 12, 2014) ("[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report" for an impermissible purpose under section 1681b.  If a plaintiff can't show the report was released for an improper purpose, there is no basis to challenge the consumer reporting agency's preventative procedures") (internal citations and quotations omitted).

## IV.   Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.[4]

IT IS SO ORDERED.

---

[4]  Experian's Request for attorneys' fees and costs is also **DENIED**.